**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § |
| Plaintiff, | § |
| v. | § |
| | §   Civil No.  1:21-cv-796 |
| THE STATE OF TEXAS, | § |
| | § |
| Defendant. | § |

# EXHIBIT 10

## Declaration of John Sheehan

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|                                   |     |                        |
| --------------------------------- | --- | ---------------------- |
|                                   | )   |                        |
| **UNITED STATES OF AMERICA,**     | )   |                        |
|                                   | )   |                        |
| Plaintiff                         | )   |                        |
|                                   | )   |                        |
| v.                                | )   | **Civil No. 1:21-cv-786** |
|                                   | )   |                        |
| **THE STATE OF TEXAS,**           | )   |                        |
|                                   | )   |                        |
| Defendant                         | )   |                        |
|                                   | )   |                        |

## <u>DECLARATION OF JOHN SHEEHAN</u>

I, John Sheehan, declare the following to be true and correct:

### PERSONAL BACKGROUND

1.      I currently serve as the Assistant Director for the Prisoner Operations Division (POD), United States Marshals Service (USMS).  I have been with the USMS since June of 1998.  I was initially assigned to POD as a Deputy Assistant Director in March 2017.  I later became the Acting Assistant Director for POD in February 2019; and was named the Assistant Director in January 2020.

2.      I make the following statements based on my personal knowledge and other information made available to me in the course of my official duties as Assistant Director of POD.

3.      This declaration is submitted in support of the United States' Emergency Motion for a Temporary Restraining Order or Preliminary Injunction.

## THE UNITED STATES MARSHALS SERVICE (USMS)

4.      The USMS is responsible, among numerous other duties, for detention management matters for individuals remanded into USMS custody by the Federal Courts. Detention management includes the housing, medical care, and transportation for federal pretrial detainees throughout the United States and its territories, including the State of Texas.  POD is the Headquarters level Division of the USMS which oversees that mission.

5.      The USMS does not own or operate detention facilities, but partners with state and local government agencies using intergovernmental agreements (IGAs) to house prisoners.  Additionally, the USMS houses prisoners in available Federal Bureau of Prisons facilities and in private detention facilities.  It is common for IGA and private contract facilities to transport and guard USMS prisoners when they are taken outside of the jail for medical care, in accordance with provisions in the agreement or contract.

6.      To fulfill its mission of providing adequate medical care to persons within its custody, the USMS has compiled a comprehensive Prisoner Medical Policy.  This includes Policy Directive 9.5 (attached as Exhibit A) which addresses medical care for pregnant prisoners in USMS custody.  My duties require me to be familiar with the Prisoner Medical Policy, including Policy Directive 9.5.

## USMS ABORTION POLICIES

7.      Directive 9.5 states that a USMS prisoner may elect to have an abortion consistent with state law.  *See* Policy Directive 9.5(D)(8), (F)(4)(a).

8.      In accordance with federal law, federal funds may not be utilized for an abortion unless the pregnancy is the result of rape or incest, or when the pregnancy could endanger the mother's life.  *See* Policy Directive 9.5(D)(8), (F)(4)(c).

9.      In such circumstances, the USMS District Offices must notify POD of the prisoner's request for an abortion and upload supporting documentation showing the pregnancy stemmed from an act of rape or incest, or that carrying the pregnancy to term endangers the mother's life.  *See* Policy Directive 9.5(F)(4)(d)-(e).  Medical personnel in POD review the provided documentation, and then the Office of General Counsel (OGC) reviews the documentation to ensure the requirements of federal law have been met.  *Id.* If the OGC concludes sufficient documentation exists to conclude that the pregnancy is the result of rape or incest, or would endanger the life of the mother, the USMS pays all costs of the abortion procedure, including the transportation and guard costs.  *See* Policy Directive 9.5(F)(4)(f).  USMS District Office staff are then required to "[m]ake the necessary arrangements for the prisoner to have an abortion at an appropriate medical facility at government expense."  Policy Directive 9.5(F)(4)(f)(2).

10.     In situations where federal funds may not be utilized for the abortion, the prisoner may still elect to have an abortion consistent with state law and federal law.  *See* Policy Directive 9.5(F)(5)(a).

11.     Where federal funds cannot be used to for the abortion, the USMS District Office must notify POD medical staff of the prisoner's request and include documentation confirming the pregnancy.  *See* Policy Directive 9.5(F)(5)(b)-(c).  The prisoner and her counsel are responsible for making arrangements with a provider in the community, and the prisoner must sign a written statement acknowledging her decision to

have an abortion, and that she will be responsible for the costs of the procedure. *See* Policy Directive 9.5(F)(5)(c). The prisoner may access community resources to assist with funding the abortion. Even in these cases, the USMS will provide and/or pay for the transportation and guard services to transport the prisoner to and from the location for the procedure to ensure appropriate prisoner security is maintained. *See* Policy Directive 9.5(F)(5)(d).

12.     Presently, the USMS has approximately 14,664 prisoners in Texas, and 1,545 of those prisoners are female. The medical staff in POD has reviewed data and reported to me that from January 1, 2017, to September 10, 2021, there have been 403 pregnancies reported from USMS districts in the State of Texas. During that same period, there have been three prisoner abortion requests reported from USMS districts in the State of Texas. Two of these were elective abortions, where the USMS covers only the transportation and guard costs associated with the abortion, and one federally funded abortion, where the USMS absorbed the full cost of the abortion because of risk to the life of the prisoner. The USMS facilitated all three requests in accordance with policy.

### S.B. 8 INTERFERES WITH USMS OPERATIONS IN TEXAS

13.     S.B. 8 will likely create significant logistical, safety, and resource challenges and burdens for the USMS Districts in Texas far beyond challenges in any other state at this time.

14.     S.B. 8 also impacts USMS staff's ability to make detention management and transportation decisions for inmates. For example, where a female prisoner requests an abortion beyond the time limit established in S.B. 8, the USMS will be required to temporarily move the prisoner out of state to provide the prisoner access to the procedure

if required by federal law.  The mode of transportation will depend on the individual circumstances in each case and could include ground transport; commercial air; small aircraft (SOAP flight); or possibly, in extraordinary circumstances, a medical charter flight.  USMS policy governing transportation of inmates is set out in USMS Policy Directive 16.1(D).

15.     Once the prisoner is moved out of state for the purpose of accessing the procedure, she will be housed at a local facility near the abortion provider.  Following the procedure, the prisoner will be returned to the facility where she is being temporarily housed and will remain there until such time as she is medically cleared for transportation back to her original housing facility in Texas.  Because this is the movement of an in-custody prisoner, USMS personnel will be required where IGA or private facility staff may otherwise have sufficed, which will result in additional resource and manpower demands on USMS.  IGA facilities are not typically authorized to transport prisoners out of state, so all transportation in such circumstances will require USMS personnel involvement.  S.B. 8 thus imposes a significant operational change on USMS with respect to transporting and escorting inmates.

16.     These burdens are compounded by the fact that most USMS prisoners are federal pretrial detainees, meaning that their movement must also be coordinated with the Federal Courts.

17.     It is critical to USMS's mission that all personnel follow the agency's rules and regulations to ensure the orderly and safe detention of inmates.  S.B. 8 harms that mission by creating concern and uncertainty among staff that adhering to USMS's rules and policies could expose them to civil liability and suit.

18.     Separately, S.B. 8 creates the prospect that individual USMS employees involved in facilitating, transporting, and guarding prisoners receiving abortions out of state, in the course of their ordinary USMS duties, could potentially be named as defendants in lawsuits under S.B. 8.

19.     S.B. 8 also interferes with USMS's contractors and contractual relationships.  As explained, IGA and private contract facilities in Texas provide certain transportation and escort services to USMS inmates.  While they would not be responsible for transporting inmates to facilities outside of Texas, they likely would play some role in preparing inmates housed at IGA and private facilities for transport, and in facilitating inmate access to resources in the community regarding abortion access.  S.B. 8 thus also creates the prospect of civil liability and suit for these contractors.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

John Sheehan
Assistant Director
Prisoner Operations Division
United States Marshals Service

Executed on:  ____9/14/21_____

6

# USMS Exhibit A