**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No.  1:21-cv-796 |
| THE STATE OF TEXAS, | § § | |
| Defendant. | § § | |

# EXHIBIT 13

## Declaration of Jillian Matz

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS,<br><br>Defendant. | Case No. 1:21-cv-796 |

## DECLARATION OF JILLIAN MATZ

I, JILLIAN MATZ, make the following declaration pursuant to 28 U.S.C. § 1746 to the best of my knowledge and belief.

1. I am currently the Senior Director of Job Corps Acquisition Services (JCAS), Office of the Senior Procurement Executive (OSPE), Office of the Assistant Secretary for Administration and Management (OASAM), United States Department of Labor (DOL). I have served in this position since September 2020. In my capacity as Senior Director, I am the Head of Contracting Activity for JCAS, responsible for providing executive management and oversight of contracting to support the Job Corps program, specifically Job Corps center operator contracts and construction contracts, including the award and administration of such contracts.

2. Prior to this position, from 2011 until September 2020, I served in several procurement-related leadership positions within DOL, including the Division Chief of Job Corps Procurement, and the Director of DOL's Office of Procurement Policy.

3. My testimony in this declaration is based upon my personal knowledge of the Job Corps program, Job Corps procurement actions, and of the rules and regulations governing the award and administration of Job Corps center operator contracts, and information provided to me in my official capacity. I am submitting this declaration in support of the United States' Emergency Motion for a Temporary Restraining Order or Preliminary Injunction in the above-captioned matter.

**Texas Job Corps Center Operator Contracts**

4. Job Corps is a primarily residential career and education training program authorized under Subtitle C of Title I of the Workforce Innovation and Opportunity Act (WIOA), 29 U.S.C. § 3191, et. seq. The program operates through 123 Job Corps centers nationwide.

5. There are four Job Corps centers located in the state of Texas. Each is operated by a private entity under a contract with DOL (hereinafter "Texas Job Corps Contractors"). They are:

    a. The David L. Carrasco Job Corps Center, operated by Odle Management Group and located in El Paso, Texas;

    b. The Gary Job Corps Center, operated by Adams and Associates and located in San Marcos, Texas;

    c. The Laredo Job Corps Center, operated by Strategix Management and located in Laredo, Texas; and

    d. The North Texas Job Corps Center, operated by Serrato Corporation and located in McKinney, Texas.

6. The Job Corps program's Policy and Requirements Handbook (PRH), available at https://prh.jobcorps.gov/Pages/Home.aspx, contains requirements for the operation of each Job Corps center. The requirements in the PRH are incorporated by reference into every

contract for contractor-operated centers. For instance, DOL's contract with Adams and Associates for the Gary Job Corps Center states:

> The Job Corps Policy and Requirements Handbook (hereinafter referred to as the PRH) has been developed to include all mandatory program operation and reporting requirements in one document and is hereby incorporated into this RFP and the resultant contract by reference.

DOL Contract No. 1630J4-18-C-0001, Section C.1(D), Governing Regulations, Handbook, General Provisions, Statement of Work, at 13. Similar language to the same effect is found in the contracts for the other three Texas Job Corps Contractors. *See* DOL Contract No. DOL-ETA-17-C-0022, Section C.1(D), Governing Regulations, Handbook, General Provisions, Statement of Work, at 12 (Carrasco Job Corps Center); DOL Contract No. 1605JW-21-C-0013, Section C.1(B), Governing Statute, Regulations, and Handbook, General Provisions, Statement of Work, at 15 (Laredo Job Corps Center) ("The Contractor shall comply with the PRH, which is hereby incorporated by reference in the Contract."); DOL Contract No. 1605JW-21-C-0008, Section C.1(B), Governing Statute, Regulations, and Handbook, General Provisions, Statement of Work, at 8-9 (North Texas Job Corps Center) ("The Contractor shall comply with the ePRH, which is hereby incorporated by reference in the Contract.").[1]

7. As explained in greater detail by the Declaration of Patrice Rachel Torres, Administrator of the Office of Job Corps, the PRH, and thus DOL's contracts with the Texas Job Corps Contractors, require the provision of abortion-related counseling and transportation services. *See* PRH § 2.3 R.7.

**Effects of S.B. 8 on DOL Contracts with the Texas Job Corps Contractors**

8. DOL's contracts with the Texas Job Corps Contractors require the provision of abortion-related counseling and transportation services, and so any damages imposed under S.B. 8 on

---

[1] DOL will provide copies of the referenced contracts, under seal or with appropriate redactions of confidential business information, if requested by the Court.

contractors and their staff acting within the scope of their employment would be allowable and allocable contract costs and would have to be paid by DOL, subject to procedural and other requirements for payment of costs and claims under the contracts.

9. Two of the Texas Job Corps Contractors (the Carrasco Job Corps Center and the Gary Job Corps Center) operate under cost reimbursement contracts. Federal contractors working under cost reimbursement contracts are entitled to reimbursement of costs necessary to contract performance that are "reasonable," "allocable," and "allowable." *See* 48 C.F.R. § 31.201-2(a). The cost of fines and penalties resulting from the failure of the contractor to comply with state law are allowable and thus recoverable from DOL where the fines and penalties are "incurred as a result of compliance with specific terms and conditions of the contract." 48 C.F.R. § 31.205-15(a). Thus, the operators of the Carrasco and Gary Job Corps Centers will be entitled to reimbursement of the reasonable additional costs they incur as a result of complying with the contractual terms set forth in the PRH.

10. The other two Texas Job Corps Contractors (the Laredo Job Corps Center and the North Texas Job Corps Center) operate under fixed price contracts. They can obtain equitable (upward) adjustments to the contract price, citing an unforeseen change in circumstances beyond their control and not the result of their negligence or fault, and provided notification and other requirements for such adjustments are followed, which would include costs attributable to S.B. 8. Job Corps center operators are well acquainted with the procedures for requesting equitable adjustments of their contracts to address increased prices, and with the rules entitling them to such adjustments. For example, DOL recently implemented new policies requiring unvaccinated Job Corps center staff to undergo periodic COVID testing. Two Texas Job Corps contractors – the operators of the Carrasco and Gary Job Corps

        Centers – have recently indicated to DOL that they intend to file requests to recover the increased costs associated with the Department's new COVID testing requirements.

11.    If a Texas Job Corps Contractor, in keeping with its statutory, regulatory, and contractual obligations, transports a student so that that student may obtain abortion services, any judgment levied against that contractor would be a cost that is ultimately borne by DOL.

12.    DOL will also likely incur financial costs if a contractor, intimidated by the financial penalty imposed by Texas, declines to perform its contractual and regulatory duties.  In that case, the contractor could be in breach of its contract obligations.  To ensure the Government receives the required services and the full value of its contract, DOL would obtain a new contractor who will comply with federal guidelines in the face of contrary state law.  DOL would then seek appropriate remedies from the contractor that declined to comply, in the form of damages for excess procurement costs and other administrative and programmatic impacts.  For example, these costs would include the staff time at the contracts office and the Job Corps program office spent to negotiate and issue any necessary modifications to the contracts, including market research and negotiation of prices with replacement contractors.

13.    Job Corps center contractors are contractually required to offer Job Corps enrollees transportation services so that they can obtain medical services, including abortions.  *See* PRH § 2.3(R7), (R9)(d).  Those transportation costs are allowable, reimbursable costs under DOL's contracts with the operators of the Carrasco Job Corps Center and the Gary Job Corps Center. The operators of the Laredo Job Corps and the North Texas Job Corps Centers would be entitled to an equitable adjustment in contract prices for those unforeseen, additional transportation costs, provided such costs are reasonable.  Thus, if Texas Job Corps Contractors must transport students outside of Texas in order to terminate their pregnancies after a fetal heartbeat is detected, these new and additional costs that are reasonably necessary

for contract performance will ultimately be passed through to DOL and payable by DOL under its contracts.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. EXECUTED at Washington, D.C., on this 14th day of September, 2021.

JILLIAN MATZ

Digitally signed by JILLIAN MATZ
Date: 2021.09.14 14:19:42 -04'00'

_____
JILLIAN MATZ