UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2021 SEP 15 PM 1:13
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF TEXAS, ) <br> ) <br> Defendant. ) | Civil No. 1:21-cv-796-RP |

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Massachusetts, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, Wisconsin, and the Attorney General of North Carolina Joshua H. Stein ("*Amici* States") hereby move this Court for an order granting leave to file the attached proposed brief as *amici curiae* in support of the motion for a temporary restraining order and preliminary injunction filed by Plaintiff United States of America. *Amici* States share the United States of America's compelling interest in ensuring that Texas abides by its constitutional obligation not to prohibit access to otherwise lawful and safe abortion. Indeed, the substantial reductions in abortion services in Texas caused by Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8") has already forced Texans to seek services in other States, including *Amici* States, which has in turn increasingly strained provider resources and made it more difficult for our residents to seek timely care. *Amici* States also have an important interest in ensuring the safety of residents of our States who must seek medical care

1

in Texas while present as students, workers, or visitors, and in protecting our residents who may assist individuals in obtaining abortion care in Texas from liability under the seemingly boundless "aiding or abetting" provisions of S.B. 8.

The Court has "inherent authority" to allow the participation of *amici*. *Pacheco v. Freedom Buick GMC Truck, Inc.*, No. MO-10-CV-116, 2011 WL 13234884, at * 1 (W.D. Tex. Nov. 1, 2011) (collecting cases). The proposed brief will assist the Court in resolving the pending motion for a preliminary injunction in two key respects.

First, the proposed brief discusses the serious risks that S.B. 8—and its transparent attempt to effectuate an across-the-board ban on constitutionally protected conduct and avoid judicial review—pose to our constitutional order and the rule of law. In particular, the proposed brief discusses how S.B. 8's private enforcement regime was specifically designed to effectuate an across-the-board on nearly all pre-viability abortions in direct contravention of nearly fifty years of binding Supreme Court precedent. *Roe v. Wade*, 410 U.S. 113, 163 (1973); *see also June Med. Srvs. LLC v. Russo*, 140 S. Ct. 2103, 2120 (2020) (plurality opinion); *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2300 (2016); *Gonzales v. Carhart*, 550 U.S. 124, 146 (2007); *Stenberg v. Carhart*, 530 U.S. 914, 921 (2000); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 856 (1992); *Jackson Women's Health Org. v. Dobbs*, 951 F.3d 246, 248 (5th Cir. 2020). The proposed brief also highlights why Texas should not—indeed, cannot consistent with binding precedent—be permitted to evade compliance with its constitutional obligations by deliberately cloaking its patently unconstitutional law in a private enforcement scheme specifically designed to eliminate state action for Fourteenth Amendment purposes. *Amici* States, like Texas, are state sovereigns and can provide the Court with an important perspective on why the Court should not permit States to accomplish "precisely what the Constitution

2

forbids," *Terry v. Adams*, 345 U.S. 461, 469-70 (1953), through the type of "evasive scheme" created in S.B. 8. *Cooper v. Aaron*, 358 U.S. 1, 16-17 (1958); *see also Shelley v. Kraemer*, 334 U.S. 1, 14 (1948) (state court enforcement of racially restrictive covenant in private agreement violates the Fourteenth Amendment); *Derrington v. Plummer*, 240 F.2d 922, 925-26 (5th Cir. 1956) (holding that the Fourteenth Amendment prohibits racially discriminatory conduct through the instrumentality of a lessee); *Turner v. City of Memphis*, 369 U.S. 350, 353 1962) (same).

Second, the proposed brief discusses the irreparable harms caused by S.B. 8. The proposed brief highlights the harms that are not only manifest in Texas, but also increasingly evident in *Amici* States. In particular, the proposed brief discusses how the fact that Texans now must travel out-of-state to obtain abortion care will make it too difficult, too costly, and too time-intensive for many Texans to receive such care. And even though providers in *Amici* States may be able to provide abortion care to some Texans in need of care, the influx of patients in these States—particularly in *Amici* States that are geographically proximal to Texas—have already started to negatively impact providers and in-state patients.

Pursuant to Local Rule CV-7(g), counsel for *Amici* States conferred with counsel for Plaintiff United States of America and Defendant the State of Texas, who do not oppose this Motion.

For these reasons, *Amici* States respectfully request that the Motion be granted and that it be granted leave to file the attached proposed *amicus curiae* brief.

          Respectfully submitted,

          MAURA HEALEY
          *Attorney General of Massachusetts*

          /s/ *Amanda Hainsworth*
          Elizabeth N. Dewar+
          *State Solicitor*
          Abigail B. Taylor+
          *Chief, Civil Rights Division*
          Amanda Hainsworth*
          *Assistant Attorney General*
          One Ashburton Place
          Boston, MA 02108
          Telephone: (617) 963-2618
          Fax: (617) 727-5762
          Email: amanda.hainsworth@mass.gov

          **pro hac vice* application pending
          +*pro hac vice* applications forthcoming

Dated: September 15, 2021

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule AT-4(g), I hereby certify on this 15th day of September, 2021 that counsel for the Commonwealth of Massachusetts conferred with the parties regarding the foregoing motion for leave to a brief as *amici curiae*. Counsel for Plaintiff United States of America and counsel for Defendant State of Texas do not oppose this motion.

/s/ *Amanda Hainsworth*
Amanda Hainsworth

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I emailed courtesy copies of the foregoing motion for leave to file a brief as *amici curiae*, together with the attached proposed brief, to all parties to the case, and also mailed paper copies of this motion to all parties, namely to:

| | |
|---|---|
| Lisa Newman | Will Thompson |
| Kuntal Cholera | Beth Klusmann |
| Christopher D. Dodge | Natalie Thompson |
| Cody T. Knapp | Office of the Attorney General |
| James R. Powers | P.O. Box 12548, Capitol Station |
| Joshua M. Kolsky | Austin, Texas 78711-2548 |
| Olivia Hussey Scott | will.thompson@oag.texas.gov |
| Trial Attorneys | |
| U.S. Department of Justice | |
| Civil Division, Federal Programs Branch | |
| 1100 L Street, N.W. | |
| Washington, D.C. 20005 | |
| lisa.n.newman@usdoj.gov | /s/ *Amanda Hainsworth* |
| | Amanda Hainsworth |