# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00796-RP |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S MOTION TO CONDUCT EXPEDITED DISCOVERY

The federal government's preliminary-injunction motion relies on fourteen declarations, ECF 6-4, 6-6–6-18 (declarations), citing them more than a hundred times. *See generally* ECF 6-1 (motion). The facts the declarants purport to establish are critical to the legal conclusions the federal government asserts. It is therefore critical to Texas's defense that it be able to test the reliability, credibility, source, and scope of the declarants' knowledge and to determine gaps in and unattested additions to that knowledge.

To develop that defense in advance of its September 29 response deadline and the October 1 hearing, Texas requests permission to take on an expedited basis the oral depositions of the seven declarants employed by the federal government: Alix McLearen, John Sheehan, James S. De La Cruz, Patrice Rachel Torres, Jillian Matz, Laurie Bodenheimer, and Anne Marie Costello. *See* ECF 6-12–6-18. The Court explained its intent to ensure "a full opportunity for the parties to present their positions to the Court." ECF 19 at 1. For Texas to do so, these depositions are necessary— and because of the schedule, expediting them is necessary, too.[1]

---

[1] The parties conferred regarding discovery on Thursday, September 16; Friday, September 17; and Monday, September 20. During that conference, Texas requested that the federal government produce copies of all documents referred to or relied upon by the government declarants in making their declarations. The federal government agreed to this request in principle, subject to matters such as confidentiality protections. As a

ARGUMENT

## I.    The Standard for Obtaining Expedited Discovery.

Discovery is available on an expedited basis if a party demonstrates good cause for it. *See* Fed. R. Civ. P. 26(d) (party may seek discovery before the Rule 26(f) conference if "authorized by . . . court order"); Fed. R. Civ. P. 34(d) (expedited discovery "may be ordered by the court"); *Stockade Cos., L.L.C. v. Kelly Restaurant Grp., L.L.C.*, No. 1:17-cv-143-RP, 2017 WL 2635285, at \*2 (W.D. Tex. June 19, 2019) (Pitman, J.) (applying good cause standard). The burden to demonstrate good cause lies on the party seeking the discovery, *Stockade Cos.*, 2017 WL 2635285 at \*2, and good cause itself depends on five factors:

> (1) Whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Stockade Cos.*, 2017 WL 2635285, at \*2 (quotations omitted).

At its core, the good cause standard "is akin to a broader and more flexible totality of the circumstances analysis." *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (citing *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005)). The discovery request is thus considered "'on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Id.* (emphasis in original) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)).

---

result, Texas does not seek relief regarding document production at this time. Should the federal government withhold responsive documents, Texas may seek further relief.

II.     **Each of the Five Factors Favors Expedited Discovery.**

    A.     **The pendency of the preliminary-injunction hearing favors expedited discovery.**

A preliminary-injunction motion is not just pending; it is set for hearing next Friday. *See* Fed. R. Civ. P. 26 Adv. Comm. Note (1993) (early discovery "will be appropriate in some cases, such as those involving requests for preliminary injunction"). Courts regularly allow expedited discovery for the parties to develop their cases and collect evidence in advance of such a hearing. *See, e.g.*, *Accruent, L.L.C. v. Short*, No. 1:17-cv-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (Pitman, J.); *see also Miner, Ltd. v. Anguiano*, No. 3:19-cv-00082-FM, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019). This is just such a case. Indeed, since so much of the federal government's case relies on the facts its declarants seek to establish, denying Texas the discovery it seeks will deprive it of its ability to fully defend the case.

    B.     **The narrowness of Texas's request favors expedited discovery.**

The narrowness of Texas's request—depositions of only the government declarants—favors expedited discovery. A party is ordinarily entitled to depose an opposing party's declarants, s*ee, e.g.*, *Worsham v. B.G. Prop. Mgmt., L.L.C.*, No. 4:16-cv-2712, 2020 WL 7353906, at *7 (S.D. Tex. Sept. 4, 2020); *Berthelot v. Am. Postal Workers Union, Local 185*, No. 4:10-cv-0018, 2012 WL 289869, at *2 (S.D. Tex. Jan. 31, 2012) (Atlas, J.), and Texas would ordinarily be entitled to take depositions of each of the dozen-plus of the government's declarants. But Texas is not going that far; it seeks only depositions only of the declarants who work for the federal government.

Expedited discovery is permissible if it is "reasonably necessary for the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. What is reasonably necessary for the preliminary injunction hearing, in turn, is directly proportional to the scope of the evidence offered by the movant: The more factual contentions in the preliminary-injunction motion, the more

discovery must be allowed in response. And that reasonable response is all Texas seeks—not wholesale probing into every fact that the federal government and some third party might have that might support its case, but testing the accuracy, veracity, and extent of the declarations made by the federal government's own employees to support the federal government's own motion. This is entirely common, and it is entirely reasonable. *See, e.g.*, *Red Lion Renewables, L.L.C. v. Haff*, No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019).

      **C.**      **The need to prepare for an expedited preliminary-injunction hearing favors expedited discovery.**

The purpose of the discovery—to obtain facts to build a defense for a hearing only a dozen days away—also favors permitting expedited discovery. Texas is not trying to speed up ordinary disclosure requirements, nor is it arguing that information might be withheld later. *See Stockade Cos.*, 2017 WL 2635285, at *1–2; *Valdez v. Pessco, L.L.C.*, No. 4:18-cv-094-DC-RCG, 2019 WL 7761430, at *4 (W.D. Tex. Sep. 12, 2019). Instead, it asks for expedited depositions crucial to preparing its defense for the simple reason that it must do so to prepare for the impending hearing. This is one of the quintessential reasons for expedited discovery. *See, e.g.*, *Intel Corp. v. Rais*, No. 1:19-cv-20-RP, 2019 WL 164958, at *7 (W.D. Tex. Jan. 10, 2019) (Pitman, J.) (ordering expedited discovery "to prepare for a hearing on the motion for a preliminary injunction").

And the information is necessary. The federal government cites these declarations extensively to attempt to establish the merits of its claims. *See* ECF 6-1 at 17–22. It also cross-references the information contained in those declarations to support its arguments on standing and irreparable injury. *Id.* at 28 & n.11, 33–34. It cannot now deny that its disputed factual contentions are relevant to its motion for preliminary injunction. Further, even if the Court were to find an injunction appropriate, it would need to consider facts that the federal government believes are irrelevant; its duty to tailor an injunction narrowly and specifically state the parties'

obligations would demand no less. *See Scott v. Schedler*, 826 F.3d 207, 211–212 (5th Cir. 2016) (reversing injunction that did not specify which policies party was to continue enforcing).

**D.      The limited burden on the federal government favors expedited discovery.**

The burden on the federal government—making its declarants available for deposition—is as reasonably limited as possible. That the depositions must be conducted on short notice is irrelevant; Texas controlled neither the scope nor the timing of the preliminary-injunction motion. It did not ask the federal government to make its fourteen declarants such a central part of its preliminary-injunction motion, nor did it ask that the motion be considered on an expedited basis.

As explained above, the State would be entitled to depose the federal government's declarants in the regular course of discovery. *See Worsham*, 2020 WL 7353906, at *7; *Berthelot*, 2012 WL 289869, at *2. The only reason it must do so on an expedited basis is the expedited relief the federal government has requested. A request for expedited discovery in this regard cannot possibly impose an impermissible burden; the federal government chose to take this burden upon itself. Indeed, it is common for courts to grant requests for expedited depositions in response to a request for a preliminary injunction. *See, e.g.*, *Kruse Energy & Equip. Auctioneers, L.L.C. v. Long*, No. 4:19-cv-00031-DC-RG, 2019 WL 11626268, at *4 (W.D. Tex. Feb. 19, 2019); *Miner*, 2019 WL 9633302, at *2–3.

The federal government is obligated at a minimum to bear the burden of allowing discovery into "the issues that will be relevant at the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. Texas asks the federal government for no more than that. Indeed, it asks for *less*—seven depositions instead of fourteen.

**E.      Texas has requested this discovery as far in advance as can be expected.**

Finally, the timing of Texas's request favors expedited discovery. This factor is asks whether the movant is unjustifiably trying to conduct discovery sooner than would ordinarily be

allowed. *See Legacy of Life, Inc. v. Am. Donor Serv., Inc.*, No. 5:06-cv-0802-XR, 2006 WL 8435983, at *1–2 (W.D. Tex. Oct. 10, 2006) (citing *In re Fannie Mae Deriv. Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)). In other words, it asks whether the request is "a thinly veiled attempt to circumvent the normal litigation process." *Fannie Mae*, 227 F.R.D. at 143.

Here, Texas is not attempting to circumvent the normal litigation process. On the contrary, it is the federal government that sought an accelerated schedule. Given that schedule, expedited discovery is the normal process. A typical preliminary-injunction schedule includes—indeed, often expects—expedited discovery. *See, e.g.*, *Red Lion*, 2019 WL 13026038, at *1; *Kruse Energy*, 2019 WL 11626268, at *4; *Miner*, 2019 WL 9633302, at *2–3.

## III.     Considered Together, the Factors Favor Expedited Discovery.

The five factors show that there is good cause for expedited depositions of the government declarants for "the legitimate purpose of preparing for a hearing" on the preliminary injunction motion. *Legacy of Life*, 2006 WL 8435983, at *3. Testimony from these declarants goes to the very heart of the "the issues that will be relevant at the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. If Texas cannot take these depositions on an expedited basis, it will not be able to prepare a full defense before the preliminary-injunction hearing next Friday. And the scope of this request is more than reasonable; it is foreseeable.

## CONCLUSION

Texas respectfully requests that it be allowed to take depose the seven government declarants—Alix McLearen, John Sheehan, James S. De La Cruz, Patrice Rachel Torres, Jillian Matz, Laurie Bodenheimer, and Anne Marie Costello—on an expedited basis. Specifically, the State requests that the federal government be made to make each of those persons available for oral deposition before Monday, September 27, so that the State can timely prepare its preliminary-

injunction response, due Wednesday, September 29, and its case for the preliminary-injunction hearing on Friday, October 1.

Date: September 20, 2021                     Respectfully submitted.

KEN PAXTON                                   PATRICK K. SWEETEN
Attorney General of Texas                    Deputy Attorney General for Special Litigation

BRENT WEBSTER                                WILLIAM T. THOMPSON
First Assistant Attorney General             Deputy Chief, Special Litigation Unit
                                             Tex. State Bar No. 24088531

                                             BETH KLUSMANN
                                             Assistant Solicitor General
                                             Tex. State Bar No. 24036918

                                             NATALIE D. THOMPSON
                                             Assistant Solicitor General
                                             Tex. State Bar No. 24088529

                                             ERIC A. HUDSON
                                             Senior Special Counsel
                                             Tex. State Bar No. 24059907

                                             */s/ Leif A. Olson*
                                             LEIF A. OLSON
                                             Special Counsel
                                             Tex. State Bar No. 24032801

                                             OFFICE OF THE ATTORNEY GENERAL
                                             P.O. Box 12548 (MC-009)
                                             Austin, Texas 78711-2548
                                             Tel.: (512) 463-2100
                                             Fax: (512) 457-4410
                                             will.thompson@oag.texas.gov
                                             beth.klusmann@oag.texas.gov
                                             natalie.thompson@oag.texas.gov
                                             eric.hudson@oag.texas.gov
                                             leif.olson@oag.texas.gov

                                             **COUNSEL FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that on Friday, September 17, and Monday, September 20, 2021, I conferred by telephone with Lisa Newman, counsel for the United States, who informed me that the United States opposes this motion.

/s/ Leif A. Olson

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 20, 2021, and that all counsel of record were served by CM/ECF.

/s/ Leif A. Olson