IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

_____

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE STATE OF TEXAS,

Defendant.

Civil No. 1:21-cv-796-RP

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONDUCT EXPEDITED DISCOVERY

Texas's request for expedited discovery is overbroad and is not justified by the circumstances. Texas asks the Court to authorize full-day depositions of seven federal employees, to take place within three business days. Expedited discovery at the preliminary injunction stage is the exception, not the rule. To be entitled to such discovery, Texas must make a showing that the discovery it seeks is necessary and has been narrowly tailored to the nature of the urgency. Texas has not satisfied that standard. Apart from its generic interest in testing the declarations—an interest that will be present whenever declarations are submitted—Texas has not justified its request for expedited discovery. As was the case during the parties' meet-and-confer conversations, the State has failed to identify the topics that necessitate deposition testimony—and to explain why it needs to ask seven hours of questions to seven separate declarants whose declarations are no longer than seven pages.

It is not the position of the United States that discovery is unavailable. Indeed, the United States has already agreed to provide Texas with any documents relied upon by the agency declarants. The United States is further willing to facilitate additional discovery that is targeted to providing the Court with a clear record of the facts material to resolving the motion for temporary and preliminary relief. Such a record could be developed through written questions and responses, *see* Fed. R. Civ. P.

31, 33, or a limited number of one-hour depositions that are limited to the statements in the declarations and the documents relied upon by the deponents. Texas's far-broader proposal is anything but targeted and is not justified by the circumstances.

## ARGUMENT

Without a court order or stipulation, a party may not obtain discovery prior to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). "[E]xpedited discovery is not the norm," *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011), and is available only when "unusual circumstances exist," *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11-cv-88, 2011 WL 2560110, at *4 (E.D. Va. June 27, 2011).

"District courts have 'wide discretion' to control the 'scope and pace of discovery,' and that discretion extends to managing the timing of discovery." *Miner, LTD. v. Anguiano*, No. 3:19-CV-82-FM, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019). As Texas acknowledges, Mot. at 2, "the burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (granting unopposed motion to expedite discovery); *see Miner, LTD.*, 2019 WL 9633302, at *2 (allowing for expedited discovery where the "proposed discovery requests are (1) narrowly-tailored to the issues that will be relevant at the preliminary injunction hearing; and (2) of a scope such that discovery can reasonably be completed in a shortened timeframe").

To determine whether "good cause" for expedited discovery exists, this Court considers "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citation

omitted). With the exception of the first factor, Texas has not carried its burden on any of these factors.

### A.  Texas Fails to Show Any Purpose for Expedited Discovery.

As the movant, Texas bears the burden of explaining what discovery is necessary and why, and of ensuring that its request is narrowly tailored "such that discovery can reasonably be completed in a shortened timeframe." *Miner, LTD.*, 2019 WL 9633302, at *2. Texas has done neither. Instead, Texas offers only generalized assertions that it needs to "obtain facts to build a defense for [the preliminary injunction] hearing" and "to test the reliability, credibility, source, and scope of the declarants' knowledge and to determine gaps in and unattested additions to that knowledge." Dkt. 20 at 1, 4. This justification would apply any time a party moves for a preliminary injunction and relies on declarations, as is typical. Expedited discovery, however, is the exception, not the norm, and thus Texas's generic justification—that the discovery may prove helpful in preparing a defense—is insufficient.

Indeed, courts routinely deny motions for expedited discovery where, as here, the movant neither identifies particular topics for a deposition nor explains with specificity why the deposition is needed in connection with a preliminary injunction motion. For example, one court recently denied a request for an expedited deposition where, as here, the movant requested a deposition in connection with preliminary injunction motion but without "specify[ing] what those issues are." *Fidelity Brokerage Services, LLC, v. Jason Edwards and Edward D. Jones & Co., LP*, No. 3:20-cv-852-AB, 2021 WL 3771771, at *1 (N.D. Tex. Feb. 4, 2021) (citing *KWB & Assocs. v. Marvin*, No. EDCV 18-289-DMG, 2018 WL 5094923, at *4 (C.D. Cal. Mar. 6, 2018) (denying request for proposed deposition where plaintiff made no effort to identify or limit topics)). Likewise, a court denied a motion for expedited discovery where the movant's requests were "not narrowly tailored to obtain information relevant to a preliminary injunction determination" and where the movant "ha[d] shown no nexus between them and the

preliminary injunctive relief" sought. *Davis*, 673 F. Supp. 2d at 1068–69. In *Davis*, the movant "made no effort to limit the topics on which it s[ought] to depose [the witness] to those topics pertinent to its motion for a preliminary injunction; in fact, plaintiff d[id] not even identify the topics on which it s[ought] to examine [the witness]." *Id.*; *see also Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15-cv-115-BR, 2015 WL 12600175, at *5 (E.D.N.C. June 30, 2015) (rejecting broad-ranging expedited discovery because "[w]hile some of these topics may be relevant to the overall case, they are not narrowly tailored to the issues relevant to the preliminary injunction").

Similarly, here, Texas has not supported its request for full-length depositions of each of the agency declarants. Although Texas asserts an interest in testing the reliability and credibility of the declarants' knowledge, Dkt. 20 at 4, Texas has not identified any facts contained in the declarations that it believes may be subject to dispute and that materially bear on the appropriateness of the relief requested by the United States. Indeed, the United States' motion turns almost entirely on legal questions arising under the Fourteenth Amendment and the Supremacy Clause of the Constitution. There is no genuine dispute about a key factual predicate to the United States' entitlement to a preliminary injunction—that under federal law, the Federal Government is obligated to assist in providing access to certain abortion-related services to persons in the care and custody of federal agencies. The agency declarations supporting the United States' preliminary injunction motion primarily discuss the general operation of certain federal government programs, typically with reference to statutes, regulations, and publicly available policy documents that set forth the operations impacted by S.B. 8. *See* Dkt. Nos. 6-12 to 6-18. The accuracy of the declarations is not seriously at issue and is appropriately challenged by reference to these sources, not through depositions.

There is no absolute right to cross-examine a movant's declarants before entry of a preliminary injunction, without a showing of good cause. As the Fifth Circuit has explained, "[i]t long has been true that parties can present evidence at the preliminary-injunction stage with declarations or

affidavits." *Valentine v. Collier*, 956 F.3d 797, 808 n.1 (5th Cir. 2020). "Furthermore, at the preliminary injunction stage . . . the district court may rely on otherwise inadmissible evidence, including hearsay evidence." *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993). "Thus, the district court can accept evidence in the form of . . . affidavits." *Id.; see also Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 827 (W.D. Tex. 2001) ("Evidence at a hearing on a preliminary injunction need not be 'testimonial' and affidavits can be considered by the Court."). In *any* case in which a declaration is submitted in support of a preliminary injunction motion, a defendant could always claim the need to test the reliability and credibility of the declarant's knowledge. Thus, if Texas has a right to expedited discovery simply because the United States submitted declarations in support of its preliminary injunction motion, expedited discovery would be the norm in this context, instead of the disfavored exception. *St. Louis Grp.*, 275 F.R.D. at 240.

**B. Texas's Requested Discovery Is Not Narrowly Tailored.**

Texas's request for expedited depositions is not narrowly tailored to the central issues involved in the Government's preliminary injunction motion. Texas has requested the depositions of seven federal officials without subject matter, duration, or any other limitations. Texas's request for open-ended depositions is particularly inappropriate because, as explained above, Texas has offered no meaningful explanation for why it needs these depositions or why credibility determinations would play a role in resolving any dispute of fact.

Texas claims that a "quintessential reason[] for expedited discovery" is to allow it "to prepare for the impending preliminary hearing." Dkt. at 4 (quoting *Intel Corp. v. Rais*, No. 1:19-CV-20-RP, 2019 WL 164958, at *7). But the authority Texas cites provides no basis for its expedited discovery request here. In *Intel Corp.*, this Court granted "seven relatively narrow" requests "for production and interrogatories," that the opposing party could answer with "minimal burden," not a free ranging request to conduct depositions of unlimited scope and duration with no time for preparation. *Id.*

5

Indeed, none of the cases on which Texas relies supports its extraordinary request to depose seven agency declarants in the next six days. *Accruent*, 2017 WL 8811606, at *1 (granting unopposed motion to expedite discovery); *Miner, LTD.*, 2019 WL 9633302, at *2 (allowing two depositions over a one month period "related only to the issues relevant and necessary for the preliminary injunction hearing"); *Worsham v. B.G. Prop. Mgmt., L.L.C.*, No. 4:16-cv-2712, 2020 WL 7353906, at *7 (S.D. Tex. Sept. 4, 2020) (tangentially discussing a deposition at summary judgment); *Berthelot v. Am. Postal Workers Union, Local 185*, No. 4:10-cv-18, 2012 WL 289869, at *2 (S.D. Tex. Jan. 31, 2012) (Atlas, J.) (same); *Red Lion Renewables, L.L.C. v. Haff*, No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (allowing one-month discovery period for documents, interrogatories, and one deposition "narrowly tailored" to a prejudgment-attachment order); *Kruse Energy & Equip. Auctioneers, L.L.C. v. Long*, No. 4:19-cv-31-DC-RG, 2019 WL 11626268, at *4 (W.D. Tex. Feb. 19, 2019) (expedited discovery in a trade-secrets case).

And as discussed above, the United States has already voluntarily agreed to produce, on an expedited basis, all documents relied on by the seven federal employee declarants in preparing their declarations, subject to any privilege assertions and under a protective order. That document production will satisfy any purported need to understand the basis for the statements in the declarations and is a reasonable discovery accommodation given the circumstances.

**C. Texas's Request Comes Far in Advance of Normal Discovery.**

The timing of the request for expedited discovery "weighs against a finding of good cause when the discovery 'comes far in advance of normal discovery.'" *Amos v. Taylor*, No. 20-cv-7, 2020 U.S. Dist. LEXIS 183502, at *30-31 (N.D. Miss. Aug. 25, 2020) (quoting *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015)). Here, Texas has not yet answered the complaint and the case is at its earliest stage. Accordingly, the request by Texas is well in advance of normal discovery, and this factors "weighs against good cause." *Amos*, 2020 U.S. Dist. LEXIS 183502, at *31.

**D.  Texas's Request for Seven Depositions in Six Days Is Unduly Burdensome.**

Texas's request for expedited depositions—in particular, seven depositions by September 27, 2021—is also unduly burdensome.  It is well established that depositions are a time-consuming form of discovery, requiring both extensive preparation and logistical planning.  *See, e.g., ShoLodge, Inc. v. Travelers Indem. Co. of Illinois*, 168 F.3d 256, 260 (6th Cir. 1999) (depositions are "expensive and time-consuming" and impose an unnecessary burden if they do not "provide[] information relevant to the disposition of the issues before the court"); *Williams v. Rene*, 72 F.3d 1096, 1103, 33 V.I. 297, 309 (3d Cir. 1995) ("formal deposition" procedures are "expensive and time-consuming").

Moreover, the burdens associated with a deposition are magnified when they are taken on an expedited basis.  Assuming each deponent could sit for a deposition on a schedule acceptable to all of the parties, the Government would have to *immediately* prepare for the depositions of seven federal employees, an inherently burdensome task.  *See Huawei Techs. Co. v. Yiren Huang*, No. 4:17-cv-893, 2018 WL 10127086, at *2 (E.D. Tex. Feb. 13, 2018) ("requiring Defendants to prepare for a deposition duces tecum within five calendar days is overly burdensome"); *Ucastv Inc. v. Brandon*, No 2;13-cv-815-FTM, 2014 WL 12575740, at *2 (M.D. Fla. Jan. 15, 2014) (highlighting the burden of request for expedited discovery that would have included "three depositions . . . within a 10-day time period); *S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-00357-TC-DN, 2012 WL 776244, at *3 (D. Utah Mar. 7, 2012) (providing a party "less than three days to prepare and appear for [a] deposition . . . imposes an undue burden . . . and is unreasonable.").  Further, although the declarants provided narrow testimony, Texas might ask questions concerning background principles underlying that testimony, and thus deposition preparation would cover a range of topics.  *See, e.g.*, McLearen Decl. ¶¶ 5-13 (describing BOP operations in Texas, legal framework applicable to inmate requests for abortions, and responsibilities of various BOP personnel); Sheehan Decl. ¶¶ 4-12 (providing similar allegations for the U.S. Marshal Service).

Contrary to Texas's suggestion, the burden imposed by their request is not simply a function of the Government's decision to rely on multiple federal employee declarants. *Texas* enacted a broadsweeping law that, on its face, governs federal government activities, thus requiring the Government to submit evidence identifying the number of ways in which S.B. 8 conflicts with federal agency operations. The Court should not allow Texas to leverage the consequences of its overbroad law to justify the burdens imposed by expedited depositions of multiple federal employees. Accordingly, expedited depositions would impose a significant, and unnecessary, burden on the Government, and so this factor counsels against Texas's motion.

## CONCLUSION

For the foregoing reasons, Texas's Motion to Conduct Expedited Depositions (Dkt. 20) is overbroad and unjustified and should not be granted.

Dated: September 22, 2021                         Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Acting Assistant Attorney General

                                                  BRIAN D. NETTER
                                                  Deputy Assistant Attorney General

                                                  MICHAEL H. BAER
                                                  ADELE M. EL-KHOURI
                                                  Counsel to the Acting Assistant Attorney
                                                  General, Civil Division

                                                  ALEXANDER K. HAAS
                                                  Director, Federal Programs Branch

                                                  JACQUELINE COLEMAN SNEAD
                                                  Assistant Branch Director

                                                  DANIEL SCHWEI
                                                  Special Counsel

                                                  */s/ Lisa Newman*
                                                  Lisa Newman (TX Bar No. 24107878)
                                                  James R. Powers
                                                  Joshua M. Kolsky

Kuntal Cholera
Christopher D. Dodge
Cody T. Knapp
Olivia Hussey Scott
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5578
lisa.n.newman@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on Texas and its counsel of record through electronic filing in the Court's ECF system.

*/s/ Lisa Newman*
Lisa Newman