# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America** | |
| Plaintiff, | Case No. 1:21-cv-00796-RP |
| v. | |
| **The State of Texas,** | |
| Defendant. | |

### INTERVENORS' ANSWER

1.      Paragraph 1 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

2.      Paragraph 2 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

3.      Paragraph 3 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

4.      Paragraph 4 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

5.      Paragraph 5 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

6.      Paragraph 6 states conclusions of law which are denied.

7.    The intervenors deny that this Court has subject-matter jurisdiction because the United States lacks Article III standing to seek a remedy that enjoins the enforcement of Senate Bill 8 against anyone other than the federal agencies and personnel described in paragraphs 47–77, and this Court lacks subject-matter jurisdiction to enjoin non-defendants to this lawsuit such as private individuals.

8.    The intervenors deny that this court has the authority to provide the requested relief under the Constitution, statutes, or the court's equitable powers.

9.    The intervenors do not challenge venue.

10.   Admit.

11.   Admit that the State of Texas is a State of the United States. Deny that the State of Texas includes private parties bringing suit under the challenged statute.

12.   Paragraph 12 states conclusions of law which are denied.

13.   Paragraph 13 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the effects of Texas law, those are denied.

14.   Paragraph 14 states conclusions of law which are denied.

15.   Paragraph 15 states conclusions of law which are denied. The remaining allegations of this paragraph are denied.

16.   Paragraph 16 states conclusions of law which are denied.

17.   Paragraph 17 states conclusions of law which are denied.

18.   Paragraph 18 states conclusions of law which are denied.

19.   Paragraph 19 states conclusions of law which are denied.

20.   Paragraph 20 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the effects of Texas law, those are denied.

21.   Deny.

22.   Deny.

23.  Deny.

24.  Admit.

25.  Deny.

26.  Admit.

27.  Deny.

28.  Paragraph 28 states conclusions of law which are denied.

29.  The intervenors lack knowledge of the motivations of the supporters of the Heartbeat Act and thus neither affirm nor deny allegations as to motives for the Act.

30.  Admit.

31.  The intervenors cannot admit or deny that Senator Bryan Hughes made the statements quoted because they have not heard Senator Hughes say this.

32.  Paragraph 32 states conclusions of law which are denied. The remaining allegations of this paragraph are denied.

33.  Paragraph 33 states conclusions of law which are denied.

34.  Paragraph 34 states conclusions of law which are denied.

35.  Paragraph 35 states conclusions of law which are denied. To the extent that the paragraph may be read to make allegations of fact concerning the intervenors, those are denied.

36.  Paragraph 36 states conclusions of law which are denied. To the extent that the paragraph makes allegations of fact concerning the effect of the law, those are denied.

37.  The intervenors lack knowledge of the effect of the Heartbeat Act on clinics in neighboring states and can neither affirm nor deny.

38.  Deny.

39.  Deny.

40.  Deny.

41.  Admit the date on which the law went into effect. The remaining allegations of this paragraph are denied.

42.  Paragraph 42 states conclusions of law which are denied. To the extent that the paragraph makes allegations of fact concerning the effect of the law as violating the undue burden standard, those are denied.

43.  Paragraph 43 states conclusions of law which are denied. To the extent that the paragraph makes allegations of fact concerning the effect of the law as violating the undue burden standard, those are denied.

44.  Paragraph 44 states conclusions of law which are denied.

45.  No paragraph numbered "45" appears in the complaint.

46.  The intervenors lack sufficient knowledge to admit or deny the allegations of this paragraph.

47.  The intervenors lack knowledge of how this affects federal agencies' costs and can neither admit nor deny this allegation.

48.  The intervenors lack knowledge of the Job Corps Centers and can neither admit nor deny this allegation.

49.  The intervenors lack knowledge of the Job Corps Centers program structure and can neither admit nor deny this allegation.

50.  The intervenors lack knowledge of the Job Corps Centers regulatory obligations and can neither admit nor deny this allegation.

51.  The intervenors lack knowledge of the Job Corps Centers contractual obligations and can neither admit nor deny this allegation.

52.  The intervenors lack knowledge of the Job Corps Centers contractual obligations and can neither admit nor deny this allegation.

53.  The intervenors lack knowledge of the Job Corps Centers contractual obligations and can neither admit nor deny this allegation.

54.  The intervenors lack sufficient knowledge to admit or deny the allegations of this paragraph.

55.  The intervenors lack knowledge of the Job Corps regulatory and contractual obligations and can neither admit nor deny this allegation.

56.  The intervenors lack knowledge of the Job Corps regulatory and contractual obligations and can neither admit nor deny this allegation.

57.  The intervenors lack knowledge of the Job Corps regulatory and contractual obligations and can neither admit nor deny this allegation.

58.  The intervenors lack knowledge of the Office of Refugee Resettlement's operations and obligations and can neither admit nor deny this allegation.

59.  Deny.

60.  The intervenors lack knowledge of the Bureau of Prisons' operations and obligations and can neither admit nor deny this allegation.

61.  The intervenors lack knowledge of the Bureau of Prisons' operations and obligations and can neither admit nor deny this allegation.

62.  The intervenors lack knowledge of the Bureau of Prisons' operations and obligations and can neither admit nor deny this allegation.

63.  The intervenors lack sufficient knowledge to admit or deny the allegations of this paragraph.

64.  Admit that the Heartbeat Act imposes civil liability on those who "pay[] for or reimburse[e] the costs of an abortion[.]" The intervenors lack sufficient knowledge to admit nor deny the remaining allegations of this paragraph.

65.  The intervenors lack knowledge of the Bureau of Prisons' operations and obligations and can neither admit nor deny this allegation.

66.  The intervenors lack sufficient knowledge of Medicaid's operations and obligations and can neither admit nor deny this allegation.

67.  Paragraph 67 states conclusions of law which are denied.

68. Paragraph 68 states conclusions of law which are denied.

69. Deny.

70. The intervenors lack sufficient knowledge of the Office of Personnel Management's operations and obligations and can neither admit nor deny this allegation.

71. The intervenors lack sufficient knowledge of the Office of Personnel Management's operations and obligations and can neither admit nor deny this allegation.

72. The intervenors lack sufficient knowledge of the Office of Personnel Management's operations and obligations and can neither admit nor deny this allegation.

73. Admit that the Heartbeat Act imposes liability for aiding performance of abortion. The intervenors lack sufficient knowledge of the Office of Personnel Management's operations and obligations and can neither admit nor deny the allegation about the effects of the Heartbeat Act on the Office.

74. The intervenors lack sufficient knowledge of the Department of Defense's operations and obligations and can neither admit nor deny this allegation.

75. The intervenors lack sufficient knowledge of the Department of Defense's operations and obligations and can neither admit nor deny this allegation.

76. The intervenors lack sufficient knowledge of the Department of Defense's operations and obligations and can neither admit nor deny this allegation.

77. The intervenors lack sufficient knowledge of the Department of Defense's operations and obligations and can neither admit nor deny this allegation.

78. Deny.

79. Deny.

80. The intervenors incorporate paragraphs 1 through 79 as if fully set forth here.

81. Admit.

82. Deny.

83. Admit.

84. Deny.

85. The intervenors incorporate paragraphs 1 through 79 as if fully set forth here.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. The intervenors incorporate paragraphs 1 through 79 as if fully set forth here.

91. Deny.

Respectfully submitted.

HEATHER GEBELIN HACKER
Texas Bar No. 24103325
ANDREW B. STEPHENS
Texas Bar No. 24079396
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com
andrew@hackerstephens.com

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

* *pro hac vice* application
  forthcoming

*Counsel for Movants Erick Graham,
Jeff Tuley, and Mistie Sharp*

Dated: September 22, 2021

## CERTIFICATE OF SERVICE

I certify that on September 22, 2021, I served this document through CM/ECF upon all counsel of record in this case.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Movants Erick Graham,*
*Jeff Tuley, and Mistie Sharp*
