# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil No. 1:21-cv-796-RP |
| § | |
| THE STATE OF TEXAS, § | |
| § | |
| Defendant. § | |

## STIPULATION FOR REMOTE DEPOSITIONS

Plaintiff, the United States of America, and Defendant, the State of Texas (collectively "the Parties") hereby stipulate pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in the above-captioned matter that are to be taken by remote means shall comply with the following agreed upon protocol:

1. The deposition will be taken via the Zoom platform, which Defendant shall schedule and circulate to Plaintiff's counsel twenty-four hours before the scheduled deposition. The link man not be forwarded to any individuals other than those identified pursuant to para 2, *infra*.

2. The Parties shall exchange electronically by C.O.B Monday, September 27, 2021, their respective party representatives who will remotely attend the depositions scheduled for Tuesday, September 28, 2021 and by C.O.B. Tuesday, September 28, 2021, the party representatives who will remotely attend the deposition scheduled Wednesday, September 29, 2021. Attendance at the deposition will be limited to the individuals previously identified by the Parties (excluding any staff from the court reporting service required for the administration of the deposition). C.O.B. herein shall mean 5:00pm CST.

3. The Witness, the lawyer questioning the Witness, and the lawyer defending the Witness shall state their locations on the record at the start of the deposition. The lawyer questioning the

Witness and the lawyer defending the Witness may be in a room with other counsel of record in the case if they so choose or participate in the deposition from a location separate from that of other counsel of record. Plaintiff's agency counsel may also attend the deposition from a room or location separate from the deponent and shall identify themselves and shall state their locations on the record at the start of the deposition. All participants other than the Witness, the lawyer questioning the Witness, and the lawyer defending the Witness shall mute their audio for the duration of the deposition.

4. The Witness, the Party taking the deposition, and the Party defending the deposition are each responsible for having all necessary equipment and high-speed internet access in good working order to enable the Party taking the deposition to depose the Witness by the means specified in the deposition notice and in an environment reasonably free of distraction and interference. However, all questioning of the Witness shall immediately cease if the Party defending the deposition is disconnected and shall not resume until the Party defending the deposition is reconnected.

5. The official copies of the exhibits shall be retained by the court reporter following the conclusion of the deposition. Nothing in this stipulation waives any Party's right to move to have portions of the deposition transcript or exhibits subject to a protective order entered by the Court.

6. Defendant shall bear the fees and costs associated with the Zoom platform and the court reporter and videographer.

7. During the deposition, the Witness, the lawyer questioning the Witness, and the lawyer defending the Witness must be on camera at all times that the deposition is on the record.

8. In the event of technological difficulties or other interruptions affecting the Witness, the court reporter, the lawyer questioning the Witness, or the lawyer defending the Witness, the deposition shall be suspended only so long as necessary to resolve the issue. In the event of technological difficulties or other interruptions affecting other participants (but not the Witness, the

court reporter, the lawyer questioning the Witness, or the lawyer defending the Witness), the deposition will continue.

9. During the deposition, no person may communicate with the Witness off the record regarding the substance of the Witness's testimony, except regarding the application of privilege. The Witness and the defending Party's attorneys may communicate during breaks in the deposition through their own devices.

10. The Parties waive administration of the oath in person and consent to this deposition being conducted remotely. The Parties agree that nothing about this process will impair in any way the use of this deposition as otherwise permitted by the Federal Rules of Civil Procedure.

11. The deposition shall last no more than ninety minutes on the record. The court reporter shall determine when the ninety minutes has elapsed. The Witness shall be permitted to request breaks as needed.

12. Nothing in this stipulation waives the rights of any Party to seek any appropriate relief from the Court.

Dated: September 27, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHAEL H. BAER
ADELE M. EL-KHOURI
Counsel to the Acting Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

> DANIEL SCHWEI
> Special Counsel
>
> */s/ Lisa Newman*
> Lisa Newman (TX Bar No. 24107878)
> James R. Powers
> Joshua M. Kolsky
> Kuntal Cholera
> Christopher D. Dodge
> Cody T. Knapp
> Olivia Hussey Scott
> Trial Attorneys
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W.
> Washington, D.C. 20005
> Tel: (202) 514-5578
> lisa.n.newman@usdoj.gov
>
> *Counsel for the United States*

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on Texas and its counsel of record through electronic filing in the Court's ECF system.

> */s/ Lisa Newman*
> Lisa Newman