IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| _____ | § | |
| UNITED STATES OF AMERICA, | § | |
|  | § | |
| Plaintiff, | § | |
| v. | § | |
|  | § | Civil No. 1:21-cv-796-RP |
| THE STATE OF TEXAS, | § | |
|  | § | |
| Defendant. | § | |

## OPPOSED MOTION FOR A PROTECTIVE ORDER OF AUDIOVISUAL RECORDINGS

Plaintiff United States of America respectfully moves pursuant to Federal Rule of Civil Procedure 26(c)(1), for a protective order sealing any audiovisual recordings of Defendant's forthcoming depositions of Patrice Rachel Torres, Laurie Bodenheimer, Alix McLearen, James S. De La Cruz, and Anne Marie Costello.[1]  Rule 26(c) permits this Court to authorize a protective order including terms or conditions to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  To that end, Rule 26 explicitly permits the Court to order "that a deposition be sealed" in its entirety, "and opened only on court order." Fed. R. Civ. P. 26(c)(1)(F).

Career civil servants have a legitimate privacy interest in limiting permanent and public dissemination of video recordings of them being deposed; they reasonably expect that they will not be subjected to video-recorded, publicly disseminated cross-examination about the way that they

---

[1] The United States continues to believe that Plaintiffs have not demonstrated entitlement to such expedited discovery. *See* Dkt. 24.  However, because the United States agreed—in an effort to reach consensus and avoid further litigation on the issue—to make available five of its declarants available for ninety-minute remote depositions addressing only the material in their declarations submitted in this case, the United States files this order to protect the privacy interests of its declarants.

1

carried out their routine job functions. And the public availability of the transcript of such depositions satisfies any public interest in their contents. Thus, courts routinely issue orders sealing audiovisual recordings of career officials' transcripts under the circumstances presented here. *See, e.g.*, Order at 2-3, ECF No. 96, *Judicial Watch, Inc. v. U.S. Dep't of State*, 14-cv-1242-RCL (April 25, 2019 D.D.C.) (sealing "[a]ny audiovisual recordings of depositions of [career officials] shall remain sealed absent further Court order" because the public interest in the deposition "does not stretch beyond the testimony's substantive content"); Minute Order, *Judicial Watch v. Dep't of State*, 13-cv-1363-EGS (D.D.C May 26, 2016) ("sua sponte order[ing] that all audiovisual copies of depositions taken in this case shall be sealed until further order of the Court"). Accordingly, it is appropriate to seal any audiovisual recording of the noticed depositions.[2]

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant this motion and enter the attached order sealing any audiovisual recordings of the noticed depositions that will taken by Defendant.

Dated: September 27, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHAEL H. BAER
ADELE M. EL-KHOURI
Counsel to the Acting Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

---

[2] The United States expressly reserves the right to designate any portions of the testimony or exhibits appropriate for sealing and to move the Court within 48 hours of the availability of the deposition transcript for an order sealing those portions of the written transcript.

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

DANIEL SCHWEI
Special Counsel

*/s/ Lisa Newman*
Lisa Newman (TX Bar No. 24107878)
James R. Powers
Joshua M. Kolsky
Kuntal Cholera
Christopher D. Dodge
Cody T. Knapp
Olivia Hussey Scott
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5578
lisa.n.newman@usdoj.gov

*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served on Texas and its counsel of record through electronic filing in the Court's ECF system.

*/s/ Lisa Newman*
Lisa Newman

**CERTIFICATE OF CONFERENCE**

I certify that I conferred via email with counsel for the State of Texas regarding the relief requested in this application. Counsel for the State indicated that the State is opposed to the requested relief.

*/s/ Lisa Newman*
Lisa Newman