**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| *Plaintiff*, | § § § |
| v. | §  Case No. 1:21-cv-00796-RP |
| THE STATE OF TEXAS, | § § § |
| *Defendant*. | § § |

**TEXAS'S MOTION FOR IN-PERSON HEARING**

The Court has set a hearing in the above-captioned case for October 1, 2021. ECF 12. The hearing is currently set for hearing via Zoom. The State of Texas (State) respectfully requests the opportunity to appear in person to present argument and evidence. Counsel for the State have conferred with plaintiff's counsel, and plaintiff's counsel indicated they take no position on the State's request.[1]

The Court should grant this request for at least two reasons. First, the issues with Zoom presentations have been well-documented during the pandemic and include issues hearing the proceedings, disadvantages associated with the digital capabilities and resources of the respective parties, the increased work for Court staff, and issues with decorum and formality. *See, e.g.*, Judge Alfonso Charles, Judge Ana Estevez, Judge David Evans, and Judge Missy Medary, "To Zoom Or Not To Zoom," 94 Advoctx 30, Spring 2021. Those issues can be alleviated completely by holding the October 1, 2021, hearing in person.

Second, given the complexity and novelty of the issues at play in this litigation, the presentation will benefit from an in-person hearing. The hearing will be more efficient if the parties can

---

[1] The State's counsel have also conferred with counsel for putative intervenors Erick Graham, Jeff Tuley, and Mistie Sharp about the substance of this motions. Counsel for the putative intervenors indicated they are unopposed to that request.

1

communicate clearly and directly with the Court and can present argument and evidence without any hurdles caused by operating through a virtual medium.

The State does recognize that health and safety concerns exist because of COVID-19. While serious, those concerns are generalized and not specific to any party to this litigation. In fact, City and County leaders have recently reported that Austin and Travis County are within the threshold to reduce the current COVID-19 restrictions within the area. *See* Grace Reader, *Austin-Travis County Hits Threshold For Stage-4 Guidelines* (Sept. 21, 2021), *available at https://www.kxan.com/news/coronavirus/austin-travis-county-hits-threshold-for-stage-4-guidelines/* (last visited Sept. 27, 2021). The generalized concerns over COVID-19 do not outweigh the benefits of conducting these proceedings in-person on October 1, 2021.

## Conclusion

Holding this hearing in person will eliminate the well-documented downside risks of conducting litigation by computer, it will benefit the Court through a more efficient hearing, and lastly, the generalized risk of COVID-19, as demonstrated by recent trends in the County, are waning and pose no specific, identified risks. Accordingly, the State of Texas respectfully moves the Court to enter an order allowing parties to attend the October 1, 2021, hearing in-person, if they elect that option.

**Date:** September 27, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

BETH KLUSMANN
Assistant Solicitor General
Tex. State Bar No. 24036918

NATALIE D. THOMPSON
Assistant Solicitor General
Tex. State Bar No. 24088529

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Senior Special Counsel
Tex. State Bar No. 24059907

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
will.thompson@oag.texas.gov
beth.klusman@oag.texas.gov
natalie.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
leif.olson@oag.texas.gov

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that the parties conferred on Friday, September 24, 2021, via electronic mail with counsel for the plaintiff, who indicated that they take no position on the relief requested through this motion.

/s/ Eric A. Hudson

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 27, 2021, and that all counsel of record were served by CM/ECF.

/s/ Eric A. Hudson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00796-RP |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

### ORDER PERMITTING WITHDRAW OF TEXAS'S MOTION TO CONDUCT EXPEDITED DISCOVERY

Upon consideration of Texas's *Motion for In-Person Hearing*, and the representations made in support thereof, the Court finds as follows:

Good cause exists to permit Texas's request and therefore, it is ORDERED, ADJUDGED, and DECREED, that any party may choose to appear in person before the Court on October 1, 2021.

Signed on September ____, 2021, at Austin, Texas.

_____
Robert Pitman
United States District Judge