IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:21-CV-796-RP |
| | § | |
| THE STATE OF TEXAS., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court are the Motion to Intervene by Erick Graham, Jeff Tuley, and Mistie Sharp (collectively the "Texas Residents"), (Dkt. 28), the Motion to Intervene by Oscar Stilley ("Stilley"), (Dkt. 31), and the United States' Response, (Dkt. 38). The Texas Residents seek to intervene both as of right, under Rule 24(a), and permissively, under Rule 24(b). (Dkt. 28, at 4, 10). Stilley seeks to intervene as of right "under such terms and conditions as the Court finds just[,]" as well as any other relief that the Court deems appropriate. Because Stilley is a pro se litigant, the Court will construe his Motion to include a request for permissive intervention.[1] The United States opposes intervention as of right under Rule 24(a), but takes no position on permissive intervention under Rule 24(b). (Dkt. 38, at 1). Both the Texas Residents and Stilley seek to participate in the preliminary injunction hearing scheduled for October 1, 2021, (Dkt. 12). (Dkt. 28, at 5; Dkt. 31, at 4).

On a timely motion, a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

---

[1] *See Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995) (Courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel . . . ."); *United States v. Fisher*, 372 F. App'x 526, 528 (5th Cir. 2010) (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)) ("[T]he nature of a motion must be determined according to its actual substance . . . ."); *Agueros v. Vargas*, No. SA-07-CV-904-XR, 2008 WL 4179452, at *2 (W.D. Tex. Sept. 5, 2008) (same).

Permissive intervention "is wholly discretionary . . . even though there is a common question of law or fact." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984).

In light of the motions for permissive intervention being unopposed, and pursuant to Rule 24(b), the Court will grant the Texas Residents and Stilley's requests for permissive intervention as defendants. The Court makes no statement as to the requests for intervention as of right. The Court will also allow the Texas Residents and Stilley to participate in the October 1, 2021 preliminary injunction hearing. The Court notes that their participation is premised on their representations that the State of Texas cannot adequately represent their interests, (Dkt. 28, at 7), and thus they will be permitted to raise only those facts and arguments not already put forth by the parties.

Accordingly, **IT IS ORDERED** that Erick Graham, Jeff Tuley, Mistie Sharp's motion to intervene, (Dkt. 28), and Oscar Stilley's motions to intervene, (Dkt. 31), are **GRANTED**. An order allotting time for the October 1, 2021 hearing will follow separately.

**SIGNED** on September 28, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE