Case 1:21-cv-00796-RP   Document 41   Filed 09/28/21   Page 1 of 3


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:21-CV-796-RP |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are the State of Texas's ("Texas") Motion for In-Person Hearing ("Motion"), (Dkt. 37), and the United States' Response, (Dkt. 39). The preliminary injunction hearing is set for October 1, 2021, at 9:00 a.m. (Dkt. 12).

Texas argues that general concerns with videoconferencing, including "issues hearing the proceedings, disadvantages associated with the digital capabilities and resources of the respective parties, the increased work for Court staff, and issues with decorum and formality," as well as the ability of the parties to "communicate clearly and directly with the Court . . . without any hurdles caused by operating through a virtual medium[,]" warrant an in-person hearing. (Dkt. 37, at 1–2). Texas fails to specify how a videoconference platform will be insufficient here, and only lists concerns that apply equally to any proceeding held remotely.

While technical issues can disrupt video proceedings and in-person proceedings, this Court has extensive experience with video proceedings and will provide all parties with adequate time to present their arguments and evidence. Over the past year and a half, the Court has regularly conducted hearings and trials by video, including in high-profile and fact-intensive cases and cases regarding constitutional violations that involved Texas, and has found this format to be a sufficient means of hearing argument and taking testimony from witnesses, while protecting the health and

safety of all parties given the COVID-19 pandemic. The Court thus rejects Texas's argument that videoconferencing will be insufficient in this case, or that the recent one-level reduction in COVID-19 restrictions in Travis County no longer necessitates this precaution. (Dkt. 37, at 2).

Finally, there is significant public interest in this case, beyond what may ordinarily be expected from a preliminary injunction hearing. The Court anticipates a large number of live spectators will attend this proceeding, potentially from a wide geographic area. The interest in facilitating public access to this proceeding—during a pandemic—can be most efficiently and safely accommodated through a hearing conducted by videoconference. As such, **IT IS ORDERED** that Texas's Motion for In-Person Hearing, (Dkt. 37), is **DENIED.**

With regard to the hearing schedule, **IT IS FURTHER ORDERED** that the United States and Texas shall each have **one (1) hour** to present facts and arguments to the Court. That time limit aligns with the parties' emailed representations to the Court as to their needs for their respective presentations. **IT IS FURTHER ORDERED** that the United States shall indicate to the Court whether it intends to reserve a portion of its time for rebuttal and that its time for rebuttal, if used, will count against its one-hour time limit. **IT IS FURTHER ORDERED,** based on Texas's request to present video deposition evidence, that it shall have no more than **twenty (20) minutes** to present video evidence should it so choose, which time may only be used for this purpose.

As to the Intervenors, **IT IS FURTHER ORDERED** that Intervenors Erick Graham, Mistie Sharp, and Jeff Tuley shall have a total of **thirty (30) minutes** to present facts and arguments, only to the extent that they differ from the prior presentations of the parties. **IT IS FINALLY ORDERED** that Intervenor Oscar Stilley shall have a total of **ten (10) minutes** to present facts and arguments under the same condition.

**SIGNED** on September 28, 2021.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE