**FILED**

September 28, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ CC
                                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                   Case No. 1:21-cv-796 RP

STATE OF TEXAS                                                    DEFENDANT

INTERVENOR OSCAR STILLEY'S RESPONSE IN OPPOSITION TO THE UNITED
STATES' MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY
INJUNCTION

Comes now Intervenor Oscar Stilley, (Stilley) and for his response in opposition to the United

States' motion for Temporary Restraining Order (TRO) and preliminary injunction, and states:

I.      **Sum and Substance of SB8.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     **Nobody even thinks SB8 is <u>fully</u> constitutional.** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    **The probable outcome of protecting "applications" of SB8.** . . . . . . . . . . . . . . . . . . 5

IV.     **This Gordian knot will be very difficult to unravel.** . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.      **Stilley's "different understanding" treads lightly upon constitutional rights.** . . . . . . 9

1

I.      **Sum and Substance of SB8**

The State of Texas in enacting the Texas Heartbeat Act, Senate Bill 8 (SB8) has delegated power that it does not have to people it does not know and whom the backers, promoters, and sponsors of the bill may not particularly like or trust.   How they got the power to give away what they don't have has not been explained.

We are told that doctors don't have standing to raise the constitutional rights of their patients - but Oscar Stilley somehow has standing to sue people he'd probably like if he knew them, for things he doesn't disagree with, which caused him no damage or injury whatsoever.

It can hardly be denied that SB8 constitutes an end run around the US Constitution and the rule of law.  Intervenor Stilley has been on the prowl since Monday, September 20, 2021, looking for a credible legal expert who believes that the core provisions of SB8 are constitutionally valid.  Intervenor Stilley hasn't found one yet - and it *certainly* has not been for lack of trying.

The presumed backers of this law, Texas Right to Life, refuses to return calls from Stilley.  They already know Stilley is going to ask for their secret sauce, whereby Stilley can cite binding authorities showing the constitutional validity of their legislative masterpiece.  They have no kind words for Stilley - and for good reason.  Oscar Stilley intends to make sure that everything in this law, left standing when this august tribunal finishes its work on the instant motion for TRO or preliminary injunction, is *vigorously* enforced, unless and until some other order is entered, modifying the terms and conditions of said order.

II.     **Nobody even thinks SB8 is <u>fully</u> constitutional.**

Erick Graham, Jeff Tuley, and Mistie Sharp (hereinafter sometimes simply "Graham

Intervenors") have filed a motion to intervene in support of the SB8.  Graham says he intends to sue only employers and insurance companies that provide or arrange for coverage of abortions that violate SB8.  Of course - he just wants to hit unsympathetic defendants with deep pockets.

Mr. Tuley says he only intends to sue individuals or entities that perform or assist abortions clearly unprotected under existing Supreme Court doctrine.

Ms. Sharp says she only intends to sue abortion funds who pay for post-heartbeat abortions in Texas.

They all seek to preserve their state law "rights," which incidentally are less than 30 days old, as of this writing.  Conspicuous by its absence is any attempt to show that the challenged law is valid as a general rule.  They oppose an across the board, *categorical* injunction against the enforcement of the law. They dispute that they can be subject to injunctive relief directed at the great State of Texas.

The Graham Intervenors deny conclusions of law despite the fact that they are verbatim quotations from US Supreme Court cases.  They appear to deny virtually all facts alleged, albeit in somewhat less than completely direct language.

The drafters of SB8 appear to have presumed their law was unconstitutional, at least in part.  Take a look at this provision concerning severability:

Sec. 171.212.  SEVERABILITY. (a)  Mindful of Leavitt v. Jane L.
the severability of a state statute regulating abortion the United States Supreme Court held that an explicit statement of legislative intent is controlling, it is the intent of the legislature that every provision, section, subsection, sentence, clause, phrase, or word in this chapter, and every ***application*** of the provisions in this chapter, are severable from each other.
(b)  If any ***application*** of any provision in this chapter to

3

any person, group of persons, or circumstances is found by a court to be invalid or unconstitutional, the remaining *applications* of that provision to all other persons and circumstances shall be severed and may not be affected.  All constitutionally valid *applications* of this chapter shall be severed from any *applications* that a court finds to be invalid, leaving the valid *applications* in force, because it is the legislature's intent and priority that the valid applications be allowed to stand alone.  Even if a reviewing court finds a provision of this chapter to impose an undue burden in a large or substantial fraction of relevant cases, the *applications* that do not present an undue burden shall be severed from the remaining *applications* and shall remain in force, and shall be treated as if the legislature had enacted a statute limited to the persons, group of persons, or circumstances for which the statute's *application* does not present an undue burden.

(b-1)  If any court declares or finds a provision of this chapter **facially unconstitutional**, when *discrete applications* of that provision can be enforced against a person, group of persons, or circumstances without violating the United States Constitution and Texas Constitution, those *applications* shall be severed from all remaining *applications* of the provision, and the provision shall be interpreted as if the legislature had enacted a provision limited to the persons, group of persons, or circumstances for which the provision's *application* will not violate the United States Constitution and Texas Constitution.

(c)  The legislature further declares that it would have enacted this chapter, and each provision, section, subsection, sentence, clause, phrase, or word, and all *constitutional* applications of this chapter, irrespective of the fact that any provision, section, subsection, sentence, clause, phrase, or word, or **applications** of this chapter, were to be declared unconstitutional or to represent an undue burden.

(d)  If any **provision** of this chapter is found by any court to be **unconstitutionally vague**, then the *applications* of that provision that do not present constitutional vagueness problems shall be severed and remain in force.

(e)  No court may decline to enforce the severability requirements of Subsections (a), (b), (b-1), (c), and (d) on the ground that severance would rewrite the statute or involve the court in legislative or lawmaking activity.  A court that declines to enforce or enjoins a state official from enforcing a statutory provision does not rewrite a statute, **as the statute continues to contain the same words as before the court's decision.**  A judicial

injunction or declaration of unconstitutionality:

      (1)  is nothing more than an edict prohibiting enforcement that may subsequently be vacated by a later court if that court has a ***different understanding*** of the requirements of the Texas Constitution or United States Constitution;

      (2)  is not a formal amendment of the language in a statute; and

      (3)  no more rewrites a statute than a decision by the executive not to enforce a duly enacted statute in a limited and defined set of circumstances.

(Emphases added)

Wow!  Stilley is so glad that a majority of the Texas legislature was willing to take the time to explain this.  This severability clause contains 577 words.  Apparently they hope for "severance" of unconstitutional "applications."  It is no wonder they had to explain how they weren't really seeking a judicial redraft of the law.  Stilley was totally confused and baffled until he read the explanation.

## III.    The probable outcome of protecting "applications" of SB8.

The Graham Intervenors probably won't win a lot of money - if any.  As soon as they file a lawsuit against an insurance company, municipality, business corporation, or other juicy target with deep pockets, Stilley's going to do the same.  It is not hard to get the information.

The difference is that Stilley's going to offer a better deal than the Graham Intervenors.  It matters not one whit how cheap the Graham Intervenors are willing to settle.  Stilley will be faster and cheaper than anyone else.

How can Stilley guarantee that he will be the cheapest and fastest?  Let me explain the modus operandi.  Stilley's ability to make and deliver upon this promise will become crystal clear.

Section 171.208(c) provides that a previous payment of the full amount of damages is a

defense to any subsequent action.  Consider health insurance companies.  They're nice fat geese just waiting to be plucked. But Stilley will go one better.  Stilley will quickly file and serve the complaint, and call the insurance company lawyer with a deal.

Settle with Stilley, here's the terms.  You have to get a judgment for $10,000 per abortion - that insulates you against all other litigants.  The money judgment and proof of payment is the ticket for buying your peace.  Your peace is cheaper than you think, here's how we'll do it.

Confess to all abortions you've financed or otherwise put your fingerprints on.  Confess judgment for $10,000 per abortion.  Before you sign the agreed order, Stilley agrees to sell the judgment to a third party for a very cheap amount, perhaps as low as $100 per abortion.  That's a penny on the dollar.  What the judgment debtor and the buyer of the judgment do is no concern of Stilley.  In fact, Stilley prefers plausible deniability of knowledge of such matters.

The third party takes a note from the insurance company for the amount of the judgment, and enters a satisfaction of judgment on the court records.  Now the insurance company at least presumably has a massive tax deduction for the loss.  Perhaps this would just defer taxes to a later date, but that could have value all its own.  Pay later rather than sooner, in depreciated currency.  Of course don't construe any of Stilley's words as *advice* on any of this - he is disbarred and disgraced and can't give legal or accounting or tax advice.  Talk to your lawyer and accountant.  Feather your nest based on their best licensed, professional advice.

When anyone else sues, plead the judgment and satisfaction of same.  It's nobody else's business that payment was made with a promissory note, or similar device.  Stilley just wants money.  Pay the juice, buy your peace, you go your way I'll go mine.

Do the math.  On information and belief Texas doctors would normally provide about

50,000 abortions a year.  Presumably 40,000 of those will be illegal under SB8.  If Stilley can

find just one nice fat corporate target to sue, on each of just half of that 40,000 abortions, and

gets a mere $100 cash per abortion, he gets $2,000,000 per year.  These figures leave plenty of

room for greed to take its course, without destroying the goose laying the golden eggs.

That's a nice payday.  Any corporation with a reasonably creative lawyer and CPA should

be able to get some multiple of $100 per abortion, in tax benefits alone.  Why, pray tell, would

they refuse to play ball with Oscar Stilley?

It costs more than $100 to travel out of state for an abortion.  Stilley would be no more

than a nuisance to the insurance companies.  Indeed, Stilley would arguably be an *attractive*

nuisance. Stilley sells legal insulation, and that right cheap.  What's not to like?

That's not the half of it.  If anyone sues a party tangentially involved in an abortion

included in a "package deal" with a insurance or other business corporation, they just need to call

Oscar.  Oscar will file, get a quick agreed judgment, and sell the judgment, along the lines

previously explained.  Problem solved, quickly and cheaply.  The corporations would be well

served to provide this service to their customers for free.  Deal with us - we sell Teflon!

## IV.   This Gordian knot will be very difficult to unravel.

There's more.  Consider the following statutory language:

Sec. 171.208.  CIVIL LIABILITY FOR VIOLATION OR AIDING OR
ABETTING VIOLATION. (a)  ***Any person***, other than an officer or
employee of a state or local governmental entity in this state, may
bring a civil action <u>against</u> ***any person*** who:
        (1)  performs or induces an abortion in violation of
this subchapter;
        (2)  knowingly engages in conduct that aids or abets
the performance or inducement of an abortion, including paying for
or reimbursing the costs of an abortion through insurance or

7

otherwise, if the abortion is performed or induced in violation of this subchapter, regardless of whether the person knew or should have known that the abortion would be performed or induced in violation of this subchapter; or

      (3)  intends to engage in the conduct described by Subdivision (1) or (2).

(Emphases added)

Stilley is an Arkansas resident, on the theory that he meets the definition of "any person." The same language is used to define the class of ***defendants***.  This could give rise to a mind boggling amount of litigation over such mundane concepts as "territorial jurisdiction," "minimum contacts," etc.  Who knows how far this could go?

Insurance companies have to know that one place this could go, and quickly, is into attacks on persons and entities in neighboring states, who perform abortions, fund abortions, or otherwise "aid or abet" abortions.  Nobody seems to question that Stilley falls within the category of "any person," sufficient to qualify as a suitable plaintiff.

Therefore, the insurance companies who fund the "Jane Does" who go out of state for an abortion might find they have simply opened up a brand new can of worms.  Realistically, the individuals involved may have just wasted money on time and travel to another state, when a much easier option is available.  Insurance companies that pay for such out-of-state abortions open themselves up to forum-shopped lawsuits in Texas, on the ground that they fall within the meaning of the term "any person."

They just need a "vaccination" by Stilley.  Once they've paid the juice to Stilley, it is very much against Stilley's interest to allow anyone else to "get a piece" of that insurer, or their insured, or their families, friends, and associates.  Stilley wants the peace that he sells to be truly peaceful.

8

Remember the "protection plans" offered by certain groups (sometimes uncharitably called "gangs") in Chicago in the 1930s?  These sellers of "insurance" might not have been the most savory individuals, but so long as the businessman paid the price demanded, the sellers of "protection" chased off all the other bad guys.

**V.      Stilley's "different understanding" treads lightly upon constitutional rights.**

Texas Right to Life doesn't seem interested in coming to court to press its own interests. Perhaps Stilley can help there too.  Anyone arguing that SB8 unduly burdens the constitutional right to abortion will have to contend with the argument that it actually doesn't cost insurers anything.  It probably doesn't even cost the US Treasury or the Texas State Treasury any money, although it might defer a few hundred million dollars in tax liabilities for a few years.  What's a few hundred million dollars between friends?

Even if this modus operandi inflicts a relatively tiny ding on tax revenues, consider the benefits.  Many times a defective fetus that would otherwise impose costs with an expected value of, say $30 million for a single individual, upon the taxpayers, will be replaced with a healthy, happy, vibrant child that grows up and pays a lot of taxes, perhaps on the order of $1 million during their lifetime.  Taxpayers and governments will owe a debt of gratitude to Oscar Stilley.

What if the corporate executives think this amounts to paying extortion, and refuse to play ball?  That's where "good cop bad cop" comes into play.  Find the most favorable county in all of Texas.  Get a local to file suit.  Get the full judgment on one of them and collect every penny.  Other insurers will take notice.  "Playing ball" will become part of the cost of doing business, quite tolerable at that.  Playing hardball with Stilley will be exceedingly expensive.

Good fences make good neighbors.  If the Court finds that this billy club is just too big

and too dangerous to be left out for any Tom, Dick, or Harry to wield according to his or her own "different understanding" of the Constitution, justice, the rule of law, etc., just say so.  Take the whole billy club.

Every legal expert known to Stilley concludes that there can only be two options, in light of the fact that this Court has graciously granted Stilley permissive intervention in this present litigation.  SB8 either gets a haircut, or gets unceremoniously tossed on the garbage heap of history.

The United States argues that this Court should take away Stilley's billy club altogether. They suggest that whittling is bad policy, maybe even contrary to precedent.  Look at their "Scope of Relief" section at pages 44-45 of Docket 8, Emergency Motion for TRO or Preliminary Injunction.  The United States clearly wants all SB8 billy clubs unceremoniously tossed on a constitutional bonfire.

The United States says the State of Texas is trying to evade judicial review.  Stilley on the other hand most certainly is not. If the Court thinks Stilley's billy club is *nothing but* an instrument for constitutional mischief, take it away.  If the Court thinks that SB8 is only due for a *whittling*, please make Stilley know what's left of his brand new toy.

Stilley will cheerfully comply with the Court's rulings.

WHEREFORE, Stilley respectfully requests that the Court in its TRO or preliminary injunction ruling leave Stilley with the biggest bundle of rights reasonably practicable, consistent with the US constitution, honesty, and the rule of law; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted.

By: /s/ Oscar Stilley                          September 28, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

### CERTIFICATE OF SERVICE

Oscar Stilley by his signature above certifies that he has caused this pleading to be served on all parties entitled to service, via CM/ECF, upon filing by the clerk.