UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br><br>    Plaintiff,<br><br>v.<br><br>**The State of Texas**,<br><br>    Defendant. | Case No. 1:21-cv-00796-RP |

# MOTION FOR RECONSIDERATION OF
# ORDER REGARDING HEARING

Intervenor-Defendants Erick Graham, Jeff Tuley, and Mistie Sharp ("Intervenors") respectfully move for reconsideration of the Court′s September 28 order regarding the preliminary-injunction hearing set for this Friday, October 1. ECF No. 41. In support thereof, Intervenors state as follows:

1.  Intervenors respectfully request that the Court reconsider its September 28 order about the preliminary-injunction hearing because it relies on agreements and representations to the Court made by Texas and the United States without Intervenors' knowledge, participation, agreement, or consent. As a result, if the order is not amended by the Court, Intervenors will be denied a full and fair opportunity to present their defense at the preliminary-injunction hearing, including cross-examination of Allison Gilbert, M.D., Amy Hagstrom Miller, and Melaney Linton ("Abortion Provider Declarants").

2. Intervenors filed their motion to intervene as of right, and alternatively, for permissive intervention, on September 22, 2021. ECF No. 28. Intervenors filed a motion to expedite consideration of the intervention motion on September 23, 2021. In that motion, Inter-

venors noted that they "intend to present arguments, evidence, and testimony at the preliminary-injunction hearing that the State will not present," (ECF No. 30 ¶ 4), and requested a ruling as soon as possible to allow them to participate meaningfully in the hearing.

3. On September 24, 2021, the Court granted the motion in part, not requiring the United States to respond any earlier than Tuesday, September 28, but stating that it would issue its ruling before the preliminary-injunction hearing. ECF No. 32. The Court also stated, "In the meantime, the Court assumes and expects Movants, who have stated their desire to participate in the hearing, to prepare for their participation in the hearing in the event their request is granted." *Id*.

4. Intervenors have been doing just that. Intervenors (i) served the United States and the State with notice of subpoenas on September 24 and issued subpoenas for testimony at the hearing to the Abortion Provider Declarants, as well as Ken Lambrecht and Bhavik Kumar, M.D., on whom the declarants rely for information in their declarations. Intervenors (ii) have made numerous attempts since September 24 to serve the subpoenas on the Abortion Provider Declarants, Mr. Lambrecht, and Dr. Kumar, and are continuing to attempt service and (iii) have requested that the United States agree to produce the Abortion Provider Declarants for cross examination at the preliminary-injunction hearing. Also on September 24, Intervenors (iv) requested that the United States include Intervenors' counsel in any communications or discussions with the State regarding the preliminary injunction hearing, but received no response to that request. Intervenors have also since (v) retained a medical expert to offer testimony to rebut many of the factual assertions, conclusions, and medical opinions offered by the Abortion Provider Declarants; (vi) identified and prepared 1-2 additional fact witnesses to offer testimony at the hearing regarding assertions by the Abortion Provider Declarants; and have devoted a substantial amount of time and continue to research, draft and prepare (vi) evidentiary objections to the declarations submitted by the Abortion Provider Declarants, (vii) cross-examination of the Abortion Provider Declar-

ants, (viii) impeachment evidence for cross-examination of the Abortion Provider Declarants, and (ix) exhibits that Intervenors may offer as affirmative or rebuttal evidence at the hearing.

5. On Tuesday, September 28, the United States filed its response to the intervention motion, which included approximately one sentence of conclusory argument with no citations as to why Intervenors were not entitled to intervention as of right and stating that the United States did not oppose permissive intervention. ECF No. 38. It is unclear why the United States insisted that it could not file its response any earlier than September 28 if this was all it planned to file. Nevertheless, the Court granted Intervenors permissive intervention in light of the United States' non-opposition on September 28.

6. Also on September 28, the Court issued an order limiting the United States and the State to one hour each to present argument at the October 1 hearing pursuant to an agreement that was apparently made between the United States and the State. ECF No. 41. Intervenors were given 30 minutes "to present facts and arguments, only to the extent that they differ from the prior presentations of the parties." *Id.* The order stated that the time limit imposed by the Court "aligns with the parties' emailed representations to the Court as to their needs for their respective presentations."

7. Intervenors were never contacted by the United States or Court staff regarding Intervenors' needs for their respective presentation of evidence and testimony at the hearing and, despite Intervenors' request to counsel for the United States, were not included in any discussions or agreement between the United States and Texas regarding the preliminary-injunction hearing. Intervenors are unfairly prejudiced in their defense by the Court's reliance on representations or agreements by the United States and Texas regarding the allocation of time at the hearing and the presentation of witness testimony and other evidence.

8. Respectfully, Intervenors submit that 30 minutes is insufficient time to permit them to participate meaningfully in the hearing and to present their evidence and testimony, which will not be presented by the State, and is different from what the State presented in

its opposition brief. ECF No. 43. This only serves to underscore that the State's representation of Intervenors' interests "may be inadequate." *Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021) (citation omitted).

9. Further, Intervenors submit that where there is a factual dispute, the Fifth Circuit has interpreted the notice requirement of Rule 65(a)(1) to mean that "where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Com. Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984). The United States is relying solely on declarations—hearsay—to support its arguments. Intervenors dispute numerous facts relied on by the United States from those declarations. Because there is a factual dispute, Intervenors "must be given a fair opportunity and a meaningful hearing" to present their differing facts and evidence. *Id.*

10. A "fair opportunity" in this context includes the opportunity to present live testimony and cross-examine the declarants and those they rely on. "[I]t is fundamental that, '[i]f there is a factual controversy, ... oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses.'" *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 334 (5th Cir. 2013) (quoting Wright & Miller et al., 11A Fed. Prac. & Proc. Civ. § 2949 (2d ed.)). The three Abortion Provider Declarants testify about the impact the Texas Heartbeat Law has had on their clinics, but that information or the basis for that testimony regarding the impact of the Texas Heartbeat Law is in the Abortion Provider Declarants' knowledge, custody, or control, and Intervenors were not permitted to engage in preliminary discovery prior to the October 1 hearing (despite their request, *see* ECF No. 30). Moreover, the State has determined not to contest the numerous significant factual assertions, opinions, and testimony offered by the three Abortion Provider Declarants, including testimony regarding the impact or effect of the Texas Heartbeat Law, and therefore the State also did not engage in any discovery regarding the Abortion Provider Declarants' factual assertions, opinions, or testimony, and did not engage in any discovery

of information or facts relied upon by the Abortion Provider Declarants as the basis for their testimony.

11. Given the limited amount of time between the Court's September 28 order granting Intervenors' motion for permissive intervention and the October 1 preliminary-injunction hearing, the only practical way for Intervenors to have a fair opportunity to test the credibility, factual assertions, opinions, and information relied upon by the Abortion Provider Declarants and the United States is for the Court to provide Intervenors with sufficient time at an evidentiary hearing on October 1 to cross-examine the Abortion Provider Declarants, present affirmative and rebuttal testimony by Intervenors' medical expert and fact witnesses, and offer exhibits and other evidence in further support of Intervenors' defense of the Texas Heartbeat Law.

12. Where the parties' affidavit testimony is in direct contradiction as to material questions of fact, as Intervenors contend that it is in some instances, "the propriety of proceeding upon affidavits becomes the most questionable." *Heil Trailer*, 542 F. App'x at 334. For the same reason, if the United States does not produce the Abortion Provider Declarants for testimony at the October 1 hearing (as Intervenors have asked it to do and as it has so far refused to do), the United States should not be permitted to rely on, nor should the Court accept, their declarations as evidence in support of the motion for preliminary injunction.

13. Relying on the Abortion Provider Declarants' declarations without an evidentiary hearing and an opportunity to cross-examine the declarants prejudices Intervenors' defense of the Texas Heartbeat Law.

## CONCLUSION

For the foregoing reasons, the motion should be granted. Intervenors Graham, Tuley, and Sharp should be granted 2 hours at the preliminary-injunction hearing to cross-examine the Abortion Provider Declarations relied on by the United States and to submit their testimony and evidence.

Respectfully submitted.

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Gene P. Hamilton*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*admitted pro hac vice

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com
andrew@hackerstephens.com

Dated: September 29, 2021

*Counsel for Intervenors Erick Graham,
Jeff Tuley, and Mistie Sharp*

## CERTIFICATE OF CONFERENCE

I certify that on September 29, 2021, I conferred with counsel for the parties on the relief requested in this motion. The State of Texas is unopposed. Lisa Newman, counsel for the United States had not responded by the time of filing.

/s/ Andrew B. Stephens
Andrew B. Stephens
*Counsel for Intervenors Erick Graham,*
*Jeff Tuley, and Mistie Sharp*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2021, I served this document through CM/ECF upon all counsel of record in this case.

/s/ Andrew B. Stephens
Andrew B. Stephens
*Counsel for Intervenors Erick Graham,*
*Jeff Tuley, and Mistie Sharp*
