**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS,<br><br>Defendant. | Case No. 1:21-cv-796-RP |

**UNITED STATES' RESPONSE TO INTERVENORS' MOTION FOR RECONSIDERATION OF ORDER REGARDING HEARING (ECF NO. 49)**

Intervenors Erick Graham, Jeff Tuley, and Mistie Sharp ("Intervenors") move the Court to reconsider its September 28 order (ECF No. 41) setting the ground rules for tomorrow's preliminary injunction hearing. *See* ECF No. 49. Specifically, Intervenors ask that this Court amend its order to permit Intervenors the opportunity to cross-examine third-party witnesses not scheduled to testify at tomorrow's hearing and who Intervenors have not yet served with subpoenas. *Id.* Intervenors further indicate that they wish to present medical testimony from an unidentified expert witness as well as "1-2 additional" unnamed fact witnesses who will purportedly give testimony in response to the third-party declarants. *Id.* ¶ 5. The Court should deny Intervenors' request for at least four reasons.

*First*, Intervenors had ample opportunity to introduce factual evidence from their unidentified witnesses through declarations submitted alongside their brief. *See* ECF No. 44 ("Intervenors' Br."). They submitted none. *Id.* Intervenors offer no explanation for their failure to avail themselves of this opportunity to introduce factual evidence, nor does their motion explain why such declarations could not adequately serve to rebut the (unidentified) factual disputes Intervenors purport to raise. Even if such affidavits would not have permitted Intervenors to raise factual issues to their full satisfaction, such affidavits would at least have permitted the Court to evaluate whether material factual disputes

1

exist *at all*. Instead, Intervenors now ask the Court to permit them to put their own unidentified witnesses on the stand and to cross-examine third-party witnesses, all without bothering to explain who these witnesses are or what factual disputes they will purportedly address.

*Second*, the Court permitted Intervenors to participate in the case "to raise only those facts and arguments not already put forth by the parties." ECF No. 40 at 2. But the Court will be hard-pressed to find such unique facts and arguments in Intervenors' brief, which largely echoes the arguments made by Texas. *Compare* ECF No. 43 ("Texas Br.") at 22-30 (arguing U.S. has no cause of action) *with* Intervenors' Br. at 2-9 (same); Texas Br. at 6-17 (raising arguments with respect to scope of injunctive relief) *with* Intervenors' Br. at 9-16 (same); Texas Br. at 38-44 (arguing S.B. 8 is not preempted by federal law) *with* Intervenors' Br. (same); Texas Br. 44-54 (addressing remaining preliminary injunction factors) *with* Intervenors' Br. at 18-21 (same). Further still, Intervenors' me-too brief offers nothing but *legal* argumentation already raised by Texas and does not identify any *factual* disputes to be resolved at the hearing. *See generally* Intervenors' Br. While Intervenors vaguely allege that "evidence . . . suggests the opposite," *id.* at 18, of what the United States and third-parties have shown through their declarations, they fail to offer *any* description of what their evidence consists of or what aspects of the United States' evidence it purportedly contradicts. Intervenors had every opportunity to introduce affidavits with evidence from these mystery witnesses alongside their brief. They failed to do so.

*Third*, and relatedly, Texas's willingness to forgo live testimony and cross-examination undercuts the Intervenors' purported need, particularly since Intervenors' brief presents only duplicative legal arguments to those raised by Texas. Intervenors do not explain why their arguments require live witnesses while Texas's carbon-copy arguments do not. While Intervenors' motion asserts that the unidentified evidence they seek to introduce "is different from what the State presented in its opposition brief," ECF no. 49 ¶ 8, they fail to explain how. They similarly argue that this "underscores" that Texas does not represent the Intervenors' interests, *id.*, but that assertion is implausible in view of the nearly identical arguments that both Texas and the Intervenors present.

*Fourth*, the three declarants that Intervenors wish to cross-examine—Gilbert, Hagstrom Miller, and Linton—are located more than 100 miles from Austin and are not agents of the United States.

2

Compelling their attendance at tomorrow's hearing would therefore require that they be subpoenaed under Rule 45(c)(1)(B)(ii).  But Intervenors have not yet served such subpoenas on these third-party declarants, and such declarants would likely have ample grounds for moving to quash under Rule 45(c)(3), including at least "fail[ing] to allow a reasonable time to comply" and "requir[ing] a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(c)(4)(A)(i), (ii). Intervenors have simply not made a sufficient showing—*any* showing—that compelling the presence of these third parties is necessary.

Against all this, Intervenors repeatedly claim that they will be denied an adequate opportunity to be heard on various factual issues without obtaining their preferred format for tomorrow's hearing. *See* ECF No. 49 ¶¶ 8-12.  But Intervenors make *no showing at all* about (1) what these factual issues are; (2) what specific factual assertions from Plaintiff are disputed; (3) what contravening or impeachment evidence Intervenors plan to introduce against the third-party declarants; (4) what testimony Intervenors' witnesses plan to offer to dispute the declarants' testimony; (5) who the witnesses even are and what relevant factual or expert evidence they possess; (6) the materiality of any factual dispute to the disposition of this *preliminary* hearing; and (7) why any contravening evidence could not have been introduced through affidavits submitted alongside their brief.  Intervenors simply ask the Court to accept their unsubstantiated assertions that there are factual disputes.  That is not enough.  As their own lead case explains, only "where factual disputes *are* presented" must "the parties be given a fair opportunity and meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted."  *Com. Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (emphasis in original) (explaining that hearings are not required "in the absence of disputed factual issues"); *see also PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (concluding that party's "failure to establish the existence of a factual dispute . . . made a hearing unnecessary").  Intervenors have not identified any factual dispute, never mind one material to the motion for a preliminary injunction for which additional live testimony is the only available solution.

Even so, Intervenors *will* have a full and fair opportunity to be heard at tomorrow's hearing and—had they introduced any countervailing factual testimony alongside their brief—could have presented factual arguments to the Court alongside the legal arguments in their brief. *Cf. Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (holding district courts are not even required to hold oral hearings where no factual dispute is involved). Their complaint, at bottom, is that they are not able to introduce their unidentified, un-briefed factual arguments through live testimony rather than written testimony. But that complaint rings hollow in view of their choice not to include affidavits alongside their brief and their failure to raise any identifiable factual arguments in either their brief or motion for reconsideration—never mind an argument that Texas is not already pursuing. The Court therefore should deny Intervenors' request to rearrange tomorrow's hearing to their preferred format. *E.g., Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 559 (5th Cir. 1987).

## **CONCLUSION**

For these reasons, the Court should deny Intervenors' motion for reconsideration.

Date: September 30, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHAEL H. BAER
ADELE M. EL-KHOURI
Counsel to the Acting Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

DANIEL SCHWEI
Special Counsel

/s/ *Lisa Newman*
Lisa Newman (TX Bar No. 24107878)
Kuntal Cholera
James R. Powers
Joshua M. Kolsky
Cody T. Knapp
Christopher D. Dodge
Olivia Hussey Scott
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5578
lisa.n.newman@usdoj.gov

*Attorneys for Plaintiff*