UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br><br>         Plaintiff,<br><br>v.<br><br>**The State of Texas**,<br><br>         Defendant. | Case No. 1:21-cv-00796-RP |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER REGARDING HEARING**

In reply to the United States' response to their motion for reconsideration of the Court's September 28 order regarding the preliminary-injunction hearing, Intervenor-Defendants Erick Graham, Jeff Tuley, and Mistie Sharp ("Intervenors") state as follows:

1. The United States faults Intervenors for not giving them a preview of matters Intervenors' counsel intends to cross-examine their declarants on, but that would defeat the purpose of cross-examination. The United States even argues (at 3) that Intervenors should have preemptively disclosed *impeachment* evidence. But impeachment evidence is never disclosed in advance, at least not in any proceeding undersigned counsel has ever taken part of in this Court or any other.

2. Though Intervenors have now stated on multiple occasions their intent to offer testimony and evidence at the preliminary-injunction hearing, the United States has never once requested that any of that material be exchanged, nor even requested more information about why Intervenors were attempting to serve the declarants and other witnesses relied on by the declarants with subpoenas for the hearing. Moreover, the United States cites no

authority to indicate that a party is required to submit inadmissible hearsay evidence attached to a brief rather than present admissible testimony and evidence at an evidentiary hearing in opposing a motion for preliminary injunction. What is the purpose of an evidentiary hearing if the parties merely intended to reiterate what was already presented to the court in briefing?

3. Texas's decision not to dispute the factual assertions made by the United States' abortion-provider declarants with evidence, and apparently agree to waive their right to cross-examine these witnesses, does not preclude Intervenors from doing so. And as Intervenors already pointed out, this only underscores the "inadequacy" of the State's representation of Intervenors' interests. *Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021) (citation omitted). This is why the Court should have granted intervention as of right.

4. As Intervenors made clear in their preliminary-injunction opposition, they intend to counter the United States' hearsay evidence with admissible testimony and evidence which shows that key assertions of fact underlying the United States' claims for relief in this case are demonstrably false or misleading. The United States cannot plausibly claim there is no basis to dispute the extensive facts they rely on which they have chosen only to present through declarations from third-party witnesses that they have refused to make available for cross-examination.

5. The evident reason for the United States' opposition is their unwillingness to produce their third-party witnesses for cross-examination. *See* Exhibit A. That fact itself should give the Court pause if it is considering relying on that hearsay evidence. In any event, Intervenors intend to make a record that the United States has refused to make their abortion-provider witnesses available for cross-examination at the preliminary-injunction hearing, and that if such witnesses were required to testify, Intervenors would establish on cross-examination that the abortion-provider declarants and the United States have made false or misleading statements to the Court regarding the effect of the Texas Heartbeat Law on abortion access in Texas.

## CONCLUSION

Intervenors Graham, Tuley, and Sharp should be granted 2 hours at the preliminary-injunction hearing to cross-examine the abortion provider declarants relied on by the United States and to submit their testimony and evidence. The United States should be required to present those witnesses for cross-examination at the hearing if they intend to rely on their declarations.

Respectfully submitted.

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Gene P. Hamilton*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*admitted pro hac vice

/s/ Andrew B. Stephens
Andrew B. Stephens
Texas Bar No. 24079396
Heather Gebelin Hacker
Texas Bar No. 24103325
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com
andrew@hackerstephens.com

Dated: September 30, 2021

*Counsel for Intervenors Erick Graham,
Jeff Tuley, and Mistie Sharp*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2021, I served this document through CM/ECF upon all counsel of record in this case.

 /s/ Andrew B. Stephens
Andrew B. Stephens
*Counsel for Intervenors Erick Graham,*
*Jeff Tuley, and Mistie Sharp*
