# EXHIBIT A

## Andrew Stephens

| | |
|---|---|
| **From:** | Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov> |
| **Sent:** | Wednesday, September 29, 2021 10:40 AM |
| **To:** | Andrew Stephens; Jonathan Mitchell |
| **Cc:** | Thompson, Will; Dodge, Christopher D. (CIV); Netter, Brian (CIV); Knapp, Cody T. (CIV); Powers, James R. (CIV); Kolsky, Joshua (CIV); Cholera, Kuntal (CIV); Baer, Michael H. (CIV); Scott, Olivia Hussey (CIV); El-Khouri, Adele (CIV); Klusmann, Beth; Hudson, Eric; Olson, Leif; Thompson, Natalie; Heather Hacker; Gene P. Hamilton |
| **Subject:** | RE: [EXTERNAL] consent to service on motion to intervene |

Hi Andrew,

We will not be producing those witnesses for cross-examination at the hearing.

All the best,
Lisa

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, September 29, 2021 11:21 AM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>; Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Lisa,

Following up on the emails below, could you please let us know whether you are willing to produce Ms. Linton, Dr. Gilbert, and Ms. Hagstrom Miller for cross-examination at the October 1 preliminary injunction hearing?

Thanks,

Andrew

---

**From:** Andrew Stephens
**Sent:** Tuesday, September 28, 2021 4:20 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>;

Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

*e.g., Heil Trailer Intern. Co. v. Kula*, 542 Fed. Appx. 329 (5th Cir. 2013); *Marshall Durbin Farms, Inc. v. National Farmers Org.*, 446 F.3d 353 (5th Cir. 1971)

---

**From:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Sent:** Tuesday, September 28, 2021 3:21 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>; Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Andrew,

Could you please identify the Fifth Circuit precedent to which you refer?

Thanks,
Lisa

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Tuesday, September 28, 2021 3:58 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>; Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Lisa,

The government relies on third-party declaration testimony by Ms. Linton, Dr. Gilbert, and Ms. Hagstrom Miller in support of its motion for preliminary injunction. We dispute a number of facts alleged in those declarations and under Fifth Circuit precedent we are entitled to a fair opportunity to meaningfully contest those facts by cross-examining the declarants and the people they rely on (Mr. Lambrecht and Dr. Kumar) for assertions made in the declarations. Because we are not a party to your agreement with the State and were not included in any discussions regarding that agreement, we will not have a fair opportunity to contest the assertions made in those declarations unless the witnesses are produced at the hearing for cross-examination.

Andrew

---

**From:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Sent:** Tuesday, September 28, 2021 1:44 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>; Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Hi Andrew,

Consistent with an agreement the United States previously reached with Texas, we are not planning on producing any witnesses at the hearing, including Ms. Linton, Dr. Gilbert and Ms. Hagstrom Miller. To the extent you are suggesting that we could be required to do so, is there any authority you are aware of under which the United States would be required to produce third-party declarants at a preliminary injunction hearing?

Thanks,
Lisa

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Monday, September 27, 2021 6:03 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>; Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV) <James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV) <Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth <Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>; Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Hacker <heather@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Ms. Newman,

If you intend to rely on the declarations of Ms. Linton, Dr. Gilbert and Ms. Hagstrom Miller in support of your motion for preliminary injunction, are you willing to produce these witnesses for cross examination at the hearing on October 1?

Andrew

**Andrew B. Stephens**
Partner

**HACKER**STEPHENS LLP
[www.hackerstephens.com](http://www.hackerstephens.com)

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

---

**From:** Andrew Stephens
**Sent:** Friday, September 24, 2021 3:09 PM
**To:** Newman, Lisa N. (CIV) <[Lisa.N.Newman@usdoj.gov](mailto:Lisa.N.Newman@usdoj.gov)>; Jonathan Mitchell <[jonathan@mitchell.law](mailto:jonathan@mitchell.law)>
**Cc:** Thompson, Will <[Will.Thompson@oag.texas.gov](mailto:Will.Thompson@oag.texas.gov)>; Dodge, Christopher D. (CIV) <[Christopher.D.Dodge@usdoj.gov](mailto:Christopher.D.Dodge@usdoj.gov)>; Netter, Brian (CIV) <[Brian.Netter@usdoj.gov](mailto:Brian.Netter@usdoj.gov)>; Knapp, Cody T. (CIV) <[Cody.T.Knapp@usdoj.gov](mailto:Cody.T.Knapp@usdoj.gov)>; Powers, James R. (CIV) <[James.R.Powers@usdoj.gov](mailto:James.R.Powers@usdoj.gov)>; Kolsky, Joshua (CIV) <[Joshua.kolsky@usdoj.gov](mailto:Joshua.kolsky@usdoj.gov)>; Cholera, Kuntal (CIV) <[Kuntal.Cholera@usdoj.gov](mailto:Kuntal.Cholera@usdoj.gov)>; Baer, Michael H. (CIV) <[Michael.H.Baer@usdoj.gov](mailto:Michael.H.Baer@usdoj.gov)>; Scott, Olivia Hussey (CIV) <[Olivia.Hussey.Scott@usdoj.gov](mailto:Olivia.Hussey.Scott@usdoj.gov)>; El-Khouri, Adele (CIV) <[Adele.El-Khouri@usdoj.gov](mailto:Adele.El-Khouri@usdoj.gov)>; Klusmann, Beth <[Beth.Klusmann@oag.texas.gov](mailto:Beth.Klusmann@oag.texas.gov)>; Hudson, Eric <[Eric.Hudson@oag.texas.gov](mailto:Eric.Hudson@oag.texas.gov)>; Olson, Leif <[Leif.Olson@oag.texas.gov](mailto:Leif.Olson@oag.texas.gov)>; Thompson, Natalie <[Natalie.Thompson@oag.texas.gov](mailto:Natalie.Thompson@oag.texas.gov)>; Heather Hacker <[heather@hackerstephens.com](mailto:heather@hackerstephens.com)>; Gene P. Hamilton <[gene.hamilton@aflegal.org](mailto:gene.hamilton@aflegal.org)>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Counsel, please see attached notice of subpoenas.  Also please include us on correspondence related to the upcoming hearing as we intend to participate.

Andrew

**Andrew B. Stephens**
Partner

**HACKER**STEPHENS LLP
[www.hackerstephens.com](http://www.hackerstephens.com)

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by replying or by phone at (512) 399-3022 and delete the message.

---

**From:** Newman, Lisa N. (CIV) <[Lisa.N.Newman@usdoj.gov](mailto:Lisa.N.Newman@usdoj.gov)>
**Sent:** Friday, September 24, 2021 12:11 PM
**To:** Jonathan Mitchell <[jonathan@mitchell.law](mailto:jonathan@mitchell.law)>
**Cc:** Thompson, Will <[Will.Thompson@oag.texas.gov](mailto:Will.Thompson@oag.texas.gov)>; Dodge, Christopher D. (CIV) <[Christopher.D.Dodge@usdoj.gov](mailto:Christopher.D.Dodge@usdoj.gov)>; Netter, Brian (CIV) <[Brian.Netter@usdoj.gov](mailto:Brian.Netter@usdoj.gov)>; Knapp, Cody T. (CIV) <[Cody.T.Knapp@usdoj.gov](mailto:Cody.T.Knapp@usdoj.gov)>; Powers, James R. (CIV) <[James.R.Powers@usdoj.gov](mailto:James.R.Powers@usdoj.gov)>; Kolsky, Joshua (CIV) <[Joshua.kolsky@usdoj.gov](mailto:Joshua.kolsky@usdoj.gov)>; Cholera, Kuntal (CIV) <[Kuntal.Cholera@usdoj.gov](mailto:Kuntal.Cholera@usdoj.gov)>; Baer, Michael H. (CIV) <[Michael.H.Baer@usdoj.gov](mailto:Michael.H.Baer@usdoj.gov)>; Scott, Olivia Hussey (CIV) <[Olivia.Hussey.Scott@usdoj.gov](mailto:Olivia.Hussey.Scott@usdoj.gov)>; El-Khouri, Adele (CIV) <[Adele.El-Khouri@usdoj.gov](mailto:Adele.El-Khouri@usdoj.gov)>; Klusmann, Beth <[Beth.Klusmann@oag.texas.gov](mailto:Beth.Klusmann@oag.texas.gov)>; Hudson, Eric <[Eric.Hudson@oag.texas.gov](mailto:Eric.Hudson@oag.texas.gov)>; Olson, Leif <[Leif.Olson@oag.texas.gov](mailto:Leif.Olson@oag.texas.gov)>; Thompson, Natalie <[Natalie.Thompson@oag.texas.gov](mailto:Natalie.Thompson@oag.texas.gov)>; Heather Hacker <[heather@hackerstephens.com](mailto:heather@hackerstephens.com)>; Andrew

Stephens <andrew@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** RE: [EXTERNAL] consent to service on motion to intervene

Jonathan,

DOJ consents to service by email.

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Friday, September 24, 2021 12:45 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Cc:** Thompson, Will <Will.Thompson@oag.texas.gov>; Dodge, Christopher D. (CIV) <Christopher.D.Dodge@usdoj.gov>;
Netter, Brian (CIV) <Brian.Netter@usdoj.gov>; Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Powers, James R. (CIV)
<James.R.Powers@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Cholera, Kuntal (CIV)
<Kuntal.Cholera@usdoj.gov>; Baer, Michael H. (CIV) <Michael.H.Baer@usdoj.gov>; Scott, Olivia Hussey (CIV)
<Olivia.Hussey.Scott@usdoj.gov>; El-Khouri, Adele (CIV) <Adele.El-Khouri@usdoj.gov>; Klusmann, Beth
<Beth.Klusmann@oag.texas.gov>; Hudson, Eric <Eric.Hudson@oag.texas.gov>; Olson, Leif <Leif.Olson@oag.texas.gov>;
Thompson, Natalie <Natalie.Thompson@oag.texas.gov>; Heather Gebelin Hacker <heather@hackerstephens.com>;
Andrew Stephens <andrew@hackerstephens.com>; Gene P. Hamilton <gene.hamilton@aflegal.org>
**Subject:** [EXTERNAL] consent to service on motion to intervene


Counsel:

Rule 24 requires us to serve the motion to intervene on the parties "as provided in Rule 5." I'm not certain that
you received the NEF e-mail under Rule 5(b)(2)(E), because it listed only the e-mails of our clients' attorneys.

Just to be safe, could DOJ and Texas OAG each confirm that they are willing to consent to e-mail service of the
motion to intervene? I have attached the motion to this e-mail.


—Jonathan



------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842


**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or
entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action
taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received
this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br><br>              Plaintiff,<br><br>v.<br><br>**The State of Texas**,<br><br>              Defendant. | Case No. 1:21-cv-00796-RP |

## NOTICE OF SUBPOENAS TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

Please take notice that pursuant to Federal Rule of Civil Procedure 45 proposed intervenors Erick Graham, Jeff Tuley, and Mistie Sharp will issue subpoenas to appear and testify at the preliminary-injunction hearing scheduled for October 1, 2021. Copies of the subpoenas are attached hereto as Exhibit A.

Respectfully submitted.

 /s/ Andrew B. Stephens

Jonathan F. Mitchell                    Andrew B. Stephens
Texas Bar No. 24075463                  Texas Bar No. 24079396
Mitchell Law PLLC                       Heather Gebelin Hacker
111 Congress Avenue, Suite 400          Texas Bar No. 24103325
Austin, Texas 78701                     Hacker Stephens LLP
(512) 686-3940 (phone)                  108 Wild Basin Road South, Suite 250
(512) 686-3941 (fax)                    Austin, Texas 78746
jonathan@mitchell.law                   (512) 399-3022 (phone)
                                        heather@hackerstephens.com
                                        andrew@hackerstephens.com

                                        Gene P. Hamilton*
                                        Virginia Bar No. 80434
                                        Vice-President and General Counsel
                                        America First Legal Foundation
                                        300 Independence Avenue SE
                                        Washington, DC 20003
                                        (202) 964-3721
                                        gene.hamilton@aflegal.org

                                        * *pro hac vice* application
                                          pending

Dated: September 24, 2021               *Counsel for Erick Graham, Jeff Tuley,*
                                        *and Mistie Sharp*

## CERTIFICATE OF SERVICE

I certify that on September 24, 2021, I served this document upon all counsel of record in this case.

/s/ Andrew B. Stephens
Andrew B. Stephens
*Counsel for Erick Graham,*
*Jeff Tuley, and Mistie Sharp*

# EXHIBIT A

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas ▢▼

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-796-RP |
| State of Texas | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Amy Hagstrom Miller

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court for the Western District of TX<br>501 West Fifth Street<br>Austin, Texas 78701 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 10/01/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/24/2021

CLERK OF COURT

OR

_____           s/ Andrew B. Stephens
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Proposed Intervenors
Graham, Tuley, and Sharp          , who issues or requests this subpoena, are:
Andrew B. Stephens, Hacker Stephens LLP,108 Wild Basin Rd. S, Suite 250, Austin, TX 78746, andrew@hackerstephens.com, (512) 399-3022

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:21-cv-796-RP

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                   *Server's signature*

                                        _____
                                                   *Printed name and title*

                                        _____
                                                   *Server's address*

Additional information regarding attempted service, etc:

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas  ▼

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| State of Texas | ) |
| *Defendant* | ) |

Civil Action No. 1:21-cv-796-RP

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Allison Gilbert, MD

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court for the Western District of TX 501 West Fifth Street Austin, Texas 78701 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 10/01/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/24/2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

s/ Andrew B. Stephens
_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Proposed Intervenors

Graham, Tuley, and Sharp        , who issues or requests this subpoena, are:

Andrew B. Stephens, Hacker Stephens LLP,108 Wild Basin Rd. S, Suite 250, Austin, TX 78746, andrew@hackerstephens.com, (512) 399-3022

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:21-cv-796-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas  ▾

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-796-RP |
| State of Texas | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Bhavik Kumar, MD

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court for the Western District of TX<br>501 West Fifth Street<br>Austin, Texas 78701 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 10/01/2021 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/24/2021

                      *CLERK OF COURT*

                                    OR

| | |
|---|---|
| _____ | s/ Andrew B. Stephens |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Proposed Intervenors
Graham, Tuley, and Sharp , who issues or requests this subpoena, are:
Andrew B. Stephens, Hacker Stephens LLP,108 Wild Basin Rd. S, Suite 250, Austin, TX 78746,
andrew@hackerstephens.com, (512) 399-3022

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:21-cv-796-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas  ▾

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 1:21-cv-796-RP |
| State of Texas | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Ken Lambrecht

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place:  United States District Court for the Western District of TX<br>501 West Fifth Street<br>Austin, Texas 78701 | Courtroom No.: 4 |
| | Date and Time: 10/01/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  09/24/2021

CLERK OF COURT

OR

_____                    s/ Andrew B. Stephens
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Proposed Intervenors
Graham, Tuley, and Sharp                  , who issues or requests this subpoena, are:
Andrew B. Stephens, Hacker Stephens LLP,108 Wild Basin Rd. S, Suite 250, Austin, TX 78746,
andrew@hackerstephens.com, (512) 399-3022

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:21-cv-796-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*


                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) |
| State of Texas | ) |
| *Defendant* | ) |

Civil Action No. 1:21-cv-796-RP

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Melaney Linton

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court for the Western District of TX 501 West Fifth Street Austin, Texas 78701 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 10/01/2021 9:00 am |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/24/2021

   *CLERK OF COURT*

                                          OR

_____          s/ Andrew B. Stephens
*Signature of Clerk or Deputy Clerk*     _____
                                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Proposed Intervenors
Graham, Tuley, and Sharp         , who issues or requests this subpoena, are:
Andrew B. Stephens, Hacker Stephens LLP,108 Wild Basin Rd. S, Suite 250, Austin, TX 78746, andrew@hackerstephens.com, (512) 399-3022

AO 88  (Rev.06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:21-cv-796-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).