**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00796-RP |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DECLARATIONS**

Texas objects to the declarations attached to Plaintiff United States' Emergency Motion for a Temporary Restraining Order or Preliminary Injunction (ECF 8).

**A. Objections to Each of Plaintiff's Declarations as Hearsay**

Texas objects to each of Plaintiff's declarations as hearsay in its entirety. *See* Fed. R. Evid. 801, 802.

**B. Declaration of Allison Gilbert (ECF 8-2)**

| Portion | Basis | Explanation |
|---|---|---|
| ¶ 13 | Relevance | Due to widespread delays in obtaining medical attention during the pandemic, data from 2020 is atypical and does not indicate typical annual abortion data. |
| ¶¶ 11, 14–16, 19, 25–27, 47, 51 | Relevance<br>Legal opinion | These paragraphs contain inadmissible legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make a material fact more or less likely to be true. |
| ¶¶ 28–36, 38 | Hearsay | These paragraphs are conclusory assertions not based on the personal knowledge of the declarant. |
| ¶¶ 39, 44, 50 | Relevance | These assertions, if true, do not make facts material to Plaintiff's claims more or less likely to be true. |

| Portion | Basis | Explanation |
|---|---|---|
| ¶ 41 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶ 42 | Relevance<br>Legal opinion | These assertions state legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 45–46, 48–49 | Hearsay<br>Relevance<br>Legal opinion | These assertions state legal opinions and state facts not within the declarant's personal knowledge. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 52–53 | Conclusory<br>Speculative<br>Relevance<br>Legal opinion | These assertions are speculative and conclusory, simply stating subjective fears. They also contain inadmissible legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| Exh. 1 | Hearsay<br>Relevance | This exhibit states facts that are not within the declarant's personal knowledge. It also contains assertions that, if true, do not make material facts more or less likely to be true. |

### C. Declaration of Lisa Newman (ECF 8-3)

| Portion | Basis | Explanation |
|---|---|---|
| Exhs. A–D | Hearsay<br>Relevance | These exhibits state facts not within the declarant's personal knowledge. The also make assertions that, if true, do not make material facts more or less likely to be true. |

### D. Declaration of Amy Hagstrom Miller (ECF 8-4)

| Portion | Basis | Explanation |
|---|---|---|
| ¶ 8 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶ 11 | Relevance | Due to widespread delays in obtaining medical attention during the pandemic, data from 2020 is atypical and does not indicate typical annual abortion data. |
| ¶ 12 | Relevance<br>Legal opinion | These assertions state legal opinions. |
| ¶¶ 13–14 | Conclusory<br>Speculative<br>Hearsay<br>Relevance | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 15, 26 | Relevance<br>Legal opinion | These assertions state legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 16–24 | Conclusory<br>Speculative<br>Relevance<br>Legal opinion | These assertions are speculative and conclusory, simply stating subjective fears. They also contain inadmissible legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 25, 27–28 | Legal opinion | These assertions state legal opinions. |
| ¶ 29 | Conclusory<br>Speculative<br>Legal opinion | These assertions are conclusory and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also state legal opinions, not facts. |

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 30–37 | Conclusory<br>Speculative<br>Hearsay<br>Relevance<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 38–46 | Conclusory<br>Speculative<br>Hearsay<br>Relevance<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |
| ¶ 47 | Conclusory<br>Speculative<br>Relevance<br>Legal opinion | These assertions are conclusory and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |
| Exh. 1–2 | Hearsay | These exhibits state facts that are not within the declarant's personal knowledge. |

**E. Declaration of Melaney A. Linton (ECF 8-5)**

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 7, 13, 17, 22–25, 27–28 | Relevance<br>Legal opinion | These assertions state legal opinions. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 8, 14–15, 28–30, 40–42 | Conclusory<br>Speculative<br>Hearsay<br>Relevance<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 18–19, 39 | Conclusory<br>Speculative<br>Hearsay<br>Relevance | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 20–21, 32 | Conclusory<br>Speculative | These assertions are speculative and conclusory, simply stating subjective fears. |
| ¶¶ 31, 35, 38 | Relevance | These assertions, if true, do not make material facts more or less likely to be true. |
| ¶¶ 33–34 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶¶ 36–37 | Hearsay<br>Relevance | These exhibits state facts not within the declarant's personal knowledge. They also make assertions that, if true, do not make material facts more or less likely to be true. |

**F. Declaration of Rebecca Tong (ECF 8-6)**

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 7–8, 35–36 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion<br>Relevance | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 10–11, 21 | Hearsay | These assertions state facts that are not within the declarant's personal knowledge. |

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 19, 23–26 | Relevance | These assertions, if true, do not make a material fact more or less likely to be true. |
| ¶ 20 | Hearsay<br>Relevance<br>Legal opinion | These assertions state legal opinions and state facts not within the declarant's personal knowledge. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 27, 30 | Conclusory<br>Speculative | These assertions are conclusory and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶¶ 28–29 | Hearsay<br>Relevance | These exhibits state facts not within the declarant's personal knowledge. They also make assertions that, if true, do not make material facts more or less likely to be true. |
| ¶¶ 31–34 | Conclusory<br>Speculative<br>Relevance | These assertions are conclusory and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, would they make materials facts more or less likely to be true. |

### G. Declaration of Vicki Cowart (ECF 8-7)

| Portion | Basis | Explanation |
|---|---|---|
| ¶ 6 | Hearsay<br>Relevance<br>Legal opinion | These assertions state legal opinions and state facts not within the declarant's personal knowledge. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶¶ 8–9 | Conclusory<br>Speculative<br>Relevance | These assertions are conclusory and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, would they make materials facts more or less likely to be true. |
| ¶¶ 10–11 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶¶ 12–13 | Hearsay<br>Relevance | These exhibits state facts not within the declarant's personal knowledge. They also make assertions that, if true, do not make material facts more or less likely to be true. |
| ¶¶ 14–19 | Conclusory<br>Speculative<br>Hearsay<br>Relevance | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |

### H. Declaration of Anna Rupani (ECF 8-8)

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶ 2 | Relevance<br>Legal opinion | These assertions state legal opinions and facts that, if true, do not make material facts more or less likely to be true. |
| ¶¶ 14–15, 21 | Hearsay | These assertions are not within the declarant's personal knowledge. |
| ¶¶ 16–17, 20, 28 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶ 19 | Legal opinion | These assertions are legal opinions. |
| ¶¶ 22–23, 25, 27, 29–30 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. |
| ¶¶ 18, 24, 26 | Hearsay<br>Relevance | These assertions state facts not within the declarant's personal knowledge. Nor, if true, do they make material facts more or less likely to be true. |

## I. Declaration of Joshua Yap (ECF 8-9)

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶ 4 | Legal opinion | These assertions are legal opinions. |
| ¶¶ 5, 27–28 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. |
| ¶¶ 10–11, 13, 16, 21, 25 | Conclusory<br>Speculative<br>Hearsay<br>Relevance | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |
| ¶ 12 | Relevance | These assertions, if true, do not make material facts more or less likely to be true. |
| ¶¶ 14–15, 17–20, 24 | Hearsay<br>Relevance | These assertions state facts not within the declarant's personal knowledge. Nor, if true, do they make material facts more or less likely to be true. |
| ¶¶ 22–23 | Hearsay<br>Relevance<br>Legal opinion | These assertions state legal opinions; state facts not within the declarant's personal knowledge; and state facts that, if true, do not make material facts more or less likely to be true. They also misrepresent S.B. 8's requirements and, as a result, state faulty conclusions that do not make material facts more or less likely to be true. |
| ¶ 26 | Conclusory<br>Speculative<br>Hearsay<br>Relevance<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |

**J. Declaration of Alix M. McLearen (ECF 8-10)**

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶ 7 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶¶ 8–9 | Legal opinion | These assertions are legal opinions. |
| ¶¶ 14–21 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |

**K. Declaration of John Sheehan (ECF 8-11)**

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶¶ 7–11 | Legal opinion<br>Best evidence | These assertions are legal opinions. Further, they testify as to the contents of documents without evidence that the documents themselves are unavailable. |
| ¶ 12 | Hearsay | These assertions are not within the declarant's personal knowledge. |
| ¶¶ 13–19 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Nor, if true, do they make material facts more or less likely to be true. |

**L. Declaration of James S. De La Cruz (ECF 8-12)**

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶¶ 13–14 | Legal opinion | Assertions regarding the effect of the settlement in *Garza v. Hargan* state legal opinions, not facts. |

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶¶ 16–20 | Conclusory<br>Speculative<br>Hearsay<br>Relevance<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. They also contain inadmissible legal opinions, as well as misrepresentations of S.B. 8's requirements and, as a result, faulty conclusions based on those misrepresentations. Nor, if true, do they make material facts more or less likely to be true. |

**M. Declaration of Patrice Rachel Torres (ECF 8-13)**

| Portion | Basis | Explanation |
| --- | --- | --- |
| ¶¶ 12–15, 18, 20 | Legal opinion | These assertions state legal opinions. |
| ¶ 17 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶ 19 | Relevance | The declaration states that Job Corps provided transportation services incident to family-planning services in the last three years. But the declarant testified at deposition that she has no knowledge of the agency providing any such services. False statements have no probative value. |
| ¶ 21 | Hearsay<br>Legal opinion | The declarant testified that others had calculated these figures and that she did not know how they were calculated. Further, these assertions are legal opinions, not facts. |
| ¶ 22 | Hearsay<br>Legal opinion | These assertions state legal opinions and state facts not within the declarant's personal knowledge. |

**N. Declaration of Jillian Matz (ECF 8-14)**

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 6–9 | Legal opinion | These assertions state legal opinions, not facts. |
| ¶ 10 | Hearsay<br>Relevance<br>Legal opinion | These assertions state legal opinions; state facts not within the declarant's personal knowledge; and state facts that, if true, do not make material facts more or less likely to be true. |
| ¶¶ 11–13 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Further, they state legal opinions, not facts. |

**O. Declaration of Laurie Bodenheimer (ECF 8-15)**

| Portion | Basis | Explanation |
|---|---|---|
| ¶¶ 5, 7–8 | Legal opinion | These assertions state legal opinions, not facts. |
| ¶ 6 | Conclusory<br>Speculative<br>Hearsay | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. |
| ¶¶ 9–14 | Conclusory<br>Speculative<br>Hearsay<br>Legal opinion | These assertions are conclusory, not based on the declarant's personal knowledge, and not based on supporting evidence that would entitle the declarant to reach a conclusion. Further, they state legal opinions, not facts. |

**P. Declaration of Anne Marie Costello (ECF 8-16)**

The declaration should excluded in its entirety as hearsay and legal opinion. The declarant testified at her deposition that the only factual basis for her declaration was her review of the cited statutes, regulations, and guidance. She further testified that she is not a lawyer and has no formal legal training. Even if interpreting the law were the job of a witness rather than the Court, this declarant would be unqualified to do so.

### Q. Conclusion

The Court should sustain the Defendant's objections to the declarations as hearsay and refuse to admit them into evidence. In the alternative, it should sustain the Defendant's particular objections and refuse to admit the objected-to statements into testimony. The State of Texas respectfully requests that it do so.

Date: September 30, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

BETH KLUSMANN
Assistant Solicitor General
Tex. State Bar No. 24036918

NATALIE D. THOMPSON
Assistant Solicitor General
Tex. State Bar No. 24088529

ERIC A. HUDSON
Senior Special Counsel
Tex. State Bar No. 24059907

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

*/s/ Amy S. Hilton*
AMY S. HILTON
Assistant Attorney General
Tex. State Bar No. 24097834

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
will.thompson@oag.texas.gov
beth.klusman@oag.texas.gov
natalie.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
leif.olson@oag.texas.gov
amy.hilton@oag.texas.gov

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 30, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Amy S. Hilton*
AMY S. HILTON
Assistant Attorney General