RECEIVED October 04, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: LRT DEPUTY

Case 1:21-cv-00796-RP   Document 62   Filed 10/04/21   Page 1 of 15

FILED October 04, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: LRT DEPUTY

# IN THE U.S. FEDERAL DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| USA | 21-cv-796 |
| v | Honorable Judge Robert Pitman |
| | Related Case: 1:21-cv-00616-RP |
| TEXAS | Cause:    28:1345 USA Plaintiff |

### GOMEZ FRCP 24(a) or (b) MOTION TO INTERVENE AS DEFENDANT, AND FOR *FORUM NON CONVENIENS* DISMISAL WITHOUT PREJUDICE DUE TO STATE COURT MATTER *GOMEZ v BRAID, et al., 21CI19920* (Bexar Co.).

State Court Plaintiff Felipe Gomez, plaintiff in the first S.B. 8 suit, *Gomez v Braid 21CH19920, Bexar Co., Texas et al*, moves this Court for leave to intervene in this action as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, in permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), and also MOVES that this matter be DISMISSED WITHOUT PREJUDICE on *Forum Non Conveniens* grounds, where the same issues are before a State Judge, as to the issues already leading to the TRO already issued by Judge Gamble in *Planned Parenthood v RTL*, and as grounds therefore states as follows:

### A. INTERVENTION

1. Intervener Gomez is plaintiff in the 9.20.21 filed *Gomez v Braid, 21CI19920*, a copy of which 9.23.21 First Amended Complaint, sounding under the Texas Declaratory Judgement Act, and S.B. 8, the "Texas Heartbeat Act", and adding instant Plaintiff USA and instant Defendant Texas, as well as local provider Planned Parenthood, therein is attached. *Attachment A - 9.23.21*

*First Amended Complaint.*

2. On 9.30.21, Texas moved to dismiss this federal action, claiming, relevant to Gomez state court action, *inter alia*, that this Court has no right to bar lawsuits such as Intervenor Gomez's attached lawsuit. *See 19cv796 Docket [54] at* 5-8.

3. That assertion, and many others made therein, is directly determinative of Gomez's ability to proceed with his state action, and Texas and USA are not in the unique position as Gomez is as an actual private party, instead of the that fictional party hypothesized by Texas motion to dismiss.

4. The Motion to Intervene is timely because the litigation is in its early stages, with the defendants' motion to dismiss filed just yesterday, and initial hearing having been held on 10.1.21, and, on information and belief, the Motion to Dismiss yet to be presented and set for briefing, thus, intervention at this juncture will not prejudice the existing parties.

5. Movant has a substantial legal interest in the subject matter of the action, including having it heard in State Court, because it and his state matter involve similar or identical claims asserted under Constitutions of the USA and Texas, and laws enacted thereunder, as well as the Supremacy,

Commerce, Privacy and Due Process clauses of the USA Constitution as balanced against State's Rights and those of the Citizens of both.

6. Disposition of the action without the Gomez being able to move to transfer to State Court, or to respond to the TRO request and Motion to Dismiss as it affects his lawsuit, and a person's right to bring it, may impede its prosecution and related interests. Because there are no cases interpreting S.B. 8, the outcome of this case implicates the need to see issues from the viewpoint of an actual litigant, whose case came before Intervenor Stilley [40] and has a different structure that will not be addressed by his defense of his right to bring, or the lack of that right, as to his State action.

7. Consequently, Gomez interests are not adequately protected by the existing parties to the litigation, none of whom have sought to have the matter transferred to state court.

8. Gomez also satisfies the requirements for permissive intervention because his claims in the State Court matter have questions of law and fact in common with the claims and facts at issue in this action, and the action involves the interpretation of the same statutes and cases, especially *Roe*.

9. As further support for this Motion, and as Intervenor Stilley did in his Motion [31], Gomez adopts the caselaw in the Motion and Memorandum [28] submitted by the first three intervenors, as entitling him to intervene as was allowed them and Oscar Stilley [40].

### II. FORUM NON CONVENIENS

10. Proposed Intervenor Gomez asserts that this matter does not belong in this Court at all, let alone that any TRO should issue (here), which, as a general matter, all parties other than the USA appear to assert as the pleadings on file indicate, including the 9.30.21 late-filed Texas motion to dismiss [54],and Intervenors Tilley et al. [28, 43, 44, 48].

11. Proposed Intervenor cites in support of this motion, to *Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)*(So long as there was a remedy available in the alternate forum, it did not matter if the remedy was clearly insufficient); *Sinochem Int'l Co. v. Malaysia Int'l Shippingcorp. (No. 06-102), 436 F. 3d 349, reversed and remanded(*federal court may hear and pass a ruling on a forum non conveniens claim even if that court does not necessarily have subject-matter jurisdiction or personal jurisdiction over the case in front of the court*); and Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49 (2013)*(doctrine of *forum non conveniens*, not 28 U.S.C. 1404(a), should be used when a defendant moves for transfer of a federal action to a state court*)*.

12.     As to the *forum non conveniens* balancing test, Gomez asserts the balance favors, on all factors, transfer to *Gomez v Braid, 21CI 19920*, which was the first SB 8 case filed, and states as to that multi-part test as follows:

**A. Private Factors**

I   **Ease of access to evidence/ease of obtaining witnesses:** While "evidence" is not needed here in 21cv796, it is relevant to the (3) state court matters if they are allowed to proceed, discovery would be had there as a matter of course, and the parties at issue, Dr, Braid, Texas RTL, on info and belief the patient Jane Roe II, and the facility are all located in or near San Antonio, so this factor here favors transfer.

2.   **Interest of parties in their connections with the respective forums:** Clearly, Texas has an interest in having its courts address a Texas state law that has been directly challenged, albeit by "saboteurs", and where Judge Gamble has already issued a similar TRO to that sought by USA here on 9.3.21 (*Planned Parenthood Texas v Texas Right to Life, D-1-GN-21-004632*).

Both Movant and Intervenor Stilley have a clear interest in proceeding in state court, exemplified by the complaints already filed there, this federal matter distracting both plaintiffs there due to needed to try to preserve rights here.

USA appears to lack standing to even be addressing this Court, at least as Plaintiff, and given that Movant and Oscar Stilley are already, and would be the ones suffering the harm in the event this matter lingers here when it should be in state court, let alone should a TRO issue here when the State Courts have already been willing to and have issued a TRO that is directly binding on the parties before her, as would any TRO or denial in the current state court matters.

USA is a defendant in Movant's state case, thus the interest factor is attenuated as to USA, as it is obligated to appear in the state case

once served, thus the factor clearly favors transfer to consolidate the various claims in one place.

3. **Plaintiff's chosen court would be burdensome to the defendant**: The USA is a defendant in *21CI 19920*, thus it is clearly a burden to force Movant to file duplicative counterclaims here, and pursue the USA in 2 forums for the same claim.

B.     **Public Factors**

1. **Multiple sets of laws/jury confusion/jury conflicts**: While there is no jury involved here, there is a confusing, or at least complex, intersection between federal procedural and state substantive law that is best decided by the State first, as it is a State law, and thus a decision either way here could cause similar confusion, and a lot of potentially unneeded confustication by this Court and those above, and the confusion factor favors transfer.

2. **Local interest - being heard/having trial where state laws govern:** The law under attack is a State law, and clearly only applies to Texans as far as the ban on abortions (albeit not so for random plaintiffs as are present here), and Judge Gamble already has found it potentially wanting, but also not having a "live" S.B. plaintiff and defendant before her to have full relief there, where complete relief aligned directly with SB 8 and Texas and a putative plaintiff and defendant can be had in 21CI 19920, and where USA is free to amicus, and then paricipate if and when SCOTUS gets it, once State appeals are exhausted as is required before that event can occur, and which transfer will facilitate, freeing his Honor to address other pressing cases.

3. **Adequate Alternative Inquiry Test**: The alternate court offered is clearly able to hear the case, the first amended complaint having been accepted and filed, and the alternate court has the ability to provide a remedy in keeping with Judge Gamble, or contrary to same, thus affording both parties the same opportunity to have the competing claims heard and decided by a court of competent

jurisdiction, with personal and subject matter over the claims as well as parties here, once all are joined therein.

13. As noted and public record indicates, there are three state cases already ongoing, including the one where Judge Gamble has already issued a narrow TRO against a party of interest here, and its operatives.

14. Movant's is the first filed by a putative litigant under S.B. 8, and thus is the forum where the issues being briefed here should be heard as a matter of logic, fact, and law as set forth herein.

15. Gomez has conferred at some length with Texas, and intervenor Stilley, as to these motions. Gomez has received lack of objection from Oscar Stilley as to intervention, and no position as to the change of venue, which is also confirmed as a lack of objection, reserving any position for the moment.

Texas stated it is not opposed to intervention or the *forum non conveniens* request, as long as the request is for dismissal, not transfer, there being no mechanism for the latter, citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013); see also *Manufacturers All. Ins. Co. v. B&B Transp., LLC*, No. 1:18-cv-13-RP, 2018 WL 7288577, at *4 (W.D. Tex. Dec. 14, 2018) (Pitman, J.) ("Because B&B asserts its motion to transfer solely on forum non conveniens grounds and requests that this action be refiled in state court, the Court

will construe B&B's motion as a motion to dismiss for forum non conveniens."), which Movant also cites in support.

Movant has not heard back from inquires to USA or the RTL intervenors.

16. WHEREFORE, GOMEZ MOVES this Court allow his Intervention and to dismiss without prejudice, under forum non conveniens, due to the more appropriate forum *Gomez v Braid*, 21 CI 19920, (Bexar Co., Tx), or if "change of venue" dismissal not on the merits, is denied, grant leave to file a response to the Motion to Dismiss and participate in the hearing thereon, to the extent it does and as it affects his state case, and to otherwise participate in the federal matter as this Court sees fit and may allow as the case proceeds to speak to the state case from the perspective as an actual litigant there, if in fact the parties simply do not take these important issues up there.

Submitted By: s/Felipe N. Gomez, Pro Se    10.4.21

**CERTIFICATE OF SERVICE**

I hereby certify that on 10.4.21 a true and correct copy of the foregoing has been served by the Notice of Electronic Filing, and was electronically filed with the Clerk of the Court via the CM/ECF system, which generates a notice of filing to all those appearing.

/s/ _Felipe N. Gomez 10.4.21_

Felipe Gomez, Pro Se
PO Box 669
Forest Park, IL 60148
312.509.2071
fgomez9592@gmail.com

# ATTACHMENT A

# FAC Gomez v Braid et al. 21 CI 19920

FILED
9/23/2021 10:52 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Shaamid Gaitan
Bexar County - 224th District Court

Case 1:21-cv-00796-RP   Document 62   Filed 10/04/21   Page 11 of 15

# IN THE DISTRICT COURT OF TEXAS
# BEXAR COUNTY

| | |
|---|---|
| **Felipe N. Gomez**<br>Taxpayer/Pro Choice Plaintiff<br><br>v.<br><br>**Dr. Alan Braid,**<br>Provider<br>**Planned Parenthood, So. Austin**<br>Provider<br>**United States of America**<br>Interested Party<br>**The State of Texas**<br>Interested Party | **Case No: 21CI 19920**<br><br>Uniform Declaratory Judgment Act, TCPRC Sec. 37<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

## FIRST AMENDED COMPLAINT

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined in Texas Heartbeat Act, Sec. 171.208, and per Tex. Civ. Prac. & Rem. Code Ann Sec 37 (Declaratory Judgement Act) as to interpreting S.B. 8, and Sec.171.208 COMPLAINS and PRAYS as follows:

1. On information and belief Texas resident Defendant Dr. Alan Braid, 4499 Medical Drive, 230, San Antonio, TX 78229, admitted he performed an abortion in Texas on or about 9.6.21 where his patient was more than 6 weeks pregnant, and/or where the fetus had a detectable heartbeat, which Sec. 171.208(a)(1) declares is illegal.

2. On information and belief, Defendant Planned Parenthood, South Austin Abortion Center, Austin TX, also has performed abortions past the 6 week deadline or when there was a detectable heartbeat, after 9.1.21, which S.B. 8

    also holds is illegal.

3. Plaintiff, a USA citizen and llinois resident, is not coordinating with Right to Life or and Pro or Anti abortion group, is acting independently, and is a "person" as defined in the Texas Hearbeat Act, which provides in relevant part:

> "Sec. 171.208.  (CIVIL LIABILITY FOR VIOLATION OR AIDING OR ABETTING VIOLATION). (a)  Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who: (1)  performs or induces an abortion in violation of this subchapter;  (b)  If a claimant prevails in an action brought under this section, the court shall award:  (1)  injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter; (2)  statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted;

4. Plaintiff asserts that Plaintiff, suing on the admission of defendant, clearly will likely qualify as "prevaling party" (also qualifying for a TRO, which Plaintiff would agree, to in order for Texas Court(s) to have first call on the legality of a state statute), should this matter proceed under S.B. 8.

    However, prior to litigating that claim, Plaintiff has a conflict as to what law applies in this matter, *Roe v Wade*, 410 U.S. 113 (1972), or S.B. 8, in regards to inter alia, whether prosecuting this complaint under S.B. 8 would be in violation of Federal Law as espoused in *Roe*, which confirms that the protections against invasion of privacy cannot be infringed by any State.

5. To wit, and underlying Plaintiff's request for a declaratory judgement prior to proceeding under S.B. 8, a Plaintiff intending to pursue an S.B. 8 action must consider that he or she may in fact be infringing an established personal Constitutional Right, with assistance from Texas, which, if S.B. 8 were ruled

illegal, might lead to a 42 USC 1985 lawsuit.

6. Plaintiff asserts one major reason no practicing attorney has filed (in addition to a lack of witness/plaintiffs), is that an attorney has taken an oath to uphold and obey all valid laws, including the Texas and U.S. Constitution, and thus signing an S.B. 8 complaint, where there is already a TRO on Right to Life and any of its operatives (See 9.3.21 Judge Gamble Order in *Planned Parenthood v Right to Life*, D-1-GN-21-004632 (Travis Co, 53rd Dist), is something an attorney may not be willing to risk, until the conflict is resolved.

7. Relatedly, Plaintiff here is respectful of the spirit of Her Honor Gamble's just reviewed order, which by inference might be arguably extended to this complaint, and any complaint under S.B. 8, until the issues of whether S.B. 8 is legal under Federal Law is resolved.

8. Plaintiff alleges that, by the letter of Federal Law, Defendant did not violate *Roe v Wade*, and that by that same letter, S.B. 8 appears to be Unconstitutional as written and as applied here until *Roe v Wade* is reversed or modified, or until a Texas or other Court clarifies and declares the relative import that a filing attorney or person need give to *Roe* when filing under S.B. 8.

9. On information and belief Interpleader Defendants USA, Planned Parenthood and resident Defendant Braid oppose S.B. 8, and proposed additional party defendant Texas supports it, claiming an overriding interest in protecting "life" (despite it being the Law of the Land a fetus is not viable at 6 weeks and is not "alive", albeit autonomous bodily functions have started) creating competing claims and interests, which could need to be determined before any suit can proceed under S.B. 8.

10. USA is hereby joined as it has an interest, as an agent for The People, to speak

to its interests in enforcing the Constitution as expressed in *Roe v Wade,* or against S.B. 8, as well as Texas, in favor thereof, on behalf of (some) of the majority of The People, implicating the UDJA and TRCP 39(2)(i), where issues, objections or supporting evidence not preserved on the trial record, where there was an opportunity to make that record, may be considered waived on appeal.

11. Defendants Planned Parenthood and Dr. Braid face inconsistent obligations, the latter to his practice and patients and his oath, the former to its patients, and both also are obligated to try to obey conflicting Texas and Federal Law, as to how and when he can perform an abortion, thus implicating TRCP 39(2)(ii).

12. Plaintiff also faces inconsistent obligations and multiple risks, as *Roe v Wade* would seem to bar this lawsuit (and potentially lead to sanctions for signing a complaint where the underlying law appears to violate the Constitution and a lawyer is charged with knowing that before trying to use a law to gain legal precedent or monetary gain), given *Roe* positively declares that abortions are legal under these facts, yet S.B. 8 attempts to assert the opposite, in ignorance of the Supremacy and Commerce Clauses, as well as the Right of a person to be inviolate in their bodies for government intrusion.

WHERFORE, PLAINTIFF seeks the Court Declare whether the TRO in Planned *Parenthood v Texas Right to Life*, D-1-GN-21-004632 (Travis Co, 53rd Dist) should be extended to this, and all other suits under S.B. 8 until the issues there, here, and in *USA v Texas*, 21cv796, and other cases are decided, after briefing by the stakeholders, as to whether the Act is legal, and enforceable, under Federal Law, as written and/or as applied to the instant facts.

Submitted By: s/ *Felipe Gomez,*   Pro Se        Date: **09.23.21**

Felipe Gomez

1922 W. Belmont Ave 1F

Chicago IL 60657

312.509.2071

fgomez9592@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57562783
Status as of 9/27/2021 4:54 PM CST

Associated Case Party: FelipeNGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Felipe NGomez | | fgomez9592@gmail.com | 9/23/2021 10:52:11 PM | SENT |