IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00796-RP |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

**RESPONSE IN OPPOSITION
TO SEALING AUDIOVISUAL RECORDINGS [ECF 36]**

"Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "The presumption of openness is Law 101: 'The public's right of access to judicial records is a fundamental element of the rule of law.'" *Id.* "Openness is also Civics 101. The Constitution's first three words make clear that ultimate sovereignty is wielded not by government but the governed. And because 'We the People' are not meant to be bystanders, the default expectation is transparency—that what happens in the halls of government happens in public view." *Id.* "Americans cannot keep a watchful eye, either in capitols or in courthouses, if they are wearing blindfolds." *Id.* For these reasons, the Fifth Circuit directs courts to "be ungenerous" when asked to seal judicial records. *Id.* at 418.

The Court should deny the federal government's unsupported request to seal presumptively public judicial records.

The federal government argues that "civil servants have a legitimate privacy interest" in limiting what evidence is publicly available on how they perform their jobs, and that "they reasonably expect" that they will not be subjected to video-recorded cross-examination about how they perform. Not so. The federal government does not provide any case, rule, or statute that supports finding a

privacy interest for public employees who testify on the record about how they do their jobs. And if a general interest in "privacy" were enough to overcome the presumption of public access, then the presumption would be pointless. It would be overcome in every case.

Of course, the presumption can be overcome by interests in "protecting trade secrets" or protecting the "identities of confidential informants," *Binh Hoa Le*, 990 F.3d at 419, but the federal government does not claim that their declarants have divulged any trade secrets or that their declarants are confidential informants. Nor does the federal government assert any other interest that would justify suppressing the videos.

The federal government cites two cases to support its motion. In the first case, the federal government provided evidence in support of their request. Order at 2-3, ECF No. 96, *Judicial Watch, Inc. v. U.S. Dep't of State*, 14-cv-1242-RCL (D.D.C. April 25, 2019). No evidence has been provided that justifies sealing the record in this case. The second case is a minute entry that does not include any order or reasoning supporting the decision of the trial court. *See Judicial Watch v. Dep't of State*, No. 13-cv-1363-EGS (D.D.C May 26, 2016), Thus, it is not possible to determine how that court reached the conclusion that the movants met their heavy burden of demonstrating the necessity of a sealing order.

Finally, to the extent that any privacy interest exists, it has been waived. Though the Court limited the State of Texas to twenty minutes of video, those twenty minutes have now been shown to dozens of non-party viewers and media sources who were permitted to attend the Friday, October 1, 2021, hearing. Thus, even if the Court finds that sealing video is necessary, that sealing should not reach the information that has already been shown publicly.

## Conclusion

Because the federal government has not carried its burden to demonstrate good cause to seal the deposition videos taken in this litigation, the Court should deny the motion to seal.

| | |
|---|---|
| Date: October 4, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | BETH KLUSMANN<br>Assistant Solicitor General<br>Tex. State Bar No. 24036918 |
| | NATALIE D. THOMPSON<br>Assistant Solicitor General<br>Tex. State Bar No. 24088529 |
| | */s/ Eric A. Hudson*<br>ERIC A. HUDSON<br>Senior Special Counsel<br>Tex. State Bar No. 24059977 |
| | LEIF A. OLSON<br>Special Counsel<br>Tex. State Bar No. 24032801 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>will.thompson@oag.texas.gov<br>beth.klusmann@oag.texas.gov<br>natalie.thompson@oag.texas.gov<br>eric.hudson@oag.texas.gov<br>leif.olson@oag.texas.gov |
| | **COUNSEL FOR DEFENDANT** |

**CERTIFICATE OF SERVICE**

    I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 4, 2021, and that all counsel of record were served by CM/ECF.

                                      */s/ Eric A. Hudson*
                                      ERIC A. HUDSON