RECEIVED October 07, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: LRT DEPUTY

Case 1:21-cv-00796-RP   Document 72   Filed 10/07/21   Page 1 of 9

FILED October 07, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: LRT DEPUTY

IN THE U.S. FEDERAL DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| USA | 21-cv-796 |
|---|---|
| v | Honorable Judge Robert Pitman |
| TEXAS | Related Case: 1:21-cv-00616-RP<br>Cause:     28:1345 USA Plaintiff |

**GOMEZ MOTION TO EXPEDITE MOTION TO INTERVENE [62], AND FOR RECONSIDERATION/CLARIFICATION OF TRO [68] AS AFFECTING AND AS APPLIED TO *GOMEZ v BRAID, 21 CI 19920 (Bexar Co. TX)***

NOW COMES PROPOSED INTERVENOR , State Court Plaintiff Felipe Gomez, plaintiff in the first S.B. 8 suit, *Gomez v Braid 21CI 19920, Bexar Co., Texas et al*, and respectfully moves this Court to expedite granting of his Motion to Intervene [62], given that Movant also had requested *Forum Non Conveniens* be applied, Movant has not had the opportunity to speak to that request, which was not afforded prior to issuance of [68], and which timely Forum Non Conveniens request entailed proceeding in 21 CI 19920, and where appeal 1-21-50949 has already been taken in the 5th Circuit by Texas.

Movant reports that Bexar County stated this morning that Movant's second amended complaint submitted prior to issuance of [68], will in fact be processed despite the TRO, which Second Amended Complaint includes all parties of interest, a grouping that does not exist in any of the other SB 8 related cases.  *See Attachment A - Copy of Submitted SAC* (awaiting file stamping or rejection). Movant also reports he had requested issuance of summons prior to the TRO [68], which request was returned for correction today, and Movant also needs to request summons for the

added parties, but is unclear as to his ability to do so, and thus seeks clarification for both himself and Bexar County District Court as to whether that can proceed as well.

Movant also notes that his complaint sounds first in equity, not at law under S.B. 8 directly, requesting relief under the Texas Uniform Declaratory Judgement Act, Texas Rules of Civil Procedure, Sec. 37.

Thus, Movant argues that his state court declaratory judgment suit should be allowed to proceed as long as it is not under S.B. 8, which it may never be if Movant's judge there agrees with His Honor's courageous, excellent and necessary air brake to a proliferation of S.B. 8 suits here [68].

Movant must also note that there exists confusion and concern from a jurisprudence standpoint, as the TRO is directed to somewhat "nuetral" third parties, whom now will be torn between their position descriptions (which are private contracts), and His Honor's TRO telling them not to do a portion of their jobs, which do not include passing judgement or agreeing with whatever is being processed (which can be addressed on reconsideration, if desired, directing the TRO at filers, not the processors).

**WHEREFORE, MOVANT** requests his intervention be allowed [62], and that the Court clarify [68] as to 1. Whether Movant can proceed under the UDJA in 21 CI 19920 to obtain a declaration by a State Judge as to S.B. 8, and 2. Whether trying to direct Texas as to how it processes legal papers is the least burdensome method of trying to stave off S.B. 8 suits that are not in fact proliferating, and whether a declaration here, to be echoed hopefully in 21 CI 19920, might not be as or more effective without having to direct a State as to having a non-lawyer clerk to actually read what is filed

there, and try to determine if it is barred by the TRO or not, Movant's complaint as a prime example of a suit that processing of which may or may not be barred by the TRO as written.

  Movant reports that Stilley believes that the TRO is "crystal clear" that not only is he barred, but he believes that Movant is as well. Texas and the other Intervenors have not responded to Movant's FRCP 26 conference and settlement exploration request , however Texas already stated it did not oppose intervention or dismissal on Forum grounds.

  Submitted By: s/Felipe N. Gomez, Pro Se     10.7.21

**CERTIFICATE OF SERVICE**

  I hereby certify that on 10.7.21 a true and correct copy of the foregoing has been served by the emailing it to the Clerk, and by the Clerk's filing of it with the Clerk of the Court via the CM/ECF system, which generates a notice of filing to all those appearing.

/s/ _Felipe N. Gomez 10.7.21_____

**Felipe Gomez, Pro Se**
**PO Box 669**
**Forest Park, IL 60148**
**312.509.2071**
**fgomez9592@gmail.com**

**ATTACHMENT**

**Second Amended Complaint**

# IN THE DISTRICT COURT OF TEXAS
# BEXAR COUNTY

| | |
|---|---|
| **Felipe N. Gomez**<br>Taxpayer/Pro Choice Plaintiff<br><br>v.<br><br>**Dr. Alan Braid,**<br>Provider/Defendant<br><br>**Planned Parenthood, So. Austin**<br>Provider /Defendant<br><br>**United States of America**<br>Interested Party/Interpleader Defendant<br><br>**The State of Texas**<br>Interested Party/Interpleader Defendant<br><br>**Jane Roe II**<br>Patient/Interested Party/Interpleader Defendant<br><br>**Oscar Stilley**<br>SB 8 Plaintiff 2/Interpleader Defendant<br><br>**Wolfgang P. Hirczy De Mino, Ph.d.,**<br>Aka Texas Heartbeat Project<br>SB 8 Plaintiff 2/Interpleader Defendant | **Case No: 21CI 19920**<br><br>Uniform Declaratory Judgment Act, TCPRC Sec. 37<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

## SECOND AMENDED COMPLAINT

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined in Texas Heartbeat Act, Sec. 171.208, and per Tex. Civ. Prac. & Rem. Code Ann Sec 37 (Declaratory Judgement Act) as to interpreting S.B. 8, and Sec.171.208 COMPLAINS and PRAYS as follows:

1. On information and belief Texas resident **Defendant Dr. Alan Braid M.D.**, 4499 Medical Drive, 230, San Antonio, TX 78229, admitted he performed an abortion in Texas on or about 9.6.21 where his patient, **Interpleader Defendant Jane Roe II**, was more than 6 weeks pregnant, and/or where the fetus had a detectable heartbeat, which Sec. 171.208(a)(1) declares is illegal.

2. On information and belief, **Defendant Planned Parenthood, South Austin** Abortion Center, Austin TX, also has performed abortions past the 6 week deadline or when there was a detectable heartbeat, after 9.1.21, which S.B. 8 also holds is illegal.

   **Interpleader Defendants Oscar Stilley** and **Wolfgang P. Hirczy De Mino, Ph.d., aka "Texas Heartbeat Project"**, filed lawsuits under SB 8 subsequent to, and competing and/or conflicting with this one, which are sought to be enjoined herein while this Court hears the current UDJA request.

3. Plaintiff, a USA citizen and llinois resident, is not coordinating with Right to Life or and Pro or Anti abortion group, is acting independently, and is a "person" as defined in the Texas Hearbeat Act, which provides in relevant part:

   > "Sec. 171.208.  (CIVIL LIABILITY FOR VIOLATION OR AIDING OR ABETTING VIOLATION). (a)  Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who: (1)  performs or induces an abortion in violation of this subchapter;  (b)  If a claimant prevails in an action brought under this section, the court shall award:  (1)  injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter;
   > (2)  statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted;

4. Plaintiff asserts that Plaintiff, suing on the admission of defendant, clearly will

likely qualify as "prevailing party" (also qualifying for a TRO, which Plaintiff would agree, to in order for Texas Court(s) to have first call on the legality of a state statute), should this matter proceed under S.B. 8.

However, prior to litigating that claim, Plaintiff has a conflict as to what law applies in this matter, *Roe v Wade*, 410 U.S. 113 (1973), or S.B. 8, in regards to inter alia, whether prosecuting this complaint under S.B. 8 would be in violation of Federal Law as espoused in *Roe*, which confirms that the protections against invasion of privacy cannot be infringed by any State.

5. To wit, and underlying Plaintiff's request for a declaratory judgement prior to proceeding under S.B. 8, a Plaintiff intending to pursue an S.B. 8 action must consider that he or she may in fact be infringing an established personal Constitutional Right, with assistance from Texas, which, if S.B. 8 were ruled illegal, might lead to a 42 USC 1985 lawsuit.

6. Plaintiff asserts one major reason no practicing attorney has filed (in addition to a lack of witness/plaintiffs), is that an attorney has taken an oath to uphold and obey all valid laws, including the Texas and U.S. Constitution, and thus signing an S.B. 8 complaint, where there is already a TRO on Right to Life and any of its operatives (See 9.3.21 Judge Gamble Order in *Planned Parenthood v Right to Life*, D-1-GN-21-004632 (Travis Co. 53rd Dist)), is something an attorney may not be willing to risk, until the conflict is resolved.

7. Relatedly, Plaintiff here is respectful of the spirit of Her Honor Gamble's just reviewed order, which by inference might be arguably extended to this complaint, and any complaint under S.B. 8, until the issues of whether S.B. 8 is legal under Federal Law is resolved.

8. Plaintiff alleges that, by the letter of Federal Law, Defendant did not violate *Roe*

*v Wade*, and that by that same letter, S.B. 8 appears to be Unconstitutional as written and as applied here until *Roe v Wade* is reversed or modified, or until a Texas or other Court clarifies and declares the relative import that a filing attorney or person need give to *Roe* when filing under S.B. 8.

9.  On information and belief Interpleader Defendants USA, Planned Parenthood and resident Defendant Braid oppose S.B. 8, and proposed additional party defendant Texas supports it, claiming an overriding interest in protecting "life" (despite it being the Law of the Land a fetus is not viable at 6 weeks and is not "alive", albeit autonomous bodily functions have started) creating competing claims and interests, which could need to be determined before any suit can proceed under S.B. 8.

10. USA is hereby joined as it has an interest, as an agent for The People, to speak to its interests in enforcing the Constitution as expressed in *Roe v Wade,* or against S.B. 8, as well as Texas, in favor thereof, on behalf of (some) of the majority of The People, implicating the UDJA and TRCP 39(2)(i), where issues, objections or supporting evidence not preserved on the trial record, where there was an opportunity to make that record, may be considered waived on appeal.

11. Defendants Planned Parenthood and Dr. Braid face inconsistent obligations, the latter to his practice and patients and his oath, the former to its patients, and both also are obligated to try to obey conflicting Texas and Federal Law, as to how and when he can perform an abortion, thus implicating TRCP 39(2)(ii).

12. In addition to the competing lawsuits, where this action came first, Plaintiff also faces inconsistent obligations and multiple risks, as *Roe v Wade* would seem to bar this lawsuit (and potentially lead to sanctions for signing a complaint where the underlying law appears to violate the Constitution and a lawyer is charged with knowing that before trying to use a law to gain legal precedent or monetary gain), given *Roe* positively declares that abortions are legal under these facts,

yet S.B. 8 attempts to assert the opposite, in ignorance of the Supremacy and Commerce Clauses, as well as the Right of a person to be inviolate in their bodies for government intrusion.

WHEREFORE, PLAINTIFF seeks the Court Declare whether the TRO in *Planned Parenthood v Texas Right to Life, D-1-GN-21-004632 (Travis Co, 53rd Dist)* should be extended to the SB 8 component of this suit, and all other suits, including *Tilley v Braid*, 2021CI19940 (Bexar Co. Tx) and *De Mino v Braid*, 21-2276-C (Smith Co. Tx) and all suits under S.B. 8 or as to the same relief sought here, here, until the issues here are decided, after briefing by the stakeholders whom this second amendment further includes, and that this Court declare its findings as to whether the S.B. 8 Texas Heartbeat Act is legal, and enforceable, under Federal Law, as written and/or as applied to the instant facts.

Submitted By: s/ *Felipe Gomez*, Pro Se          Date: **10.06.21**

Felipe Gomez
1922 W. Belmont Ave 1F
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com