IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                         Case No. 1:21-cv-796 RP

STATE OF TEXAS                                                              DEFENDANT

INTERVENOR OSCAR STILLEY'S ANSWER TO COMPLAINT

Comes now Intervenor Oscar Stilley, (Stilley) and for his answer to complaint states:

1.      Stilley admits paragraph 1.

2.      Stilley admits paragraph 2.

3.      Stilley neither admits nor denies paragraph 3.  The United States intentionally and unlawfully thwarts persons within its custody from gaining effective judicial review of their convictions, sentences, and conditions of confinement.  The United States therefore has unclean hands and should be denied the ability to raise these claims until it ceases and desists from doing the very things for which it condemns the State of Texas.

4.      Stilley neither admits nor denies paragraph 4.  This is the key issue for decision in this case.

5.      Stilley neither admits nor denies paragraph 5, for the reasons stated in the foregoing paragraphs.

6.      Paragraph 6 is a statement concerning relief claimed.  Stilley neither admits nor denies paragraph 6.

7.      Stilley admits paragraph 7.

8.      Stilley neither admits nor denies paragraph 8.

1

9. Stilley admits paragraph 9.

10. Stilley admits paragraph 10.

11. Stilley admits paragraph 11, except the legal conclusion that "the State of Texas" includes private parties, which Stilley neither admits nor denies.

12. Stilley admits paragraph 12.

13. Stilley neither admits nor denies paragraph 13. The United States intentionally thwarts persons within its custody from gaining effective judicial review of their convictions, sentences, and conditions of confinement. The United States therefore has unclean hands and should be estopped from raising these claims until it ceases and desists from doing the very things for which it condemns the State of Texas.

14. Stilley neither admits nor denies paragraph 14-19 inclusive.

15. Stilley admits paragraphs 20-31.

16. Stilley admits paragraph 32 except for the legal conclusion that SB8's monetary awards constitute "state activity" in violation of the 14th Amendment rights of Texas women.

17. Stilley neither admits nor denies paragraphs 33-40, which mostly involve legal conclusions.

18. Stilley admits paragraphs 41-43.

19. Stilley admits paragraph 44, except the legal conclusion that the United States may sue to vindicate its interests. Stilley denies that the United States has any such rights while it maintains unclean hands, by engaging in behavior just as bad as that of which it complains.

20. Stilley admits paragraphs 45-78, subject to the following proviso. Stilley sees nothing in SB8 that excuses persons who assist someone else in traveling out of state for an abortion, from

liability for that act.

21.     Stilley admits paragraph 79.  Stilley is already involved in litigation pursuant to SB8.

22.     Paragraphs 80-91 involve claims for relief.  Stilley neither admits nor denies these paragraphs, but to the extent that a response is required, they are denied.

23.     The prayer for relief does not require a response.  To the extent that a response to the prayer is required, Stilley denies same.

24.     Any paragraph not specifically addressed is hereby denied.  As to all paragraphs neither admitted nor denied, to the extent that Stilley is required to admit or deny, they are denied.

25.     Stilley reserves to himself the benefit of all arguments made by the State of Texas or other intervenors in this case.  Stilley claims all rights successfully urged by the State of Texas or other intervenors.  Stilley claims rights equal to all other persons similarly situated, whether or not they happen to be parties to this litigation.

**AFFIRMATIVE DEFENSES**

26.     Pleading affirmatively, the United States has unclean hands because it commits the same evils for which it now condemns the State of Texas.

27.     Pleading affirmatively, the United States is estopped from claiming that the State of Texas is forbidden to obstruct the rights of Texas women to the rights of peaceful petition, reasonable access to the courts, due process, etc., so long as it commits those very offenses against persons in its own custody.

28.     Pleading affirmatively, the United States routinely puts criminal defendants in jail or prison, for the express purpose of destroying their ability to effectively defend at trial or sentencing, or to effectively appeal a conviction or sentence.

29. Pleading affirmatively, the United States has done this very thing to Stilley.

30. Pleading affirmatively, the United States deliberately denies access to computers, software, peripherals, tech support, office equipment, and office supplies, so as to ensure that inmates in federal custody are not able to effectively vindicate their rights of peaceful petition, reasonable access to the courts, due process, etc.

31. Pleading affirmatively, in *US v. Stilley*, OKND 4:09-cr-43, Stilley was denied access to his transcript prior to sentencing, so he wouldn't be able to expose the falsehoods used against him at sentencing, and also wouldn't be able to prosecute the one direct appeal to which he was and still is entitled by law.

32. Pleading affirmatively, after Stilley was incarcerated on the last day of sentencing in OKND 4:09-cr-43, the United States Department of Justice, (DOJ) through its subsidiary the Federal Bureau of Prisons, (DOJ-FBOP) seized Stilley's set of docket items, consisting of some 4,000 pages, along with other legal papers, and sent them back to his wife. Stilley wasn't given notice or opportunity to be heard, as required by official DOJ-FBOP policy.

33. Pleading affirmatively, the smartest lawyer on planet earth cannot effectively prepare a criminal appeal brief without access to the official court record, especially one where, as in Stilley's case, the trial took three weeks and the sentencing took three days.

34. Pleading affirmatively, Stilley was denied access to the tools indispensable to the effective prosecution of his appeal in OKND 4:09-cr-43.

35. Pleading affirmatively, Stilley never filed his own appeal brief, in 10th Circuit Appeal # 10-5057, (appeal of judgment and commitment order in OKND 4:09-cr-43) because he was denied access to those things indispensable to a competent appeal.

36. Pleading affirmatively, Stilley was relegated to joining his co-defendant's brief, without being allowed to prepare and file a competent appeal brief of his own.

37. Pleading affirmatively, the United States at this very time is attempting to prevent Stilley from getting a ruling on the merits of arguments that would clearly require his criminal judgment to be set aside and vacated altogether. See OKND 4:09-cr-43, Docket entries 701-712.  Such behavior flagrantly violates applicable attorney rules of ethics.

38. Pleading affirmatively, Stilley has been abused and persecuted over more than 10 years of incarceration, for his efforts to vindicate his own right to peacefully petition for the redress of grievances, as well as those same rights held by other inmates similarly situated.

39. Pleading affirmatively, Stilley has spent over 400 days in SHU (Special Housing Unit, or jail for the prison) on hunger strike, mostly either directly or indirectly because of his efforts to vindicate his 1st Amendment right of peaceful petition, for himself and for other inmates similarly situated.

40. Pleading affirmatively, Stilley has been force fed with a nasogastric tube 8 times, and threatened with it many more times, due to his efforts to get the right of peaceful petition for himself and for inmates similarly situated.

41. Pleading affirmatively, Stilley has been punished with approximately 13 "shots" (formal disciplinary incident reports) primarily in retaliation for his efforts to get the right of reasonable access to the courts, 1st Amendment peaceful petition, etc.

42. Pleading affirmatively, these shots have cost Stilley approximately 150 days of lost Good Conduct Time (GCT).

43. Pleading affirmatively, Stilley has offered to donate computers, software, peripherals,

tech support, office equipment, and office supplies, sufficient to ensure that inmates in federal custody are able to effectively vindicate their rights of peaceful petition, reasonable access to the courts, due process, etc.

44.     Pleading affirmatively, Stilley has caused this offer to be made approximately 10 times, over an extended period of time, by many different persons.

45.     Pleading affirmatively, the United States Attorney General's office routinely acknowledges receipt of such offers, but refuses to communicate or respond further.

46.     Pleading affirmatively, the substance of this offer may be reviewed at www.bustingthefeds.com, by clicking the link for the free digital version of the book entitled "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges" (on the main page) and navigating to Appendices 10 and 11 of the book.

47.     Pleading affirmatively, the United States engaged in behavior in the Eastern District of Arkansas, in *Oscar Stilley v. United States, et al*, ARED 2:15-cv-163, designed to prevent Stilley from being able to effectively prosecute his civil case.

48.     Pleading affirmatively, in ARED 2:15-cv-163 Stilley's adversary the DOJ-FBOP received 2,899 pages of discovery from the government, consisting mostly of Stilley's medical records. Stilley was not allowed to make a copy (whether hard or soft) or actually use the discovery to prosecute his meritorious civil case. Stilley lost the case because he had no practical access to discovery that the government admitted was due to him.

49.     Pleading affirmatively, to this day Stilley does not have a copy of this discovery or his medical records "served" on his adversaries in that case. Stilley cannot, for example, know if he needs a tetanus shot, because he cannot see when he last got one while in federal custody.

50. Pleading affirmatively, in *Stilley v. Whitaker et al*, Southern District of Mississippi (MSSD) 3:19-cv-6, Stilley filed a 69 page complaint with 285 pages of exhibits. Amongst other things Stilley attacked the denial of access to those things indispensable to his one direct appeal.

51. Pleading affirmatively, when this complaint was unceremoniously dismissed, Stilley pursued an appeal to the 5th Circuit, styled *Oscar Stilley v. Robert Wilkinson et al*, (*Stilley v. Merrick Garland et al* in the reply) 5th Circuit Case No. 21-60022. This appeal is fully briefed and currently awaiting a decision.

52. Pleading affirmatively, Stilley has at all times vigorously claimed, advanced, and litigated his right to reasonable access to the courts, sufficient to allow him to prosecute the one direct appeal to which he is entitled.

53. Pleading affirmatively, the United States can cleanse its hands without any expense to the taxpayers. In fact Stilley is vehemently opposed to using tax dollars for laudable objects that inmates could and would do for themselves at their own expense, but for the obstructionist tactics of the DOJ. Stilley is willing to collaborate with the DOJ and its subsidiary the DOJ-FBOP, in order to ensure that their interests in the safety and security and good order of federal prison institutions are respected, in the provision of reasonable educational resources to federal prisons.

54. Pleading affirmatively, Stilley will withdraw the affirmative defenses of unclean hands and estoppel, if the DOJ ceases and desists from crushing the litigation capabilities of its adversaries.

WHEREFORE, Stilley respectfully requests that the Court deny the United States any relief whatsoever, on final ruling, until the United States cleanses its unclean hands; that the Court

thereupon enter a final order consistent with justice and the rule of law; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted.

By: /s/ Oscar Stilley                              October 13, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature above certifies that he has caused this pleading to be served on all parties entitled to service, via CM/ECF, upon filing by the clerk.