IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 1:21-cv-796-RP |
| THE STATE OF TEXAS, | § § | |
| Defendant. | § § | |

## UNITED STATES' OPPOSITION TO MOTION TO INTERVENE

The United States hereby opposes the motion to intervene filed by Felipe Gomez on October 4, 2021. Dkt. 62, Motion to Intervene. Mr. Gomez, an individual challenging the constitutionality of S.B. 8 in state court, also moves to intervene here to move for dismissal of this action on *forum non conveniens* grounds.[1] *See id.*, 1-8. Mr. Gomez clearly is not entitled to intervene as of right, and this Court should not exercise its discretion to allow him permissive intervention. *See* Fed. R. Civ. P. 24(a), (b). Mr. Gomez does not possess an interest sufficient to intervene; any interest he has is adequately represented by the existing parties; and therefore his intervention would not aid the Court's decision in this case, and his motion should be denied.[2]

---

[1] Mr. Gomez styled this motion as one "to intervene as Defendant, and for *Forum Non Conveniens* Dismisal [sic]" (Dkt. 62 at 1), but the United States is unsure whether Mr. Gomez intended to seek dismissal by this motion because his motion to expedite contends that he "has not had the opportunity to speak to" his request that "*Forum Non Conveniens* be applied." Dkt. 72 at 1. Regardless, he cannot move to dismiss this case as a non-party and so his motion is not yet before the Court.

[2] The Court should also deny Mr. Gomez's motion for expedited consideration of his intervention, which he argues is needed so he can seek reconsideration or clarification of the Court's preliminary injunction Order. Dkt. 72, at 1. Because the Court cannot currently reconsider or clarify its Order because it has been appealed to the Fifth Circuit, Mr. Gomez's request for expedition should be denied. Dkt. 69, Texas's Notice of Appeal; Dkt. 70, Notice of Appeal by Intervenor-Defendants Erick Graham, Jeff Tuley, and Mistie Sharp. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers

## BACKGROUND[3]

The United States filed suit in this case on September 9, 2021, challenging the constitutionality of S.B. 8. *See* Dkt. 1, Compl.  On September 15, 2021, the United States moved for a temporary restraining order or preliminary injunction against the State of Texas enjoining enforcement of S.B. 8. Dkt. 8, Mot. for TRO/PI.  The Court set the United States' motion for hearing on October 1, 2021, and ordered expedited briefing ahead of that date.  *See* Dkt.12, Scheduling Order.

Before the hearing, four individuals moved to intervene "premised on their representations that the State of Texas cannot adequately represent their interests."  Dkt. 40, 2; *see also* Dkt. 28, Mot. to Intervene by Graham, Tuley, and Sharp; Dkt. 31, Mot. to Intervene by Stilley.  The Court allowed their permissive intervention on that basis, and "permitted [them] to raise only those facts and arguments not already put forth by the parties."  Dkt. 40, 2. After the preliminary injunction hearing, Mr. Gomez moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or (b), on October 6, 2021.  *See generally* Dkt 62. Mr. Gomez seeks to intervene for two reasons.  First, he asserts "this matter does not belong in this Court," and that he has a "substantial legal interest in . . . having it heard in State Court." *Id.* at 1, ¶¶ 5-7.  Mr. Gomez filed a state court action pursuant to the Texas Uniform Declaratory Judgment Act, seeking a declaratory judgment regarding "whether [S.B. 8] is legal, and enforceable, under Federal Law, as written and/or as applied to [his alleged] facts."  *See* Dkt. 62, Attachment A, Gomez's State Court First Am. Compl., at 14.  Here, Mr. Gomez alleges that this interest is not adequately protected by the existing parties because none "ha[s] sought to have the matter transferred to state court."  Dkt. 62 at 1, ¶¶ 5, 7.  Second, Mr. Gomez seeks to intervene to "speak to the state case from the perspective of an actual litigant there."  *Id.* at 8.

---

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[3] In its October 6, 2021 Order (Dkt. 68, 2-18), the Court detailed the factual and procedural background of this litigation, which the United States incorporates here without restating in full.

**LEGAL STANDARD**

"Rule 24(a) permits a party to seek intervention as of right while Rule 24(b) allows a party to seek permissive intervention." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (internal quotation marks omitted). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks omitted).

**ARGUMENT**

**A.  Mr. Gomez has no right to intervene under Rule 24(a).**

To intervene as of right under Rule 24(a)(2), a movant must satisfy four requirements: "(1) the application . . . must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede [his] ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Wal-Mart Stores, Inc.*, 834 F.3d at 565. "Failure to satisfy any one requirement precludes intervention of right." *Entergy Gulf States Louisiana, LLC v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016). Mr. Gomez's request is not timely. Moreover, he fails to satisfy the remaining requirements for intervention as of right.

Mr. Gomez has failed to allege a sufficient interest. Under Rule 24, an "interest is sufficient if it is of the type that the law deems worthy of protection." *Texas*, 805 F.3d at 657-59 (noting that the rule requires "a direct, substantial, legally protectable interest in the proceedings") (internal quotations omitted). That "inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.* (collecting cases). Thus, "an

3

intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Id.* at 657. Mr. Gomez identifies two interests as his basis to intervene: (1) obtaining a dismissal on *forum non conveniens* grounds; and (2) speaking from the perspective of a state court litigant. *See supra* 1-2. Mr. Gomez cannot force the United States to litigate its federal claims in state court. *See* 28 U.S.C. § 1331. Therefore his meritless desire to have this Court dismiss this action on *forum non conveniens* grounds is insufficient because it is not "of the type that the law deems worthy of protection." *Texas*, 805 F.3d at 657-59. And Mr. Gomez does not explain specifically what perspective he plans to offer as a state court litigant and his generalized interest in doing so appears to be rooted in his preference that the case come out a certain way, not a specific, personalized stake in the matter. *See id.* at 657 (noting that merely preferring one outcome to another is an insufficient interest for intervention); *see also Defense Distributed v. United States Dep't of State*, 2018 WL 3614221, *3 (W.D. Tex. July 27, 2018) (noting the Fifth Circuit's direction to be "circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity") (quoting *City of Houston v. American Traffic Solutions, Inc.*, 668 F.3d 291, 294 (5th Cir. 2012)).

Alternatively, any interest Mr. Gomez has is adequately represented by the existing parties. Mr. Gomez's argument for dismissal on *forum non conveniens* grounds is, at bottom, an argument for state court review of S.B. 8 instead or ahead of this Court. Texas not only is capable of advancing that argument, but it already has in these proceedings by arguing that Texas courts are capable of deciding the constitutionality of S.B. 8 and that this Court could abstain in favor of a Texas court's consideration of whether S.B. 8 applies to the federal government. *See, e.g.,* Dkt. 43, Def's Mot. to Dismiss and Resp. to Pl's Mot., 51-55. And at least one of the intervenor-defendants, Mr. Stilley, like Mr. Gomez, is a litigant in related state court matters and likewise can provide that general perspective to the Court. Mr. Gomez does not explain why his interests are not adequately represented by the

other intervenor-defendants; this alone is sufficient basis to preclude his intervention as of right. Accordingly, the Court should deny Mr. Gomez's intervention under Rule 24(a).

### B. Mr. Gomez's intervention should be denied under Rule 24(b).

Mr. Gomez also fails to qualify for permissive intervention pursuant to Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984) (*en banc*); *Trans Chemical Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) (noting that district courts have broad discretion in allowing permissive intervention). "In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Public Service, Inc.*, 732 F.2d at 472. Permissive intervention may be denied when an existing party adequately represents the proposed intervenors. *Id.* (collecting cases); *see also, e.g., Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As explained above, the interests identified by Mr. Gomez are adequately represented by existing parties. Also, Mr. Gomez does not point to any factual issues that his intervention would aid in developing. Nor could he—his state court suit seeks a declaratory judgment on legal, not factual, grounds, and, as an individual who may *at some point* seek a monetary award under S.B. 8's provisions, Mr. Gomez is similarly situated to millions of other potential claimants empowered by Texas to sue under S.B. 8. The proposed intervention, thus, would do nothing to assist the Court in reaching a decision on the legal issue raised by the United States in this case, instead only adding complexity to a case that already has related actions, other intervenors, and numerous additional filings by non-parties. *See, e.g., Solid Waste Agency of Northern Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir.

1996) ("Increasing the number of parties to a suit can make the suit unwieldy.").[4]  "Where the intervenors do not have a legally protectable interest, are adequately represented by an existing party and will not add to the relevant factual development of the case, the position of amicus may be considered more appropriate than an intervention with full-party status, if, as here, such intervention may materially diminish the original parties' rights." *New Orleans Public Service, Inc.*, 732 F.2d at 473 (affirming the denial of permissive intervention).

## CONCLUSION

For the foregoing reasons, Mr. Gomez's motion to intervene and for dismissal of this case should be denied.

Dated: October 18 2021                                     Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHAEL H. BAER
ADELE M. EL-KHOURI
Counsel to the Acting Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

DANIEL SCHWEI
Special Counsel

---

[4] The Court should deny Mr. Gomez's motion even though it previously permitted intervention by Graham, Tuley, Sharp, and Stilley.  As the Fifth Circuit has cautioned, because Rule 24 attempts to address a wide variety of situations "the facts and procedural posture of each case are important, and it is often true that 'general rules and past decisions cannot provide uniformly dependable guides.' " *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (*en banc*)).

*/s/ Olivia Hussey Scott*
Lisa Newman (TX Bar No. 24107878)
James R. Powers (TX Bar No. 24092989)
Joshua M. Kolsky
Kuntal Cholera
Christopher D. Dodge
Cody T. Knapp
Olivia Hussey Scott
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 616-8495
Olivia.Hussey.Scott@usdoj.gov

*Counsel for the United States*

## **CERTIFICATE OF SERVICE**

I certify that on October 18, 2021, I electronically filed the foregoing using the CM/ECF system which will send notification through electronic filing in the Court's ECF system to CM/ECF participants in the case.

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott
