IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

_____
|                                      | §                      |
| UNITED STATES OF AMERICA,            | §                      |
|                                      | §                      |
|            Plaintiff,                | §                      |
| v.                                   | §                      |
|                                      | §  Civil No. 1:21-cv-796 |
| THE STATE OF TEXAS,                  | §                      |
|                                      | §                      |
|            Defendant.                | §                      |

**UNITED STATES' MOTION TO STAY
DISTRICT COURT PROCEEDINGS**

On October 22, 2021, the Supreme Court granted a writ of certiorari before judgment to consider whether the United States can "bring suit in federal court and obtain injunctive or declaratory relief against the State, state court judges, state court clerks, other state officials, or all private parties to prohibit S.B. 8 from being enforced." *United States v. Texas*, No. 21-588, 2021 WL 4928618, at *1 (U.S. Oct. 22, 2021). The Supreme Court set oral argument on that question for November 1, 2021. *Id.* In light of this development, the United States respectfully requests that this Court stay further proceedings in this case pending the Supreme Court's resolution of that question.

As explained below, conducting further proceedings in this Court while the Supreme Court considers the threshold jurisdictional issues presented in this case could result in duplicative parallel proceedings. A stay of these proceedings would promote efficiency and avoid burdensome discovery or merits proceedings, conserve judicial and party resources, and allow the Court and the parties to proceed with the benefit of the Supreme Court's reasoning on the threshold question of jurisdiction and the scope of the injunction.

Counsel for the United States reached out to opposing counsel to discuss a stay on Monday, October 18 and again on Saturday, October 23, and Monday October, 25. Mr. Stilley is unopposed.

1

Counsel for the State of Texas indicated that they are unopposed to a stay pending the Supreme Court's ruling on the United States' Application for a Stay. Counsel for Defendant-Intervenors initially indicated that they were opposed to a stay unless the United States agreed to discovery; however, counsel did not respond to the United States' later request for a stay pending resolution of the writ of certiorari.

## BACKGROUND

This Court rendered a lengthy and well-reasoned opinion granting the United States' motion for a preliminary injunction and enjoining enforcement of S.B. 8. *See* Dkt. 68. Specifically, this Court concluded that: (1) the United States has authority to seek equitable relief to protect its sovereign interests—including its interest in ensuring that federal law remains supreme and in the availability of mechanisms for judicial review; (2) the United States is likely to succeed on the merits because S.B. 8 is clearly unconstitutional; (3) allowing S.B. 8 to remain in force would irreparably harm the United States' interests and perpetuate the ongoing irreparable injury to the thousands of Texas women who are being denied their constitutional rights; and (4) Texas would suffer no harm from a preliminary injunction barring enforcement of a plainly unconstitutional law. *Id.*

Texas and Defendant-Intervenors Tuley, Graham, and Sharp appealed that order and moved for a stay in the court of appeals. Dkts. 69, 70. Defendant-Intervenor Stilley did not appeal.[1] In their stay motions, Defendants primarily contested the United States' authority to bring this suit. *United States v. Texas*, No. 21-50949 (5th Cir. 2021). A divided Fifth Circuit panel stayed this Court's preliminary injunction solely for "the reasons stated in" two decisions addressing a prior challenge to S.B. 8 brought by private plaintiffs, *Whole Woman's Health v. Jackson*, 13 F.4th 434 (5th Cir. 2021), and

---

[1] The United States refers to the State of Texas and Defendant-Intervenors Tuley, Graham, and Sharp as "Defendants" for ease of reference. Mr. Stilley is not opposed to this motion and thus is not included when Defendant-Intervenors are referenced.

2

*Whole Woman's Health v. Jackson*, 141 S. Ct. 2494 (2021).  *See United States v. Texas*, No. 21-50949 (5th Cir. October 14, 2021) (per curiam).  The United States filed an emergency application with the Supreme Court to vacate the Fifth Circuit's stay and suggested that the Court could construe the application as a petition for a writ of certiorari before judgment and set the case for briefing and argument this Term.  *United States v. Texas*, No. 21A85, Application to Vacate Stay (U.S. Oct. 18, 2021). On October 22, the Supreme Court construed the application as a petition for a writ of certiorari before judgment and granted it limited to the following question: "May the United States bring suit in federal court and obtain injunctive or declaratory relief against the State, state court judges, state court clerks, other state officials, or all private parties to prohibit S.B. 8 from being enforced." *United States v. Texas*, 2021 WL 4928618, at *1.  The Supreme Court deferred consideration of the application to vacate the Fifth Circuit's stay pending oral argument, set for November 1.  *Id.*

## ARGUMENT

This Court possesses inherent power to stay proceedings in cases before it, "including when a pending ruling from a higher court may affect the case at hand." *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). A court may stay a case pending appeal in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  The exercise of this power is especially important "in cases of extraordinary public moment" where a party "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (quoting *Landis*, 299 U.S. at 256).  In considering whether to "stay a case pending a higher court's decision, the Court considers '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Bilberry*,

2021 WL 536440 at *2 (quoting *Dwyer v. USAA Savings Bank*, No. 5:17-cv-252- FB, 2017 WL 7805760, at *1 (W.D. Tex. 2017)). A stay pending appeal is appropriate even if the appeal will "not settle every question of fact and law." *Landis*, 299 U.S. at 254. Rather, all that is required is a finding that a decision in the appealed case would present substantially similar issues. *Id.*

This Court and other courts within this circuit routinely exercise their discretion to stay district court proceedings to promote judicial economy when the decision in a case pending before a higher court will affect those proceedings. *See Bilberry*, 2021 WL 536440, at *2 (granting stay pending the outcome of Supreme Court decision "given the likelihood that the Supreme Court's decision in *Duguid* will affect the instant case, the lack of undue prejudice to Bilberry, and the interests of judicial economy and consistency served by a stay"); *ING Bank N.V. v. M/V Bulk Finland*, No. 2:15-cv-5975, 2017 WL 2798469, at *2 (E.D. La. June 28, 2017) ("Granting a stay pending the resolution of [a] Fifth Circuit case, . . . will conserve the Court's resources and prevent the parties from engaging in unnecessary appeals or undertak[ing] unnecessary discovery and pretrial actions."); *Defense Dist. v. Dept. of State*, No. 1:15-cv-372-RP, Dkt. 66 (W.D. Tex. 2015) (granting stay after interlocutory appeal of preliminary-injunction proceeding because the issues "are sufficiently intertwined" to those presented in pending appeal); *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (finding that "the interests of the parties, and appropriate conservation of judicial resources, weigh in favor of granting a stay" where "[t]he issues [on appeal] will very likely bear on this case"); *Eaton Vance Municipals Tr. v. Conegie*, No. 4:6-cv-117, 2007 WL 1484539, at *1 (N.D. Miss. May 18, 2007) ("While the pending appeal does not preclude this Court's consideration of the issues raised by defendant's Motion to Dismiss, the Court concludes that the interests of judicial economy and efficiency militate in favor of a stay."). Here, such considerations justify the requested stay.

### 1. The issues before this Court will be affected by the Supreme Court's decision on a threshold issue in this case.

A stay pending the Supreme Court's resolution of the question on which it granted certiorari will serve the interests of judicial economy and efficiency, *Landis*, 299 U.S. at 254, as the Supreme Court's resolution of that question will "simplify the issues" before this Court. *Bilberry*, 2021 WL 536440, at *2.

The Supreme Court's decision will likely provide this Court with dispositive guidance on some or all of the issues presented by this case. The Supreme Court is now considering many of the arguments Defendants made in opposition to the United States' preliminary-injunction motion, and the same arguments they made before the Fifth Circuit and the Supreme Court in opposing a stay of the preliminary injunction, including arguments about jurisdiction, the likelihood of success on the merits, and the scope of the injunction. *Compare* Dkt. 43 at 1–30 (jurisdictional arguments) *with United States v. Texas*, No. 21A85, State of Texas Br. at 12–22 (U.S. Oct. 21, 2021) (same); *id.*, Intervenors Br. at 13–32 (U.S. Oct. 21, 2021) (same). This includes whether and to what extent the Fifth Circuit's previous opinion about the provider suit governs this case. *See United States v. Texas*, No. 21A85, State of Texas Br. at 1–2 (U.S. Oct. 21, 2021) (relying on the Fifth Circuit's opinion in *Whole Woman's Health v. Jackson*); Intervenors Br. at 13–18 (same).

It makes little sense for this case to move forward and for the Court to expend judicial time and resources when the Supreme Court is considering a threshold jurisdictional question that is also presented here.[2] *Cf. Rezko v. XBiotech Inc.*, No. 1:17-cv-734-SS, 2017 WL 4544683, at *1 (W.D. Tex. Oct. 6, 2017) (granting stay because Supreme Court decision was "likely to clarify and resolve the parties' jurisdiction dispute"). A stay would thus "conserve litigation costs for the parties by potentially

---

[2] For these same reasons, discovery should not proceed in this case while that issue is pending in the higher courts. *See id.* (finding that the Supreme Court's decision would inform "the parameters of discovery"); *see also Dwyer*, 2017 WL 7805760, at *2 (same).

5

avoiding needless motion practice, if not a trial and appeal, before the Supreme Court clarifies the applicable law." *Bilberry*, 2021 WL 536440, at *2. This factor counsels in favor of a stay.

### 2. The stay will not prejudice the Defendants.

Defendant-Intervenors contend that discovery should proceed while the Supreme Court decides a threshold jurisdictional issue. Defendants have not identified any reason why discovery would be unavailable at the conclusion of the Supreme Court's proceedings. Indeed, it is puzzling that the parties who contested the jurisdiction of this Court and the authority of the United States' to bring this suit are unwilling to allow those issues to be resolved before engaging in resource-intensive discovery. Because a stay would not prejudice the Defendants, this factor also counsels in favor of a stay.

### 3. This case is in the earliest stages.

Because this case is at an early stage, a stay is appropriate. Although the Court already denied Defendants' motions to dismiss, the parties have not held a Rule 26(f) conference, and this Court has not entered a scheduling order setting deadlines in the case. *See* Fed. R. Civ. P. 26.[3] *See Bilberry*, 2021 WL 536440, at *2 (entering stay where "case is not nearing the end stages"); *Dwyer*, 2017 WL 7805760, at *2 (granting stay and noting "that this case is in its infancy and no Scheduling Order has been entered or trial date set"). Accordingly, a stay will not disrupt any schedule in this case while the Supreme Court resolves the threshold jurisdictional issues.

---

[3] Attorneys for the State of Texas appeared on September 16, 2021. Under Rule 16(b), this Court must issue a scheduling order 60 days after any defendant has appeared: November 15, 2021. Fed. R. Civ. P. 16(b). The parties would be required to conduct a Rule 26(f) conference by October 25, 2021. If a stay is not granted, the United States requests a 60-day extension of the Rule 26(f) deadlines.

6

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court enter a stay of all proceedings in this matter pending the Supreme Court's decision on the United States' writ of certiorari. The United States further suggests that the parties file a JSR within seven days after the Supreme Court's resolution of that writ.

Dated: October 25, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHAEL H. BAER
Counsel to the Acting Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

DANIEL SCHWEI
Special Counsel

*/s/ Lisa Newman*
Lisa Newman (TX Bar No. 24107878)
Kuntal Cholera
Christopher D. Dodge
Cody T. Knapp
James R. Powers
Joshua M. Kolsky
Olivia Hussey Scott
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5578
lisa.n.newman@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF CONFERENCE

I certify that I conferred via email with counsel and parties of record regarding the relief requested in this motion. Mr. Stilley is unopposed. Counsel for the State of Texas indicated that they are unopposed to a stay pending the Supreme Court's ruling on the United States' Application for a Stay. Counsel for Defendant-Intervenors initially indicated that they were opposed to a stay unless the United States agreed to certain discovery; however, counsel did not respond to the United States' later request for a stay pending resolution of the writ of certiorari.

*/s/ Lisa Newman*
Lisa Newman

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was filed electronically, and that all counsel and parties of record were served by CM/ECF.

*/s/ Lisa Newman*
Lisa Newman