## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS,<br><br>Defendant. | Case No. 1:21-cv-796-RP |

### UNITED STATES' RESPONSE TO INTERVENORS'
### MOTION TO WITHDRAW ORDER DISMISSING CASE (ECF NO. 99)

Intervenor-Defendants Erick Graham, Jeff Tuley, and Mistie Sharp ("Intervenors") move the Court "to withdraw its order from August 29, 2022, dismissing the case under Rule 41(a)(1)(A)(i)," contending that "the answer that they served on September 22, 2021 constitutes the responsive pleading and precludes the United States from unilaterally dismissing the case." ECF No. 99. As explained below, reconsideration of the Court's August 29 order administratively closing this case is not warranted. But in the interest of avoiding needless further litigation, the United States respectfully submits that the Court should administratively reopen this case as to only these Intervenors and, pursuant to Federal Rule of Civil Procedure 41(a)(2), enter a dismissal without prejudice.

### A.    The United States Rule 41(a)(1)(A)(i) Dismissal of Intervenors Was Proper.

The United States properly invoked its right to voluntarily dismiss this action unilaterally because Intervenors never served an answer on the United States. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Intervenors do not purport to have served an answer independent from Exhibit 4 of their motion to intervene; rather, they maintain—without citing any support—that the proposed answer they appended to their filed motion to intervene constituted service of an answer within the meaning of Rule 41(a)(1)(A)(i),

*see* ECF No. 28-2 (attaching as "Exhibit 4" a document titled "Intervenors' Answer").  Rule 24(c) of the Federal Rules of Civil Procedure provides that a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  But just as the proposed complaint from a would-be intervenor-plaintiff does not trigger the obligation to respond to the complaint, a proposed answer from a would-be intervenor-defendant does not block a voluntary dismissal.  *See* e.g., *Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, No. 08-cv-323, 2009 WL 1324154 (W.D. Pa. May 12, 2009) (finding that "dismissal pursuant to Rule 41(a)(1)(A)(i) would have been appropriate, as the Intervenor–Defendants had not yet filed an answer," even though the Intervenor–Defendants had attached a proposed answer to their motion to intervene).

Intervenors did not "serve[] … an answer" within the meaning of Rule 41(a)(1)(A)(i) by filing the document appended to their intervention motion.  Pursuant to Rule 5 of the Federal Rules of Civil Procedure, Intervenors' motion and its supporting attachments were required to be served on the United States.  *See* Fed. R. Civ. P. 5(a)(1), 24(c).  As relevant here, this Court's Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases precluded Intervenors from serving their motion to intervene through the CM/ECF system and expressly provide that "the [notice of electronic filing] does not constitute service" of a motion to intervene for purposes of compliance with Rule 5 of the Federal Rules of Civil Procedure.  *See* Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases ("Local Administrative Policies and Procedures") §§ 5(a)(3), 5(b), 5(d).

On September 24, 2021, the United States consented to email service of the Intervenors' "motion to intervene."  Exhibit A, Email from Jonathan Mitchell to Lisa Newman et al (Sept. 24, 2021).  Intervenors did not ask for—and the United States did not consent to—email service of an Answer for purposes of Rule 5's service requirements and Rule 8 of the Federal Rules of Civil Procedure.[1]  *See* Fed. R. Civ. P. 8 (describing the requirements a "party" must follow to "respond[] to a pleading").  At

---

[1]   Intervenors' counsel represented only that they were serving a motion to intervene and requested that "DOJ and Texas OAG each confirm that they are willing to consent to e-mail service of the motion to intervene."  Exhibit A, Email from Jonathan Mitchell to Lisa Newman et al (Sept. 24, 2021) ("consent to service on motion to intervene").

the time that Intervenors filed their motion to intervene, they were non-parties to this action.  Indeed, Exhibit 4 was signed by "Counsel to Movants," not counsel to a party, again indicating that the document was functioning solely as the necessary support for the motion to intervene.  *See* Fed. R. Civ. P. 24(c); *see also* Local Administrative Policies and Procedures § 3(g) ("[E]ach filing must consist of only one pleading.  Multiple pleadings (e.g., an answer and a motion to dismiss, or a notice of appeal and a motion for certificate of appealability) must be filed as separate documents.").  After this Court granted Intervenors' motion to intervene, this Court did not direct the clerk's office to file Exhibit 4 on the docket,[2] and Intervenors did not do so themselves; the electronic filing of Exhibit 4 as a standalone document following their intervention properly would have effected service of that responsive pleading.  *See* Fed. R. Civ. P. 5(b)(2)(E) (service of an Answer may be made by "sending [the document] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending.").  But in the intervening time before the United States filed its notice of voluntary dismissal, Intervenors never served an answer upon the United States within the meaning of Rule 5 and thus that dismissal was effective upon filing of the United States' notice.

**B.   The Court Should Dismiss This Action Without Prejudice Per Rule 41(a)(2).**

In any event, the Court need not resolve whether Intervenors' proposed answer was properly "served" for purposes of precluding voluntary dismissal under Rule 41(a)(1)(A)(i), because the Court can dismiss this action against Intervenors under Rule 41(a)(2) on any "terms that [it] considers proper."  *See Nationwide Mut. Ins. Co. v. Welch*, 988 F. Supp. 629, 630 (S.D.N.Y. 1997) ("Had the answer been effectively served and had Nationwide thereafter moved over Welch's objection to dismiss the action, the application would have been granted pursuant to Rule 41(a)(2).").  Dismissal without prejudice is the typical relief granted pursuant to Rule 41(a)(2).  *See Perez v. Bank of Am., N.A.*, No. EP-13-

---

[2]  This conclusion is confirmed by the Court's later determination in its August 29 order that "Defendants have not served answers."  *See* ECF No. 98; *see also* Local Administrative Policies and Procedures § 5(d) (noting that filings made by the clerk do not satisfy a party's service obligations under Rule 5 of the Federal Rules of Civil Procedure).

CV-285-KC, 2014 WL 12586852 (W.D. Tex. Jan. 6, 2014). A court may dismiss a case with prejudice if it deems such a dismissal proper, but dismissal without prejudice should be denied to a plaintiff only "[i]f a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit," such as "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Here, Intervenors cannot show such harms from a voluntary dismissal without prejudice. This is especially true because even if this suit were not dismissed under Rule 41, the Court would lack jurisdiction. Previously, this Court found a sufficiently concrete Article III controversy existed between the United States and Texas, *see* ECF No. 68, but Texas is no longer a party to this suit.[3] Were the Court to grant Intervenors' motion, Intervenors would be the only remaining Defendants. As individuals who have not, to date, brought an enforcement action under SB8 and who may or may not *ever* bring an enforcement action under SB8, Intervenors and the United States have no current Article III controversy between them. Thus, the Court would still be required to dismiss the remainder of this suit without prejudice.

In any event, although dismissal of this action was proper under Rule 41(a)(1)(A)(i), the United States submits that the Court should administratively reopen this case, as to only these Intervenors, so that it may dismiss this action pursuant to Rule 41(a)(2), solely as to the Intervenors, on terms that the Court deems proper. *See Welsh v. Correct Care, LLC*, 915 F.3d 341, 344 (5th Cir. 2019) (requiring consent of the plaintiff for Rule 41(a)(2) dismissals).[4]

---

[3] No party disputes that the United States' notice of voluntary dismissal was effective as to Texas. *See* ECF No. 96, Notice of Voluntary Dismissal; *see also, generally,* Docket.

[4] Although entitled to more favorable terms for its dismissal, in the interests of reaching an efficient resolution, the United States does not object to the entry of an order dismissing its claims—as against only these Intervenors—with prejudice, pursuant to Rule 41(a)(2), should the Court determine that dismissal without prejudice is unavailable. Fed. R. Civ. P. 41(a)(2) (action may be dismissed by court order "on terms that the court considers proper"); *see also Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (a voluntary dismissal *with* prejudice definitionally would not harm Intervenors.)

Date: September 9, 2022                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General

                                           BRIAN D. NETTER
                                           Deputy Assistant Attorney General

                                           ALEXANDER K. HAAS
                                           Director, Federal Programs Branch

                                           JACQUELINE COLEMAN SNEAD
                                           Assistant Branch Director

                                           DANIEL SCHWEI
                                           Special Counsel

                                           */s/ Cody T. Knapp*
                                           Olivia Hussey Scott
                                           Lisa Newman
                                           Kuntal Cholera
                                           James R. Powers
                                           Joshua M. Kolsky
                                           Cody T. Knapp (NY Bar No. 5715438)
                                           Trial Attorneys
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, D.C. 20005
                                           Tel: (202) 532-5663
                                           cody.t.knapp@usdoj.gov

                                           *Attorneys for Plaintiff*